

**mwe.com**

Lindsay Ditlow
Attorney at Law
lditlow@mwe.com
+1 212 547 5425

November 8, 2022

**VIA ECF**

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, NY 1007

Re:     *Hafizov v. BDO USA, LLP, et al.*; Case No.: 1:22-cv-08853-JPC

Dear Judge Cronan:

We represent Defendants in the above-referenced action and write pursuant to Part 6 of Your Honor's Individual Rules and Practices for Civil Cases to notify the Court of Defendants anticipated motion to strike certain pleadings from the Plaintiff's Complaint [Dkt. 1] under Fed. R. Civ. P. 12(f) as immaterial, impertinent, and scandalous.[1]

Specifically, Defendants seek to strike paragraphs 1, 38, 42, 49, 64 (bullets 1-6, 8-9), 76, 109, 110 - 130 (the "Proposed Stricken Allegations") from Plaintiff's Complaint.  The Proposed Stricken Allegations seek to assert unproven, non-adjudicated allegations from an unrelated matter that was withdrawn with prejudice pursuant to a confidential settlement years earlier.  Specifically, the Proposed Stricken Allegations address (i) an unrelated matter in which a former employee alleged that defendant Bernier discriminated against him based on his medical disability, and a less than  two-week medical leave; and (ii) various other uncorroborated comments regarding non-related protected classes, to improperly suggest a history of discrimination and retaliation on the part of BDO and Ms. Bernier, even though there has never been a finding of liability in connection with any of the claims raised in the Proposed Stricken Allegations and all allegations of discrimination and retaliation were, and continue to be, denied by BDO and Ms. Bernier.

Furthermore, with respect to the prior litigation detailed in the Proposed Stricken Allegations, Plaintiff Hafizov was not a party to this matter, nor was Mr. Hafizov employed by BDO during the time period encompassing the allegations. In fact, there is no factual or evidentiary overlap between the prior matter and the present allegations brought by Plaintiff. The Proposed Stricken Allegations are therefore immaterial, impertinent, and scandalous, and allowing them to remain within the Complaint would result in prejudice to the Defendants.  Moreover, the prior matter was withdrawn with prejudice pursuant to a

---

[1] Prior to the submission of this letter, Defendants inadvertently filed the referenced motion to strike [Dkt. 18], and respectfully submit this letter to the Court for consideration in advance of the motion.



Hon. John P. Cronan
November 8, 2022
Page 2

confidential settlement agreement.  Such references in the instant Complaint are therefore immaterial as a matter of law within the meaning of Rule 12(f).

To prevail on a Rule 12(f) motion, the moving party is required to demonstrate that "[i] no evidence in support of the allegations would be admissible; [ii] that the allegations have no bearing on the issues in the case; and [iii] that to permit the allegations to stand would result in prejudice to the movant."  *Bray v. Purple Eagle Entm't, Inc.*, No. 18 Civ. 5205 (GBD)(HBP), 2019 WL 1549044, at *6 (S.D.N.Y. Jan. 18, 2019) (quoting *Trodale Holdings LLC v. Bristol Healthcare Inv'rs, L.P.*, 16 Civ. 4254 (KPF), 2017 WL 5905574, at *15 (S.D.N.Y. Nov. 29, 2017).

Defendants can satisfy this burden.

*First*, "no evidence in support of these allegations would be admissible", because these allegations "have no bearing on the issues in the case." *Bray*, 2019 WL 1549044, at *6. Here, Plaintiff claims Russian heritage and alleges that his employer discriminated against him based on his Russian national origin.  Yet Plaintiff devotes a significant portion of his Complaint to allegations that Ms. Bernier allegedly discriminated against entirely separate individuals based on unrelated protected classes. Plaintiff's allegations regarding BDO and Ms. Bernier's purported improper treatment of an individual with an alleged medical disability, or other protected characteristics, are irrelevant because they fail to demonstrate the existence of an "environment that was hostile because of *[Plaintiff's]* protected characteristics" as is required.  *See DeVore v. Neighborhood Hous. Servs. of Jamaica Inc.*, No. 15-CV-6218 (PKC), 2017 WL 1034787, at *8 (E.D.N.Y. Mar. 16, 2017).

*Second*, apart from their irrelevance, the Proposed Stricken Allegations are decidedly harmful to Ms. Bernier and BDO, and thus "to permit the allegations to stand would result in prejudice to the [Defendants]." *Bray*, 2019 WL 1549044, at *6.  Plaintiff makes several baseless accusations against Defendants, including claims that Ms. Bernier has a "history of discriminatory and retaliatory behavior," and that BDO "fired Mr. Sweeney and then attempted to intimidate him and prevent him from finding alternative employment." *See* Complaint ¶¶ 110, 121. BDO and Ms. Bernier asserted—and continue to assert—that these disparaging allegations are contrived and untrue.  These allegations have *never* been tried or adjudicated on the merits and could certainly harm Defendants.

"It is well settled under Second Circuit law that allegations in a complaint 'that are either based on, or rely on, complaints in other actions that have been dismissed, settled, or otherwise not resolved, are, as a matter of law, immaterial within the meaning of Fed. R. Civ. P. 12(f).'" *Low v. Robb*, No. 11-CV-2321 JPO, 2012 WL 173472, at *9 (S.D.N.Y. Jan. 20, 2012) (quoting *RSM Production Corp. v. Fridman*, 643 F.Supp.2d 382, 403 (S.D.N.Y.2009).

Accordingly, Defendants respectfully submit that there is a strong basis to strike each of the Proposed Stricken Allegations and further submit that: (i) Plaintiff should file any opposition to



Hon. John P. Cronan
November 8, 2022
Page 3


Defendants' motion to strike within fourteen (14) days; and (ii) Defendants should file any reply within seven (7) days thereafter.

Respectfully submitted,

Lindsay Ditlow
Partner

cc:  David E. Gotlieb, Esq. (via ECF)

DM_US 191864068-2.093939.0595

