# WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**David E. Gottlieb**
dgottlieb@wigdorlaw.com

November 11, 2022

**VIA ECF**

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, NY 10007

      Re:    Hafizov v. BDO USA, LLP, et al.; Case No.: 1:22-cv-08853-JPC

Dear Judge Cronan:

We represent Plaintiff Rinat Hafizov and write in opposition to Defendants' pre-motion conference letter seeking to strike certain allegations of the Complaint. Respectfully, Defendants' application should be denied as it is wrong on the facts and the law.

**I.    Background**

Mr. Hafizov alleges that he was fired in retaliation for his protected complaints. Dkt. No. 1. The gravamen of Plaintiff's claims sound in retaliation, not, as Defendants mischaracterize, discrimination on the basis of Russian heritage. Id. Mr. Hafizov complained about Ms. Bernier's broad practice of discrimination and retaliation (towards himself and towards others) and he was retaliated against for doing so. Id. In the Complaint, Mr. Hafizov appropriately described the discrimination and retaliation that he observed and complained about. Id. at ¶¶38, 64, 76. Moreover, the Complaint alleges that Ms. Bernier openly discussed with Mr. Hafizov the fact that another employee—Dennis Sweeney—had accused her of retaliation and disparaged him for doing so, demonstrating her animus towards those who raise complaints. Id. at ¶¶42, 51-56. Finally, the Complaint describes Mr. Sweeney's lawsuit against Ms. Bernier as they share numerous similarities including not only Ms. Bernier's direct involvement in retaliatory conduct, but also BDO's failure to address her conduct and an apparent corporate practice of post-termination retaliation against those who retain counsel. See ¶¶110-130.

**II.    Argument**

Courts in the Second Circuit uniformly agree that motions to strike are disfavored and infrequently granted. See e.g. Winfield v. Citibank, N. A., No. 10 Civ. 7304 (JGK), 2012 WL 266887 at * 9 (S.D.N.Y. Jan. 30, 2012) ("motions to strike are generally disfavored, and should be granted only when there is a strong reason for doing so"); In re Merrill Lynch & Co., Inc.

**WIGDOR LLP**
ATTORNEYS AND COUNSELORS AT LAW

The Hon. John P. Cronan
November 11, 2022
Page 2

Research Reports Sec. Litig., 218 F.R.D. 76, 78 (S.D.N.Y. 2003) ("[g]enerally, motions to strike are viewed with disfavor and infrequently granted"). Furthermore, a "[p]laintiff is under no obligation to conform allegations in his complaint to [a d]efendants' stylistic tastes or preferences." Oram v. SoulCycle LLC, 979 F. Supp. 2d 498, 511 (S.D.N.Y. 2013) (same). To prevail on a motion to strike, a party must demonstrate that: "(1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; *and* (3) that to permit the allegations to stand would result in prejudice to the movant." HSH Nordbank AG v. RBS Holdings USA Inc., No. 13 Civ. 3303 (PGG), 2015 WL 1307189, at *3 (S.D.N.Y. Mar. 23, 2015) (emphasis added). To that end, motions to strike "should be denied absent a showing that the challenged portion of the pleading has no bearing on the subject matter of the litigation and that its inclusion would prejudice the defendant." Impulsive Music v. Pomodoro Grill, Inc., No. 08 Civ. 6293, 2008 WL 4998474, at *3 (W.D.N.Y. Nov. 19, 2008).

Mr. Hafizov's allegations that he observed and complained about discrimination are clearly relevant to this matter. Moreover, allegations that Ms. Bernier disparaged another employee—Mr. Sweeney—for having filed discrimination claims is also clearly relevant to Ms. Bernier's animus toward those who file complaints. Finally, the allegations of retaliation toward Mr. Sweeney are relevant to showing Ms. Bernier's *modus operandi* of retaliation and BDO's *modus operandi* of post-termination retaliation. The case law is clear that these are, at best, issues to be resolved on an evidentiary standard at trial, not on a motion to strike. The Second Circuit has also cautioned that "[e]videntiary questions. . . should especially be avoided at such a preliminary stage of the proceedings." Id.; see also Moy v. Adelphi Inst., 866 F.Supp. 696, 709 (E.D.N.Y. 1994) ("Courts recognize that the decision on whether or not to strike portions of a Complaint based on evidentiary questions, often may not be made until a trial begins to unfold.").

Under the applicable standards, the allegations regarding Mr. Sweeney's experience with retaliation are more than sufficiently relevant for the pleading stage. "It is well established that one way to establish retaliation is to show that other people who have participated in protected activity have been treated adversely and similarly to plaintiffs." Gaffney v. Dep't of Info. Tech., 579 F. Supp. 2d 455, 460 (S.D.N.Y. 2008); see also e.g. Saulpaugh v. Monroe Cmty. Hosp., 4 F.3d 134, 141 (2d Cir. 1993) (affirming plaintiff's retaliation verdict in part on evidence that the employer engaged in a "similar pattern of sexual harassment and retaliation" toward other employees); Taitt v. Chem. Bank, 849 F.2d 775, 778 (2d Cir. 1988) (reversing defense verdict on retaliation claim and finding that causality for retaliation claim "can be proven indirectly by pointing to similar disparate treatment of fellow employees engaged in similar activities"); DeCintio v. Westchester Cnty. Med. Ctr., 821 F.2d 111, 115 (2d Cir. 1987) (reversing summary judgment on retaliation claim and finding that retaliation may be shown through "evidence such as disparate treatment of fellow employees who engaged in similar conduct").

