**David E. Gottlieb**
dgottlieb@wigdorlaw.com

June 15, 2023

**VIA ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18D
New York, NY 10007

Re: Hafizov v. BDO USA, LLP, *et al.*; Case No.: 1:22-cv-08853 (JPC) (RWL)

Dear Judge Lehrburger:

We represent Plaintiff Rinat Hafizov and write pursuant to Section II(D) of the Court's Individual Rules to request another pre-motion conference on a discovery dispute already ruled on, to which Defendants refuse to comply. Despite this Court's June 6, 2023 order, Defendants have refused to provide responsive documents/information related to Plaintiff's claims that Defendants threatened him and/or his counsel with a breach of contract claim after he asserted discrimination claims. Dkt. No. 1 at ¶¶ 128-131.

By way of very brief background, one aspect of Plaintiff's complaint is that after he retained counsel and stated his intention to pursue litigation, Defendants threatened him and/or attempted to chill his protected conduct by asserting that he and/or his counsel engaged in a breach of contract. See Dkt. No. 1 at ¶¶ 128-131. Defendants previously moved to strike these allegations, and that motion was denied by Judge John P. Cronan. See Minute Entry proceedings, January 26, 2023. Nonetheless, Defendants have objected to and refused to provide responses to basic discovery requests seeking the identity of people involved in the decision to make such threat or documents related to the same, which necessitated Plaintiff's previous pre-motion conference letter. See Dkt. No. 50 at § II(B). At the June 6, 2023 conference, the Court addressed this matter (amongst others) and after a directive that Defendants answer the operative interrogatory, Defendants' counsel tried to frame a continued non-response, "If the question is who was responsible for writing it, I signed the letter." Id. at 53:13-14. The Court responded, "Okay. Well, I don't know what the interrogatory says. If the interrogatory is asking for identification of people involved or somehow connected to a letter, answer it. Okay? That's what I'm saying." Id. at 53:15-18. Plaintiff's counsel, recognizing that Defendants' were still angling to avoid answering the interrogatory, reiterated the need for a response beyond stating that Defendants' counsel wrote and signed the letter. Id. at 53:21-54:5. The Court stated,

WIGDOR.



> Right. It may be that -- I don't know if they have inside counsel. It might have been inside counsel, it might have been an inside business person. It might have been both, might have been others. I don't know. It might have been a secretary. Who knows? **So just answer the interrogatory**. And if there are documents that are not otherwise subject to privilege or some other protection that are about the decision to send that letter, then those should be produced -- if there are any. There may not be.

Id. at 54:6-54:15 (emphasis added). The operative discovery requests follow:

> **Interrogatory No. 19**: Identify each and every person involved in the decision to accuse and/or threaten and/or state that Mr. Hafizov and/or his agents may have breached a settlement agreement.
> **Request for Production No. 33**: Produce all documents concerning, supporting or contradicting the allegation that Plaintiff and/or his agents are or were at any time in breach of the settlement agreement.

In an email on June 13, 2023, Defendants' counsel wrote the following:

> Judge Lehrburger only directed us to identify who ***at BDO made the decision*** to include this alleged accusation in the September 23, 2022 letter and produce any non-privileged responsive documents. Please be advised that no one ***at BDO made a decision*** to include any allegation against Mr. Hafizov that he engaged in a breach of the Sweeney settlement agreement as there is no such allegation in this letter. Please be further advised that no one ***at BDO made the decision*** to include any other comment with regard to a potential breach of the Sweeney settlement agreement in the letter and there are no non-privileged documents responsive to this request.

See Ex. A (emphasis added). Again, despite Ms. Ditlow's assertion, Your Honor did not direct Defendants to limit the interrogatory to people either "at BDO" or to only those who "made the decision." To the contrary, as cited above, Your Honor correctly surmised at the conference that the interrogatory requested the identity of any person those "involved" in the decision.

After Plaintiff's counsel explained that this was non-responsive, Ms. Ditlow then provided a further clarification that again failed to answer the interrogatory or follow Your Honor's order: "[R]egarding the language in the letter discussed below, I included the language in the letter following observations by MWE and BDO counsel." See Ex. B. It is completely unclear what this even means, as the interrogatory simply requests the identity of people involved, but this so-

called clarified response appears to be providing some vague explanation for why the letter was drafted the way it was. Given this complete lack of clarity, Plaintiff's counsel again requested a formal interrogatory response that identifies the responsive individuals. In response, Defendants provided the following non-response to Interrogatory No. 19:

> Defendant objects to this Interrogatory on the grounds of attorney client privilege, work product privilege, and that it assumes facts that are not established, as there was no accusation or threat against Mr. Hafizov and/or his agents and no "decision" to accuse and/or threaten and/or state that Mr. Hafizov and/or his agents may have breached a settlement agreement. Subject to and without waiving the Specific and General Interrogatory Objections, Defendant states Defendants' counsel included language in the letter, which amounted to counsel's opinion or observation that efforts regarding misstatements about the Sweeney matter in a letter dated August 2, 2022 may constitute a breach of the settlement agreement.

See Ex. C.

This response not only contradicts Ms. Ditlow's previous explanation, which plainly stated that the language was included after "following observations by MWE **and BDO counsel**," but also fails to provide responsive information. See Ex. B (emphasis added). Clearly there are people at "MWE" and/or "BDO counsel" who could be identified but whose names are simply being withheld because no one wants to take ownership or potentially be responsible for the alleged threat.

Respectfully, we ask the Court to again order Defendants to provide responsive information and identify the people who were involved or participated in the decision to include the alleged threating language in the letter and to produce any responsive non-privileged documents. We thank Your Honor for the Court's time and consideration.

Respectfully submitted,

David E. Gottlieb

cc: Counsel for Defendants (*via* ECF)