# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RINAT HAFIZOV, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO.: 1:22-CV-08853 (JPC) |
| BDO USA, LLP and JANET BERNIER and MATTHEW DYMENT, in their individual and professional capacities, | |
| Defendants. | |

Defendant BDO USA, LLP ("BDO", the "Company" or "Defendant") by and through its undersigned attorneys, hereby submits the following amended responses and objections to Plaintiff Rinat Hafizov's ("Plaintiff") First Set of Interrogatories:

**GENERAL OBJECTIONS TO INTERROGATORIES[1]**

1. Defendant objects to the Interrogatories to the extent that they seek attorney work product, trial preparation materials, identification of documents prepared after the commencement of this litigation, or communications protected from disclosure by the attorney-client privilege or any other applicable privilege or doctrine.

2. Defendant objects to the Interrogatories to the extent that they call for information or documents not within its possession, custody, or control.

3. Defendant objects to the Interrogatories to the extent that they seek information that is neither relevant to this proceeding nor reasonably calculated to lead to the discovery of admissible evidence.

[1] Objections listed under this heading will be heretofore referred to as "General Interrogatory Objections."

4. Defendant objects to the Interrogatories to the extent they are overly broad and/or unduly burdensome.

5. Defendant objects to the Interrogatories to the extent that they are redundant, overlapping and repetitive, and that the Interrogatories, therefore, are unduly burdensome and/or incommensurate with Plaintiff's legitimate discovery needs. Accordingly, to the extent that Defendant provides information in response to any of the Interrogatories, such information will not necessarily be produced in response to any other interrogatory or other discovery devices/mechanism that may call for its production.

6. Defendant objects to Plaintiff's Interrogatories to the extent that the information and/or documents requested therein are equally accessible to Plaintiff.

7. Defendant objects to Plaintiff's Interrogatories to the extent that they do not identify the information to be produced with reasonable particularity. Defendant has responded to each of the individual interrogatories as Defendant understands and interprets each interrogatory. Certain of the interrogatories, however, are vague and ambiguous. Defendant reserves the right to amend or supplement these responses in the event that Plaintiff later asserts a different interpretation which is accepted by Defendant.

8. Defendant objects to Plaintiff's Interrogatories to the extent that they are not limited in time and/or scope.

9. Defendant objects to Plaintiff's Interrogatories to the extent that they seek trade secrets, confidential and/or proprietary business and/or financial information, and/or confidential personal information relating to individuals including, but not limited to, Defendant's current or former employees and partners.

10. Defendant objects to Plaintiff's Interrogatories to the extent that they contain or are based upon inaccurate, incomplete, or misleading factual assertions, or assume facts not admitted nor otherwise established. Defendant's response to any Interrogatory shall not constitute agreement with, acceptance of, or acquiescence in any such assertion.

11. Defendant objects to Plaintiff's Interrogatories to the extent they seek to impose obligations beyond those required by the court rules.

12. Defendant hereby declares that its responses to Plaintiff's Interrogatories were prepared in consultation with its attorneys and may not exactly match the actual words or phrases that may be used by individual employees or partners in the course of this litigation to describe events, policies, and practices discussed herein, although such responses are both accurate and complete.

13. Defendant's responses are made subject to Defendant's rights to object to the admission in evidence thereof, on the grounds that such responses, or any of them, are irrelevant to the issues in this action or are otherwise inadmissible.

14. Defendant reserves the right to supplement these responses to the extent that additional information becomes available or is recalled in the future and to use such information at any proceeding or hearing relating to this action.

15. Each and every one of Defendant's responses is made subject to the foregoing General Objections, regardless of whether a General Objection is stated in the responses. The explicit reference to a General Objection or the making of a specific objection in response to an interrogatory is not intended to constitute a waiver of the General Objections that are not specifically referenced in that response.

**SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

Each of the General Interrogatory Objections above is made and incorporated by reference into each of the Specific Objections and Responses to Interrogatories below as if each of the General Interrogatory Objections were fully set forth in each of the Specific Objections and Responses to Interrogatories.

**Interrogatory No. 1**

Identify all individuals whom Defendants believe possess knowledge concerning, supporting or refuting any allegation in the Complaint.

**Answer**

Subject to and without waiving the General Interrogatory Objections, Defendant states that the following individuals may possess knowledge concerning, supporting or refuting the allegations in the Complaint: Plaintiff, Nicholas Montorio, Janet Bernier, Matthew Dyment, Amanda Turcotte, Shannon Ford, Eleni Lagos, Tenielle Comerford, Kristen Fasano, Rocky Cummings, David Ratnarajah, Ozair Minty, Mathew DeMong, Thomas Leonardo, and Johnny Montoya.

