

> The request to seal is conditionally granted. The Clerk of Court is respectfully requested to seal the letter filed at Dkt. 66 and modify the viewing level to selected parties. The parties are advised, however, that designation of material as confidential under the protective order will not be approved for sealing unless it meets the Second Circuit standards for doing so. As the parties plan to further meet and confer, the Court will refrain from making that determination at this time.
>
> SO ORDERED:
> 7/5/2023
> HON. ROBERT W. LEHRBURGER
> UNITED STATES MAGISTRATE JUDGE

mwe.com

Lindsay F. Ditlow
Attorney at Law
lditlow@mwe.com
+1 212 547 5425

July 3, 2023

**VIA ECF**

Magistrate Judge Lehrburger
The Honorable Robert W. Lehrburger
United States District Court Southern District of New York
500 Pearl Street, Courtroom 18D
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/5/2023
```

Re:   *Hafizov v. BDO USA, LLP, et al.*; Case No.: 1:22-cv-08853 (JPC) (RWL)

Dear Magistrate Judge Lehrburger:

Defendants BDO USA, LLP ("BDO"), Janet Bernier and Matthew Dyment (together, the "Defendants"), upon the request of Plaintiff Rinat Hafizov ("Plaintiff"), respectfully submit this letter seeking to seal the prior letter filed with the Court on June 21, 2023 (the "June 21 Letter"), filed at Docket Number 66.

Within the June 21 Letter, Defendants quoted a portion of a text communication from Plaintiff, sent prior to Plaintiff's termination, in which Plaintiff signaled his intention to bring a meritless lawsuit against Defendants in the event that he was terminated. This text communication had been produced along with close to 2500 pages of other text message communications during the course of discovery. Upon review, every page of the 2500-page text communications has been marked "Confidential" by Plaintiff. Plaintiff believes that these text messages are appropriately designated as Confidential pursuant to the Parties' Confidentiality Agreement and Protective Order (the "Protective Order"). Dkt. No. 29.

Defendants had not originally filed the June 21 Letter under seal—Defendants concede that this was an oversight. The referenced statement on its face contains no confidential or personal information and, in Defendants' opinion, the mere fact that it was a "personal" conversation does not give rise to Confidential protection. Moreover, it was unclear that the "Confidential" tag at the bottom of the page applied to the entirety of Plaintiff's 2500 pages worth of text message conversations. It is Defendants' position that neither the Protective Order nor this Court's rules are meant to support such a broad and unrestrained use of the "Confidential" designation.

Defendants adamantly disagree with the designation of these text communications as Confidential and, as such, intend to meet and confer with Plaintiff regarding this issue in the coming days. However, in response to Plaintiff's request that the June 21 Letter be sealed, we respectfully request that Docket Number 66 be sealed by the Court until this matter can be resolved.



One Vanderbilt Avenue   New York NY 10017-3852   Tel +1 212 547 5400   Fax +1 212 547 5444
*US practice conducted through McDermott Will & Emery LLP.*

Magistrate Judge Lehrburger
July 3, 2023
Page 2

A redacted version of Defendants' June 21, 2023 letter is attached hereto at Exhibit A.


Sincerely,

*Lindsay F. Ditlow*

Lindsay F. Ditlow

