**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
RINAT HAFIZOV,

                Plaintiff,

        v.

BDO USA, LLP, JANET BERNIER and
MATTHEW DYMENT, in their individual and
professional capacities,

                Defendants.
---------------------------------------------------------------X

Civil Action No.: 1:22-cv-08853 (JPC) (RWL)


**PLAINTIFF'S REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF HIS MOTION TO COMPEL**


**WIGDOR LLP**

David E. Gottlieb
Monica Hincken

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dgottlieb@wigdorlaw.com
mhincken@wigdorlaw.com

*Counsel for Plaintiff*

Plaintiff Rinat Hafizov ("Plaintiff" or "Mr. Hafizov"), by and through his undersigned counsel, hereby submits this Reply Memorandum of Law in Further Support of his Motion to Compel Discovery against Defendants BDO USA LLP ("BDO"), Janet Bernier and Matthew Dyment (collectively, "Defendants").

## **PRELIMINARY STATEMENT**

Defendants have repeatedly refused to engage in the most basic discovery available in employment discrimination matters while attempting to use Plaintiff's candid discovery responses to harass, embarrass and paint him in a negative light in front of this Court. Defendants now attempt to further avoid producing any potentially damaging discovery by filing a self-serving affidavit by Nicholas Montorio, a current employee and alleged wrongdoer, which only raises additional concerns about Defendants' lack of candor and demonstrates Defendants' failure to produce relevant documents.[1] Plaintiff does not dispute Defendants' right to zealous advocacy, but they cannot refuse to produce discovery that could be damaging.

The Parties have engaged in repeated and extensive discussions about discovery **for several months**. However, Defendants have produced **no** documents related to Defendants' discriminatory and/or retaliatory animus—the very heart of this case—and instead focus their efforts on disparaging counsel, distorting the record and delaying discovery. Defendants' tactics cannot hide that they have continually refused to provide relevant discovery to Plaintiff.

Plaintiff, in contrast, candidly produced all private communications initially requested without any redactions. It is unheard of that an individual plaintiff produces virtually the same

---

[1] For example, Mr. Montorio made allegations against Plaintiff that were never previously raised, and despite Mr. Montorio's self-serving disparagement of Plaintiff, the hit report for Mr. Montorio includes more than 100 hits for the search terms "good work," "great work," "great job" and "hard work" connected with Plaintiff; however, there is only one hit for "unprofessional" connected to Plaintiff.

1

number of documents as do corporate defendants[2] in an employment discrimination case; yet that is exactly what happened here. It is beyond the pale for Defendants to accuse Plaintiff of "embark[ing] on a series of sideshows" (Dfs. Br. at 1) when Plaintiff has been forced to seek the Court's intervention as a result of Defendants' failure to abide by their discovery obligations.

## ARGUMENT

I. **Plaintiff is Entitled to Discovery Related to Discrimination/Retaliation by Those Involved in the Decision to Terminate His Employment**

Defendants have repeatedly mischaracterized this matter as a national origin discrimination case to shirk their discovery responsibilities.[3] Unlike the cases relied upon by Defendants, this case involves allegations of expansive discriminatory conduct against virtually every group or characteristic protected by law which resulted in an overall discriminatory workplace. It also involves repeated acts of retaliation against employees who make protected complaints. The case law is clear: Plaintiff is entitled to discovery regarding the discriminatory/retaliatory conduct alleged in the Amended Complaint. Yet, he has been repeatedly forced to seek Court intervention to attempt to get Defendants to comply with what should be routine exchanges in employment discrimination cases.

Ironically, Defendants cast unnecessary, improper and incorrect accusations that Plaintiff is wasting judicial resources and seeking limitless and absurd discovery (Dfs. Br. at 1-2) when Plaintiff has **repeatedly** sought to negotiate the electronically stored information ("ESI") protocol to reach agreement on the appropriate parameters to relieve Defendants of any potential

---

[2] Plaintiff has produced 2,743 Bates-stamped documents in comparison to Defendants' 3,205 Bates-stamped documents. However, Plaintiff estimates that at least one-third of Defendants' documents are blank as a result of redactions and/or assertions of privilege.

[3] Plaintiff alleges that Defendant Bernier created a discriminatory work environment based on employees' race/ethnicity, nationality, religion, disability, and gender/sexual orientation, in addition to retaliation against those who raise complaints. Plaintiff also alleges that Defendant BDO institutionally engages in retaliation against those who raise complaints. See Dkt. No. 65 at 1.

undue burden. It is Defendants' refusal to produce relevant documents and properly engage in the discovery process that has required Plaintiff to seek the Court's assistance.

  A. <u>Discovery Related to Discrimination</u>

Defendants argue that Plaintiff mischaracterized <u>Sprint/United Mgmt. Co. v. Mendelsohn</u>, 552 U.S. 379, 388 (2008) and its progeny because Plaintiff asserted that the plaintiff sought to introduce testimony from five employees where there was "no factual connection between the allegations." <u>See</u> Dfs. Br. at 3-4. Yet, Plaintiff is correct. The <u>Sprint</u> holding addressed acts of discrimination by *other* supervisors *not involved in actions of which plaintiff complained*, or put another way, about actions without any factual connection to the plaintiff's complaints. While <u>Sprint</u> involved age discrimination, the point raised by Plaintiff remains the same—the acts of discrimination alleged by the plaintiff had no connection to the testimony he sought to introduce at trial about other acts of discrimination by other supervisors. Further, the Court did not limit its holding to evidence of discrimination related only to the same protected class. In fact, the Court specifically held that "[t]he question whether **evidence of discrimination** by other supervisors is relevant in an individual ADEA case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." <u>Id.</u> (emphasis added). The Court did not hold that the question is whether **evidence of *age* discrimination** (i.e., same protected class discrimination) by other supervisors is relevant. Importantly, Plaintiff is seeking far less expansive discovery than permitted by <u>Sprint</u>, as he is requesting discovery related to the factual nexus of his discrimination claims *by the same individuals*.[4] <u>See</u> e.g. <u>Worthington v. County of Suffolk</u>, No. 02 Civ. 00723 (DLI) (ARL), 2007

