UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RINAT HAFIZOV, | : | Case No.: 1:22-cv-08853 |
| *Plaintiff*, | : | |
| v. | : | |
| BDO USA, LLP, JANET BERNIER and MATTHEW DYMENT, in their individual and professional capacities, | : | |
| *Defendants*. | : | |

### AFFIDAVIT OF JANET BERNIER IN SUPPORT OF DEFENDANT'S SURREPLY TO PLAINTIFF'S MOTION TO COMPEL

I, Janet Bernier, hereby state under penalty of perjury as follows:

1. My name is Janet Bernier, and the matters set forth herein are based on my personal knowledge.

2. I am currently a Principal at BDO USA, P.A. ("BDO") and serve as the New York Metro Leader for State and Local Tax practice ("SALT").

3. I have been a partner with BDO for approximately 12 years.

4. Mr. Andrew Greiner was employed by BDO from January 2018 to August 24, 2018.

5. Mr. Greiner was hired as a Senior Associate and did not report directly to me. Mr. Greiner worked on one or two assignments with me during his short time with BDO. Other than speaking to him during his interview, Mr. Greiner and I had approximately two private discussions during his employment: one concerning his request for accommodations and one concerning his dog.

6. He voluntarily resigned from his position after only eight months, stating that his wife obtained a new opportunity for graduate studies in Berkeley, California.

7. Mr. Greiner's short tenure with BDO was not surprising since, during the interview, Mr. Greiner and I specifically discussed that he has a pattern of changing jobs frequently.

8. Mr. Greiner's separation from BDO had nothing to do with any workplace complaints and Mr. Greiner never raised a complaint about me or alleged toxic work environment during his employment with BDO, which was terminated over five years ago.

9. During his employment with BDO, Mr. Greiner disclosed a medical condition and requested that he attend medical treatments during specific workdays. I immediately responded that BDO would readily accommodate his request and that he had the flexibility to make up the missed hour(s) during the same week.

10. Mr. Greiner's allegation that I "create[ed] a difficult and toxic environment" is unsubstantiated by any evidence.

11. Mr. Greiner's conclusory allegation that I was "offensive and [engaged] in discriminatory treatment of employees" is patently false and unsubstantiated by any evidence.

12. Mr. Greiner's declaration falsely states that "[a]ny Friday that Mr. Radbill left early resulted in Ms. Bernier making inappropriate and offensive comments about his religious practices." This is a fabricated, false and fictitious narrative conjured up by the Plaintiff. There was not a single instance where any comments about Mr. Radbill's religious observances were made by me to Mr. Greiner and certainly not "[a]ny Friday that Mr. Radbill left early."

13. Mr. Joshua Radbill was employed by BDO as an Intern from January 2017 to April 2017. Thereafter, Mr. Radbill was hired as an Associate and worked for BDO from September 2017 to June 2018. Mr. Radbill did not report directly to me.

14. Mr. Radbill was originally an Intern with BDO's SALT team for a semester. After the

internship, I was part of the hiring process and made the recommendation to extend a full-time offer of employment to Mr. Radbill, who was then hired by BDO. I was aware of Mr. Radbill's religious observance during his internship as well as at the time of his full-time hire, and I had no problem with it.

15. Mr. Radbill's employment was terminated for performance issues.

16. Mr. Radbill's termination had nothing to do with his religion or working on Fridays.

17. I have never made any negative comments or complaints about Mr. Radbill's religion, or his Shabbat observance to Mr. Greiner.

18. It was understood and anticipated that Mr. Radbill would be leaving early on Fridays as is customary for religious observance.  I have never said "I can't believe he does this," "I can't believe he gets to leave early," "[i]t's unfair," "[h]e better make up for it," or "I'm never again going to hire someone else who observes these holidays" in relation to Mr. Radbill and/or his Shabbat observance.

19. I did not interview any female applicant referred by Mr. Greiner in his declaration (Dkt. 85-1) and I was unaware of any applicant's religious observance since I did not interview them or have them disclose such personal information.  Moreover, we do not interview every applicant nor does every applicant have the preferred credentials such as large public accounting firm experience, appropriate tax technical or research skills, a JD or LLM (Taxation), or the level and years of experience to match the current client work.  Lastly, during 2018, the SALT group passed on offering an interview to nearly 70 applicants either based on credentials, hiring needs and/or open hiring "REQs."

20. Mr. Greiner resigned in August 2018 and Mr. Radbill was terminated in June 2018.

21. On the other hand, Plaintiff Hafizov did not join BDO until May 2019.  As such, neither

21. (cont.) Mr. Greiner nor Mr. Radbill ever worked with Plaintiff as their respective employment periods never crossed. Furthermore, not only did Plaintiff not work with either Mr. Greiner or Mr. Radbill but also, upon information and belief, Plaintiff did not know either of these people in a professional or personal capacity at any time prior to the instant litigation.

22. Upon information and belief, Plaintiff Hafizov is not Jewish nor does Plaintiff observe Shabbat. At no time did Plaintiff request that BDO make an accommodation for him to observe Shabbat.

23. Both Mr. Greiner and Mr. Radbill were treated with professional respect and courtesy, neither was discriminated against, and each received accommodations for their respective stated needs.

24. Mr. Greiner's false accusations and personal attacks on my character are not only hurtful but also detrimental to my personal and professional reputation.

25. I have many close personal contacts and relatives who are Jewish, and these baseless allegations have caused professional and personal embarrassment and severe mental anguish.

I declare under penalty of perjury that the foregoing is true and correct.

*Janet Bernier*

_____
JANET BERNIER

\_July 18, 2023_____
Date