

mwe.com

Lindsay F. Ditlow
Attorney at Law
lditlow@mwe.com
+1 212 547 5425

August 24, 2023

<u>**VIA ECF**</u>

Magistrate Judge Lehrburger
The Honorable Robert W. Lehrburger
United States District Court Southern District of New York
500 Pearl Street, Courtroom 18D
New York, NY 10007

**Re:** *Hafizov v. BDO USA, LLP, et al.*; **Case No.: 1:22-cv-08853 (JPC) (RWL)**

Dear Magistrate Judge Lehrburger:

Pursuant to the Court's Individual Rules of Practice, Defendants BDO USA, P.A. ("BDO"), Janet Bernier, and Matthew Dyment (together, the "Defendants") respectfully submit this response to Plaintiff Rinat Hafizov's ("Plaintiff") letter, dated August 21, 2023 (the "Letter").

The present matter arises from Plaintiff's egregiously overbroad discovery requests which were, in Your Honor's words, "not proportional at all to the needs of this litigation and what's at stake." *See* July 19, 2023 Transcript at 49:14–15 (Dkt. No. 102–1). During the July 19, 2023 conference, this Court prudently tailored Plaintiff's grossly overbroad and disproportionate discovery requests. While Defendants were under the impression that this matter had been laid to rest via the Court's clear instruction, Plaintiff now seeks to resurrect the dispute and once again expand discovery well beyond the permissible scope for a single plaintiff national origin discrimination lawsuit.

**I.   Argument**

During the July 19, 2023 discovery conference, Plaintiff's counsel detailed three categories of discovery being sought:

> <u>Mr. Gottlieb</u>: [H]ere, we have [1] conduct which is directed directly to Mr. Hafizov. We have [2] conduct that is discriminatory and retaliatory conduct by Ms. Bernier that is around and said to Mr. Hafizov, and then . . . you also have [3] the third category which is discriminatory conduct that Mr. Hafizov hears through his direct colleagues.

*See* July 19, 2023 Transcript at 41:8–14. After an exchange with Plaintiff's counsel, Your Honor ruled:



One Vanderbilt Avenue   New York NY 10017-3852   Tel +1 212 547 5400   Fax +1 212 547 5444

*US practice conducted through McDermott Will & Emery LLP.*

Magistrate Judge Lehrburger
August 24, 2023
Page 2

> I do agree that what you described as the first and the second category with respect to Ms. Bernier, Mr. Dyment, and Montorio, fine. That scope is fine in terms of complaints and about protected characteristics or professionalism or misconduct. But not beyond that.

*Id.* at 49:13–20. Defendants understand the Court's Order as directly speaking to the three categories that Plaintiff's counsel had <u>himself specifically outlined</u> during the conference. Plaintiff, evidently dissatisfied with the outcome of the Court conference, now seeks to rewrite the Court's Order in an effort to expand discovery well beyond its permissible scope. Within his Letter, Plaintiff falsely asserts that his counsel specifically detailed three entirely separate categories of documents during the Court conference, a statement that is plainly refuted by the text of the transcript itself. *See id.*

Without relitigating the issue, Defendants further note the Court's Order makes a good deal of sense from a legal perspective because a "plaintiff does not have a viable hostile work environment claim where that plaintiff is not the target of harassment, is not present for any harassment, and has no knowledge of the harassment while it is ongoing." *Donahue v. Asia TV USA Ltd.*, 208 F. Supp. 3d 505, 515 (S.D.N.Y. 2016). Moreover, from a practical perspective, Plaintiff's attempted fishing expedition would sidetrack the Parties from litigating the actual discrimination and retaliation allegations at issue *in this case*. As Your Honor correctly noted, if Defendants are forced to embark on Plaintiff's desired course, "[h]ow are we not going to have litigation about every complaint that [Plaintiff is] raising about other people?" *Id.* at 49:11–12.

Notwithstanding the Court's clear holding with respect to the scope of permitted discovery here, in his Letter, Plaintiff claims in an effort to impermissibly disparage Ms. Bernier, that Ms. Bernier "likely uses improper language regarding protected characteristics" based on the results of a hit report. *See* Dkt. No. 102 at 2–3. As he has done in previous filings, Plaintiff neglects to mention that many of these search terms include root expanders—so, for example, the term "jew*" would return numerous results for a BDO client who is a jeweler, sells jewelry, or has the last name "Jewell." Moreover, during the Parties' most recent meet and confer, Defendants in fact agreed to run searches and produce documents for many of terms specifically listed within Plaintiff's Letter and his proposed ESI protocol within the agreed upon discovery parameters.

Additionally, Defendants have already agreed to provide documents responsive to the first two categories outlined by Plaintiff's counsel during the Court conference (i.e., discriminatory or retaliatory conduct which was allegedly directed directly to Mr. Hafizov, and discriminatory or retaliatory conduct by Ms. Bernier, Mr. Dyment, and Mr. Montorio that Plaintiff personally witnessed), as well as any document concerning discrimination, retaliation and/or other complaints regarding any of the identified comparator employees. *See* Letter, Exh. B, p.3. [1]

---

[1] Plaintiff's Letter, and its misrepresentation that Plaintiff's counsel specifically detailed three entirely separate categories of documents during the Court conference, constitute nothing more than a blatant attempt to mislead the court, "harass, cause unnecessary delay, [and] needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). The Federal Rules of Civil Procedure permit this Court to impose sanctions under such circumstances. *See, e.g.*, *S.E.C. v. Smith*, 710 F.3d 87, 97 (2d Cir. 2013) (upholding imposition of sanctions on party for making false statements to the court); *Macolor v. Libiran*, No. 14-



Magistrate Judge Lehrburger
August 24, 2023
Page 3

## II.     Conclusion

Plaintiff concludes his letter by accusing Defendants of being dilatory in their discovery obligations. Defendants would like to clarify that they made every effort to continue moving this matter forward since the July 19, 2023 conference.

First, Defendants have in fact produced over 700 pages' worth of text message communications from two separate BDO employees.  Second, the Parties met and conferred regarding various discovery issues on August 17, 2023, at which time Defendants consented to producing additional documents based on a number of Plaintiff's proposed search terms.  Third, Plaintiff can hardly fault Defendants for seeking to address the confidentiality designation issues when it was Plaintiff's own erroneous designation of thousands of pages of documents that caused the dispute in the first place.  *See* Dkt. No. 88.  Finally, Defendants note that their counsel has been traveling internationally with family during much of the past month but has made every effort to ensure that the litigation of this matter continues without unnecessary delay.

Respectfully,

Lindsay F. Ditlow

cc: All counsel (via ECF)

---

CV-4555 JMF, 2015 WL 1267337, at *4 (S.D.N.Y. Mar. 18, 2015) (imposing sanctions on party's counsel for deliberately making false statements to the Court).  Given Plaintiff's egregious effort to mislead the Court when Defendants have already agreed to provide the documents so Ordered, Defendants request that this Court impose proportionate sanctions against Plaintiff.