It is hardly a novel concept that evidence of unlawful conduct towards other employees may be used to establish an unlawful motive. The United States Supreme Court has held that such "me too" evidence can be admissible. See Sprint v. Mendelsohn, 552 U.S. 379, 387 (2008) ("We note that, had the District Court applied a per se rule excluding the evidence, the Court of

**WIGDOR LLP**
ATTORNEYS AND COUNSELORS AT LAW

The Hon. John P. Cronan
November 11, 2022
Page 3

Appeals would have been correct to conclude that it had abused its discretion"); Mugavero v. Arms Acres, Inc., 03 CIV. 05724 (PGG), 2009 WL 1904548 at *8 (S.D.N.Y. July 1, 2009) (on motions *in limine* finding "[e]vidence of other acts of retaliation by a party—or by another supervisor of a party—may be relevant to show retaliatory motive . . ."). In considering whether to admit "me too" evidence *at trial*, factors considered often include whether the same decision makers are involved, whether the allegations took place in the same work location, and whether the allegations have any factual similarity. See e.g. Parker v. Nat'l R.R. Passenger Corp., 214 F. Supp. 3d 19, 30 (D.D.C. 2016), aff'd, 696 F. App'x 522 (D.D.C. 2017).

However, generally speaking where, as here, the same bad actor is involved in both matters, a fact-intensive Mendelsohn inquiry is unnecessary. See e.g. Schneider v. Regency Heights of Windham, LLC, No. 14 Civ. 00217 (VAB), 2016 WL 7256675, at *13 (D. Conn. Dec. 15, 2016) ("The Court notes that Mendelsohn primarily concerns 'testimony by nonparties alleging discrimination at the hands of persons who played no role in the adverse employment decision challenged by the plaintiff.' Most of the material that the parties describe as "me too" evidence concerns Mr. Vera. Mr. Vera allegedly played a role in Mr. Schneider's termination by counseling Mr. Harris, which might make the Mendelsohn inquiry unnecessary."); Goldsmith v. Bagby Elevator Co., Inc., 513 F.3d 1261, 1286 (11th Cir. 2008) ("me too" witnesses who offered evidence of discrimination by the same supervisor were admissible under [FRE] 404(b)); Worthington v. Cnty. of Suffolk, No. 02 Civ. 00723 (DLI) (ARL), 2007 WL 2115038, at *4 (E.D.N.Y. July 20, 2007) (holding admissible evidence/testimony of other retaliatory acts by the relevant decision makers); Hinton v. City College of New York, No. 05 Civ. 08951 (GEL), 2008 WL 591802, at *26 (S.D.N.Y. Feb. 29, 2008) (evidence that decision maker retaliated against another employee who filed complaint relevant to establish retaliatory intent against plaintiff).

Defendants argue that allegations from complaints in other actions are immaterial. However, the fact that some of the potential "me too" evidence was filed as part of a separate civil litigation should not render it *per se* irrelevant to Plaintiff's claims. See e.g. Rodriguez v. City of New York, No. Civ 16-00214 (EN)(VST), 2016 WL 324166, at *1 (E.D.N.Y. June 13, 2016) ("The underlying rationale for a blanket prohibition on references to unadjudicated claims is even more tenuous where, as here, one of the purposes of including such allegations is to demonstrate knowledge of and failure to correct a widespread policy or practice."). Put another way, evidence regarding Mr. Sweeney's action is relevant to this action and is not somehow rendered irrelevant simply because his action was filed as litigation and then resolved.

Respectfully, there is nothing even remotely debatable about the relevance of the Sweeney matter for pleading purposes. Mr. Hafizov was subjected to and complained about discrimination by the same supervisor, Ms. Bernier. Mr. Hafizov and Mr. Sweeney both made complaints of discrimination about the same supervisor, Ms. Bernier. Both claimed that they were retaliated against by Ms. Bernier as a result of their complaints. They both worked out of BDO's New York office, and in the same group. Mr. Hafizov has even alleged direct statements from Ms. Bernier's showing that she harbored animus towards Mr. Sweeney for his complaints. Moreover, both were subjected to various threats from BDO directly after retaining counsel.



The Hon. John P. Cronan
November 11, 2022
Page 4

For the reasons set forth herein, which would be more fully developed if the Court directs full motion briefing, Defendants' application should be denied.

Respectfully submitted,

David E. Gottlieb

As Defendant has already filed the proposed motion, Dkt. 18, Plaintiff shall file his response by December 2, 2022. Defendant shall file its reply, if any, by December 9, 2022.

SO ORDERED.
Date: November 14, 2022
New York, New York

JOHN P. CRONAN
United States District Judge