**Interrogatory No. 2**

Identify all individuals whom Defendants believe possess knowledge concerning, supporting or refuting the allegations, admissions and denials in the Answer.

**Answer**

Subject to and without waiving the General Interrogatory Objections, Defendant states that the following individuals may possess knowledge concerning, supporting or refuting the allegations, admissions and denials in the Answer: Plaintiff, Nicholas Montorio, Janet Bernier, Matthew Dyment, Amanda Turcotte, Shannon Ford, Kristen Fasano, Eleni Lagos, Tenielle Comerford, Rocky Cummings, David Ratnarajah, Ozair Minty, Mathew DeMong, Thomas Leonardo, and Johnny Montoya.

**Interrogatory No. 3**

Identify all individuals involved in the decision to terminate Mr. Hafizov.

**Answer**

Subject to and without waiving the General Interrogatory Objections, Defendant states that Matthew Dyment made the decision to terminate Plaintiff, following Nicholas Montorio's assessment of Plaintiff's performance based on his own observations and feedback from others.

**Interrogatory No. 4**

Identify all individuals responsible for supervising Plaintiff's work performance, whether directly or indirectly.

**Answer**

Subject to and without waiving the General Interrogatory Objections, Defendant states that Matthew Dyment, Nicholas Montorio, and each partner or managing director for the client projects on which Plaintiff provided services supervised and/or evaluated Plaintiff's performance, either directly or indirectly. Defendant further states that although Plaintiff was a member of the general New York City SALT Team, Ms. Bernier only directly supervised Plaintiff on a small minority of his client projects and on the development of inbound client opportunities.

**Interrogatory No. 5**

Identify all individuals involved in any response or investigation regarding any complaints made by Plaintiff, whether formal or informal, verbally or in writing, concerning discrimination, harassment, mistreatment and/or retaliation of any kind.

**Answer**

Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney-client and/or work product privilege. Subject to and without waiving the Specific and General Interrogatory Objections, Defendant states that Amanda Turcotte and Tenielle Comerford were aware of comments Plaintiff raised with Nicholas Montorio and were involved in any response and/or investigation.

**Interrogatory No. 6**

Identify all individuals involved in the decision to remove Plaintiff from significant projects, as alleged in Paragraphs 94-101 of the Complaint.

**Answer**

Subject to and without waiving the General Interrogatory Objections, Defendant states that Eleni Lagos requested that Plaintiff be removed from the projects they were overseeing. Defendant further states that David Ratnarajah expressed that he did not wish to continue working with Plaintiff on a project. Additionally, Defendant states that a number of team members in the Due Diligence and SALT groups routinely avoided working with Plaintiff on matters, and that David Ratnarajah and Ozair Minty complained to Ms. Bernier about Plaintiff's terse interactions with them.

**Interrogatory No. 7**

Identify each and every person, employee, client, or third party who raised any complaint or concern regarding Mr. Hafizov's work or performance.

**Answer**

Defendant objects to this Interrogatory to the extent it seeks information that exceeds the permissible scope of interrogatories as set forth in Local Civil Rule 33.3. Defendant further objects to this Interrogatory as it is overly broad and unduly burdensome. Subject to and without waiving the General Interrogatory Objections, Defendant states that Nicholas Montorio, Matthew Dyment, Thomas Leonardo, Robert Pederson, Eleni Lagos, and Johnny Montoya raised complaints about Plaintiff's performance. Defendant further states that David Ratnarajah expressed that he did not wish to continue working with Plaintiff on a project. Defendant also states that a number of team members in the Due Diligence and SALT groups routinely avoided working with Plaintiff on matters, and that David Ratnarajah and Ozair Minty complained to Ms. Bernier about Plaintiff's terse interactions with them.

**Interrogatory No. 8**

Identify each and every person, employee, client, or third party who praised Mr. Hafizov's work or performance.

**Answer**

Defendant objects to this Interrogatory to the extent it seeks information that exceeds the permissible scope of interrogatories as set forth in Local Civil Rule 33.3. Defendant further objects to this Interrogatory as it is overly broad and unduly burdensome. Subject to and without waiving the General Interrogatory Objections, Defendant states that in response to an internal BDO news article announcement regarding Nicholas Montorio and Plaintiff's work on obtaining a tax refund for a client, Mr. Dyment posted "way to execute Nick and Rinat," in addition to congratulating other employees on the referral of work. Defendants also state that in the performance reviews given to Plaintiff, Nicholas Montorio praised certain aspects of Plaintiff's performance.

**Interrogatory No. 9**

Identify each and every person who held the titles of associate, manager, senior manager or managing director in the SALT Northeast Regional group or is/was otherwise similarly situated to Plaintiff, who received any oral or written complaint or concern regarding their work or performance.