---

[4] If Plaintiff has not already set forth a more than sufficient factual predicate that Ms. Bernier engages in discriminatory conduct towards people on virtually every protected characteristic (the Amended Complaint alone should be sufficient, particularly when paired with the public allegations from the <u>Sweeney</u> matter), Plaintiff attaches to this motion an Affidavit of Andrew Greiner, confirming discriminatory conduct towards Jewish employees who observe Shabbat, as alleged by Mr. Hafizov. <u>See</u> Exhibit A to the Declaration of David E. Gottlieb.

WL 2115038, at *4 (E.D.N.Y. July 20, 2007) (evidence and testimony of other retaliatory acts by the relevant decision makers is admissible); Hinton v. City College of New York, No. 05 Civ. 08951 (GEL), 2008 WL 591802, at *26 (S.D.N.Y. Feb. 29, 2008) (evidence that decision maker retaliated against another employee was relevant to establish retaliatory intent against plaintiff).

Defendants' reliance on Donahue v. Asia TV USA Ltd., 208 F. Supp. 3d 505 (S.D.N.Y. 2016) is misplaced. The Donahue holding does not stand for the proposition that discrimination against a member of one protected class is *never* relevant to another person's hostile work environment claim. The Court specifically acknowledged that "racial discrimination against African Americans may support a Hispanic woman's claim of a racially hostile work environment." Id. at 517. While the Court found that evidence regarding sexual harassment of a co-worker was unrelated to plaintiff's national origin and age allegations (Id. at 517), the discovery sought here is not unrelated to Plaintiff's allegations. The factual situation here is much more closely aligned with the cases cited in Plaintiff's underlying Motion, which support that "in appropriate circumstances, evidence of discrimination against one group of people can support an inference of discrimination against another group." Hollander v. Am. Cyanamid Co., 172 F.3d 192, 204 (2d Cir. 1999); (J. Calabresi, concurring); Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000) ("Remarks targeting members of other minorities, for example, may contribute to the overall hostility of the working environment for a minority employee").

B.  Discovery Related to Retaliation

As an initial matter, Defendants acknowledge that Plaintiff "may be entitled" to discovery regarding prior instances of retaliation against similarly situated employees at BDO. See Dfs. Br. at 8. Despite that acknowledgement, Defendants have refused to produce such discovery, and

until the Court ordered Defendants to do so, refused to even provide Plaintiff with the number of similarly situated comparators in the same office at which Plaintiff worked.[5]

Regardless, the allegations here include systemic and widespread retaliatory conduct by BDO, rather than merely the conduct of a discrete individual. Thus, these are exactly the appropriate circumstances to seek widespread discovery. Defendants' reliance on Curtis v. Citibank, N.A., 70 F. App'x 20, 24 (2d Cir. 2003) for the proposition that broad discovery requests are limited to a plaintiff's supervisors/division is inapposite. The Curtis holding specifically held that "sweeping discovery request[s]" were inappropriate ***because*** "plaintiffs offered no evidence suggesting that there was systemic, widespread, or severe discrimination by Citibank." Id. at 24 (emphasis added). The remaining citations relied upon suffer the same fate. See Sinni v. Forest Hills Hosp., No. 09 Civ. 4572 (SLT), 2011 WL 1004817, at *3 (E.D.N.Y. Mar. 18, 2011) (no widespread discrimination alleged); Sasikumar v. Brooklyn Hosp. Ctr., No. 09 Civ. 5632 (ENV) (RML), 2011 WL 1642585, at *4 (E.D.N.Y. May 2, 2011) (same).

C. Plaintiff's Requests are Properly Limited in Time

Finally, despite Defendants' argument that Plaintiff's initial January 1, 2012-present timeframe is "absurd," the Court found that "five years before the [Plaintiff's] period of employment" is commensurate with the case and not an overly burdensome time period. See Dkt. No. 56 at 28. Further, the document requests at issue are inextricably intertwined with the ESI protocol, which request a specific and limited timeframe.[6] The timeframes are narrowly tailored and appropriate. Yet, Defendants have continued to refuse to produce **any** documents related to the document requests at issue while constructing a false narrative that Plaintiff is seeking limitless discovery despite clear evidence otherwise.

---

[5] This issue is the subject of Plaintiff's pending letter motion. See Dkt. No. 73.
[6] The timeframes Plaintiff requested related to specific search terms connected to the individual Defendants and Mr. Montorio include: January 1, 2014-present for Defendant Bernier; May 1, 2019-present for Defendant Dyment; and May 1, 2019-May 18, 2022 for Mr. Montorio.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests an order compelling Defendants to respond to Plaintiff's Document Request Nos. 43-47, 48-51 and 54-57 and Interrogatory Nos. 14-15 (Defendant BDO Interrogatories); Interrogatory Nos. 7-8 (Defendants Bernier and Dyment Interrogatories), and for such other and further relief deemed just and proper.

Dated: July 13, 2023
       New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: _____
    David E. Gottlieb
    Monica Hincken

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dgottlieb@wigdorlaw.com
mhincken@wigdorlaw.com

*Counsel for Plaintiff*