**Answer**

Defendant objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories as set forth in Local Civil Rule 33.3. Defendant further objects to this Interrogatory as it seeks information not relevant to the instant action or likely to lead to the discovery of admissible information. Additionally, Defendant objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome to the extent it requests that Defendant describe every oral or written complaint since 2012 from each and every person who held the titles of associate, manager, senior manager or managing director in the SALT Northeast Regional group or is/was otherwise similarly situated, without any limitation regarding the type of complaint or concern beyond "work" or "performance". Defendant further objects to this Interrogatory on the

grounds that it is vague and ambiguous, as the terms "similarly situated," "complaint," "concern," "work," and "performance" are undefined.

**Interrogatory No. 10**

Identify each and every person who held the titles of associate, manager, senior manager or managing director in the SALT Northeast Regional group or is/was otherwise similarly situated to Plaintiff, who received performance counseling.

**Answer**

Defendant objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories as set forth in Local Civil Rule 33.3. Defendant further objects to this Interrogatory as it seeks information not relevant to the instant action or likely to lead to the discovery of admissible information. Additionally, Defendant objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome to the extent it requests that Defendant name each and every person who held the titles of associate, manager, senior manager or managing director in the SALT Northeast Regional group or is/was otherwise similarly situated, and who received performance counseling since 2012. Defendant further objects to this Interrogatory on the grounds that it is vague and ambiguous, as the terms "similarly situated" and "performance counseling" are undefined.

**Interrogatory No. 11**

Identify each and every person who held the titles of associate, manager, senior manager or managing director in the SALT Northeast Regional group or is/was otherwise similarly situated to Plaintiff, who received feedback or criticism that they were unprofessional, rude and/or volatile towards BDO colleagues and/or clients.

**Answer**

Defendant objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories as set forth in Local Civil Rule 33.3. Defendant further objects to this Interrogatory as it seeks information not relevant to the instant action or likely to lead to the discovery of admissible information. Additionally, Defendant objects to this Interrogatory on the

grounds that it is overly broad and unduly burdensome to the extent it requests that Defendant identify each and every person since 2012 who held the titles of associate, manager, senior manager or managing director in the SALT Northeast Regional group or is/was otherwise similarly situated and who received feedback or criticism that they were unprofessional, rude and/or volatile towards BDO colleagues and/or clients without any limitation to geographic location. Defendant further objects to this Interrogatory on the grounds that it is vague and ambiguous, as the terms "similarly situated," "feedback," "criticism," "unprofessional," "rude," and "volatile" are undefined.

**Interrogatory No. 12**

Identify each and every person who held the titles of associate, manager, senior manager or managing director in the SALT Northeast Regional group or is/was otherwise similarly situated to Plaintiff, who BDO employees and/or clients requested not to work with on their team and/or projects.

**Answer**

Defendant objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories as set forth in Local Civil Rule 33.3. Defendant further objects to this Interrogatory as it seeks information not relevant to the instant action or likely to lead to the discovery of admissible information. Additionally, Defendant objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome to the extent it requests that Defendant identify each and every person since 2012 who held the titles of associate, manager, senior manager or managing director in the SALT Northeast Regional group or is/was otherwise similarly situated, who BDO employees and/or clients requested not to work with on their team and/or projects, without any limitation to geographic location. Defendant further objects to this Interrogatory on the grounds that it is vague and ambiguous, as the term "similarly situated" is undefined.

**Interrogatory No. 13**

Identify each and every person who raised any complaint or concern regarding Tracy Ejerekhile's work or performance.

**Answer**

Defendant objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories as set forth in Local Civil Rule 33.3. Defendant further objects to this Interrogatory to the extent it seeks information not relevant to Plaintiff's Complaint or Defendants' defenses. Defendant further objects to this Interrogatory on the grounds that it is vague and ambiguous, as the terms "complaint" and/or "concern" are undefined.

**Interrogatory No. 14**

Identify each and every person who has ever reported and/or filed any complaints, whether formal or informal, regarding Ms. Bernier.

**Answer**

Defendant objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories as set forth in Local Civil Rule 33.3. Defendant further objects to this Interrogatory to the extent it seeks information not relevant to Plaintiff's complaint and is overly broad, unduly burdensome, and seeks documents outside of Defendant's possession, custody, or control to the extent it seeks complaints by any person, if such complaints exist, whether or not such person was or is an employee of BDO.

**Interrogatory No. 15**

Identify each and every person who has ever reported and/or filed any complaints, whether formal or informal, regarding Mr. Dyment.

**Answer**

Defendant objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories as set forth in Local Civil Rule 33.3. Defendant further objects to this Interrogatory to the extent it seeks information not relevant to Plaintiff's complaint and is overly broad, unduly burdensome, and seeks documents outside of Defendant's possession, custody, or

control to the extent it seeks complaints by any person, if such complaints exist, regardless of whether such person was or is an employee of BDO.

**Interrogatory No. 16**

Identify each and every person who has made, filed or issued a complaint of discrimination, harassment and/or retaliation, whether formally or informally, either internally or externally, against BDO.

**Answer**

Defendant objects to this Interrogatory to the extent it seeks information that exceeds the permissible scope of interrogatories as set forth in Local Civil Rule 33.3 and that such information, if any, is not relevant to Plaintiff's complaint. Defendant further objects to this Interrogatory to the extent it seeks information related to other current or former BDO employees, because even if such complaints exist, they have no relevance to the instant action. Defendant further objects to this Interrogatory to the extent it seeks information not relevant to Plaintiff's complaint, is overly broad, unduly burdensome, and seeks documents outside of Defendant's possession, custody, or control to the extent it seeks complaints by any person, if such complaints exist, whether or not such person was or is an employee of BDO.

**Interrogatory No. 17**

Identify each and every person who reported to Ms. Bernier, whether directly or indirectly, and who were involuntarily terminated, demoted or transferred during their employment at BDO.

**Answer**

Defendant objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories as set forth in Local Civil Rule 33.3. Defendant further objects to this Interrogatory to the extent it seeks information not relevant to Plaintiff's complaint and is overly broad and unduly burdensome.

**Interrogatory No. 18**

Identify all individuals whom Defendants have communicated with regarding the allegations in the Complaint or Answer.

**Answer**

Defendant objects to this Interrogatory on the grounds that it seeks the disclosure of information protected by the attorney-client privilege.

**Interrogatory No. 19**

Identify each and every person involved in the decision to accuse and/or threaten and/or state that Mr. Hafizov and/or his agents may have breached a settlement agreement.

**Answer**

Defendant objects to this Interrogatory on the grounds of attorney client privilege, work product privilege, and that it assumes facts that are not established, as there was no accusation or threat against Mr. Hafizov and/or his agents and no "decision" to accuse and/or threaten and/or state that Mr. Hafizov and/or his agents may have breached a settlement agreement. Subject to and without waiving the Specific and General Interrogatory Objections, Defendant states Defendants' counsel included language in the letter, which amounted to counsel's opinion or observation that efforts regarding misstatements about the Sweeney matter in a letter dated August 2, 2022 may constitute a breach of the settlement agreement.

**Interrogatory No. 20**

Identify each and every person whom Defendants may call as a witness at trial.

**Answer**

*See* Initial Disclosures. Defendant reserves the right to supplement.

**Interrogatory No. 21**

Identify each and every person whom Defendants have interviewed and/or questioned regarding this action.

**Answer**

Defendant objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege and/or work product privileges.

**Interrogatory No. 22**

Identify all individuals from whom Defendants have sought and/or obtained a statement and/or recording concerning the allegations in the Complaint and produce a copy of such statement and/or recording.

**Answer**

Defendant objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege and/or work product privileges.

**Interrogatory No. 23**

Identify all individuals who provided information used or relied upon in responding to these Interrogatories.

**Answer**

Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney client privilege and/or work product privileges. Subject to and without waiving the Specific and General Interrogatory Objections, Defendant states that Matthew Dyment verified these responses.

AS TO OBJECTIONS ONLY

Dated: June 14, 2023
New York, New York

Respectfully Submitted,

**McDermott Will & Emery**

By: */s/ Lindsay F. Ditlow*
Lindsay Ditlow
One Vanderbilt Avenue
New York, NY 10017-3852
(212) 547-5425

Michael Sheehan
McDermott Will & Emery LLP
444 West Lake
Chicago, IL 60606-0029
(312) 984-2040

***ATTORNEY FOR DEFENDANTS***

**VERIFICATION**

I, Matthew Dyment, am Tax Office Managing Partner of Defendant BDO USA, LLP. I am the agent of BDO USA, LLP for the purpose of answering "Plaintiff's First Set of Interrogatories to Defendant BDO USA, LLP." I verify under penalty of perjury that that I have read the foregoing "Plaintiff's First Set of Interrogatories to Defendant BDO USA, LLP" and the answers to those interrogatories, and amendment thereto, and that the information set forth herein is true and correct to the best of my knowledge, information and belief at this time.

Dated: June 14, 2023

New York, New York

By: [signature]

Matthew Dyment
Tax Office Managing Partner
BDO USA, LLP