

mwe.com

Lindsay F. Ditlow
Attorney at Law
lditlow@mwe.com
+1 212 547 5425

September 11, 2023

**VIA ECF**

Magistrate Judge Lehrburger
The Honorable Robert W. Lehrburger
United States District Court Southern District of New York
500 Pearl Street, Courtroom 18D
New York, NY 10007

**Re:**   *Hafizov v. BDO USA, LLP, et al.*; Case No.: 1:22-cv-08853 (JPC) (RWL)

Dear Magistrate Judge Lehrburger:

Defendants BDO USA, P.C. ("BDO"), Janet Bernier, and Matthew Dyment (together, the "Defendants") respectfully submit this pre-motion conference letter pursuant to Section III(D) of the Your Honor's Individual Rules in anticipation of a proposed motion to quash Plaintiff Rinat Hafizov's ("Plaintiff" or "Hafizov") improper subpoena directed to Mr. Dennis Sweeney ("Sweeney").  *See* Plaintiff's Notice of Subpoena at Exhibit A.

This is an employment discrimination and retaliation action in which the gravamen of Plaintiff's claim rests on one or two stray comments concerning geography, which only tangentially relate to his national origin, and which were made roughly three years prior to his termination for cause. As has become Plaintiff's usual practice, he seeks to prevent the Parties and this Court from addressing the merits of this case, instead choosing to focus on frivolous sideshows and utilizing the litigation process as a vessel to resurrect an entirely separate matter that was settled three years ago.

    **I.**    **Plaintiff's Subpoena Directed to Sweeney is Neither Relevant nor Proportional to the Needs of this Case**

Under Federal Rule of Civil Procedure 26(b)(1), parties are permitted to obtain discovery regarding material that is "relevant to any party's claim or defense" and "proportional to the needs of the case . . . ." The Rule is designed "to encourage judges to be more aggressive in identifying and discouraging discovery overuse." *Walker v. H&M Henner & Marutiz, L.P.*, No. 16-cv-3818, 2016 WL 4742334, at *2 (S.D.N.Y. Sept. 12, 2016).

In this matter, Defendants and BDO employees have produced nearly 4,000 pages' worth of documentation, producing spreadsheets maintained by BDO's Human Resources Department, thousands of routine day-to-day email communications, private text messages sent to and from BDO employees, and scores of other documents. Upon request from Plaintiff's counsel, Defendants are preparing to produce 6,000 additional documents using certain terms within Plaintiff's ESI protocol, which will likely result in an additional production of tens of thousands of pages of additional documentation. Plaintiff too has produced thousands of pages of personal text messages, financial documentation, and documents related to his post-termination job search efforts.

Hafizov is a single plaintiff who alleges that he was discriminated and retaliated against by two of his former supervisors. His damages, at an <u>absolute maximum</u>, would total no more than $300,000.  *See* Transcript of July 19,



**One Vanderbilt Avenue   New York NY 10017-3852   Tel +1 212 547 5400   Fax +1 212 547 5444**

US practice conducted through McDermott Will & Emery LLP.

2023 Court Conference, at 4:17–18.[1] Nonetheless, Plaintiff attempts to pile a mountain of discovery upon his molehill of a claim. Plaintiff has sought to collect ESI documentation from no fewer than twelve current and former BDO employees, and Defendants have good reason to believe that Plaintiff will seek to depose most if not all of these individuals. Plaintiff's attempted deposition here of an entirely unrelated nonparty to this litigation, who possesses no personal knowledge at all regarding any of Plaintiff's claims, is grossly disproportionate to the needs of his case. *See United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 338 F.R.D. 309, 317 (S.D.N.Y. 2021) ("Such proportionality concerns are particularly acute where, as here, a party seeks deposition testimony from a non-party witness who lacks any firsthand knowledge of the events at issue in the case.").

Despite the extensive factual discovery in this matter, Plaintiff has failed to uncover any documents whatsoever to support his national origin discrimination or retaliation claims. Instead, each piece of documentation produced only further supports Defendants' contention that Plaintiff was justifiably terminated following instances of documented poor performance and erratic, aggressive behavior. Faced with the reality that his own claims lack merit of any kind, Plaintiff now seeks to send the Parties and this Court on a fishing expedition into wholly unrelated allegations that bear no factual relevance of any kind to Plaintiff's Complaint. Such action should not be permitted by this Court. *Kaye v. New York City Health & Hosps. Corp.*, No. 18CV12137JPCJLC, 2020 WL 7237901, at *4 (S.D.N.Y. Dec. 9, 2020) ("The party seeking discovery bears the burden of initially showing relevance, and as such, he or she must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition.") (citation and internal quotations omitted).

If the issue bears repeating, the litigation involving Sweeney was settled outside of the courtroom and dismissed with prejudice, with no admission of liability as against any defendant. Sweeney left BDO over four years ago and prior to Mr. Hafizov's employment with BDO—there was no overlap between Mr. Sweeney and Mr. Hafizov's employment. More importantly, Plaintiff has failed to provide any indication as to how or why Sweeney's allegations of FMLA discrimination, which were premised on a claim that BDO and Ms. Bernier had discriminated against him after he had taken two weeks of FMLA leave for knee surgery, are in any way relevant to his own claims premised on Plaintiff's Russian national origin. *See, e.g.*, *Smith v. AVSC Int'l, Inc.*, 148 F.Supp.2d 302, 311 (S.D.N.Y. 2001) (discriminatory conduct directed at women and minorities irrelevant to hostile work environment claim brought by older white man); *DeVore v. Neighborhood Hous. Servs. of Jamaica Inc.*, No. 15-CV-6218 (PKC), 2017 WL 1034787, at *8 (E.D.N.Y. Mar. 16, 2017) (black male plaintiff's allegations that a supervisor made derogatory comments regarding white people and women insufficient to support a claim for discrimination). As Your Honor has attempted to remind Plaintiff's counsel in the past, "[t]his isn't the Sweeney case." Transcript of July 19, 2023 Court Conference, at 48:22.

Plaintiff will likely attempt to contort the facts, arguing that Sweeney's allegations of retaliation are somehow relevant to his own allegations of retaliation in the present matter. Plaintiff's arguments fail for two reasons. First, Plaintiff has further failed to show that Sweeney was similarly situated to himself. While "other acts of retaliation against <u>similarly situated</u> employees can be introduced to support [Plaintiff's] retaliation claim," *Worthington v. Cnty. of Suffolk*, No. 02CV723(DLI)(ARL), 2007 WL 2115038, at *6 (E.D.N.Y. July 20, 2007) (emphasis added),

---

[1] While outside the scope of this letter, we note that this figure represents a grossly inflated estimate by Plaintiff's counsel. Plaintiff received substantial severance pay and unemployment compensation, and there is ample evidence that he failed to take appropriate action to mitigate his economic damages. Moreover, Plaintiff has provided no evidence pertaining to his emotional distress at all, let alone evidence to demonstrate $150,000 worth of emotional distress, which lies at the extreme upper range of garden-variety awards. *See Villalta v. JS Barkats, P.L.L.C.*, No. 16CV2772RARWL, 2021 WL 2458699, at *14 (S.D.N.Y. Apr. 16, 2021) (Lehrburger, Mag. J.), *report and recommendation adopted*, No. 16-CV-2772 (RA), 2021 WL 2458023 (S.D.N.Y. June 16, 2021) (noting that garden-variety emotional distress claims "generally merit[] $30,000 to $125,000 awards.").



Magistrate Judge Lehrburger
September 11, 2023
Page 3

this does not mean that employees with different job titles, who worked at BDO during different times, who submitted complaints under entirely different factual circumstances have any probative value regarding the case at issue. Indeed, "[t]he use or admission of any such evidence would only result in a mini-trial and deflect the fact-finder's attention from the relevant facts." *Malanga v. NYU Langone Med. Ctr.*, No. 14CV9681, 2016 WL 7477561, at *2 (S.D.N.Y. Dec. 29, 2016) (granting defendant employer's motion to quash subpoenas predicated on irrelevant alleged instances of discrimination and retaliation).

In addition, Plaintiff has not actually adduced any evidence that Ms. Bernier retaliated against him. On the contrary, the evidence demonstrates that Ms. Bernier supported Plaintiff, defended him following his highly erratic and aggressive behavior throughout his employment, and continued to provide him with professional support and opportunities. Plaintiff should be required to demonstrate some factual predicate, beyond conclusory allegations, that Ms. Bernier actually retaliated against him before being permitted to conduct such additional fishing expeditions in the form of depositions of unrelated third parties. *Neogenix Oncology, Inc. v. Gordon*, No. CV144427JFBAKT, 2017 WL 1207558, at *10 (E.D.N.Y. Mar. 31, 2017) (denying party's enforcement of subpoena in case where that party was not able to offer concrete facts to support its claims, noting "[s]uch substantiation is even more important, where, as here, [d]efendant seeks a broad universe of discovery as well as deposition testimony from a non-party to this lawsuit.").

## II. Plaintiff's Subpoena is Submitted for Improper Purposes

The entirety of Plaintiff's Complaint is premised on allegations that Ms. Bernier referred to his office as "Siberia" on one or two occasions, and that she purportedly insinuated that Russians have no problem with being "direct." Even if substantiated, such claims are clearly insufficient as a matter of law. *See, e.g., Charles v. City of New York*, No. 21 CIV. 5567 (JPC), 2023 WL 2752123, at *4–9 (S.D.N.Y. Mar. 31, 2023) (Cronan, J.) (plaintiff failed to sustain racial discrimination claim under Title VII, NYSHRL, and NYCHRL premised on a stray remark with only questionable relation to his race); *Roenick v. Flood*, 20 Civ. 7213 (JPC), 2021 WL 2355108, at *6 (S.D.N.Y. June 9, 2021) (Cronan, J.) (disregarding stray remarks about plaintiff's sexual preference made approximately two years before his termination and dismissing NYSHRL and NYCHRL claims).

Plaintiff's allegations of retaliation are similarly baseless and unsupported by the documentary record. Plaintiff's theory that he was terminated in May 2022 in retaliation for speaking with BDO's Human Resources Department in April 2021 is nothing short of ridiculous. *Kraiem v. JonesTrading Institutional Servs. LLC*, 571 F. Supp. 3d 53, 62 (S.D.N.Y. 2021) (plaintiff failed to demonstrate requisite causation under NYSHRL or NYCHRL where alleged adverse employment action took place roughly a year after plaintiff had filed a protected complaint); *see also De Figueroa v. New York*, 403 F. Supp. 3d 133, 157 (E.D.N.Y. 2019) (explaining that, in the Second Circuit, "a lapse of time beyond two or three months will break the causal inference").

Indeed, Plaintiff has already acknowledged that he has no legitimate claims against Defendants and only brought this meritless litigation for the purpose of harassing Defendants. Well over a year prior to his termination, Plaintiff stated: **"I wanna fuck these people over . . . If I get fired, I will seriously sue [Ms. Bernier] just for fun."** On a separate occasion, Plaintiff stated: **"I hope i get fired, so I can sue [BDO] . . . [SHAYNA: Why are you suing them] . . . Why the fuck not? . . . If I get fired, I'm suing them."**

Plaintiff's counsel, too, has engaged in similarly frivolous conduct throughout this litigation.[2] Plaintiff's counsel

---

[2] Defendants, believing that Plaintiff and his counsel's conduct has now well exceeded the realm of zealous advocacy and entered the domain of sanctionable conduct, felt compelled to issue a Rule 11 notice just a few days ago. *See* Defendants' Rule 11 Letter attached at Exhibit B.



Magistrate Judge Lehrburger
September 11, 2023
Page 4

represented Sweeney in the previous matter and received a contingency fee in connection with the confidential settlement of that matter. Plaintiff's counsel is now trying to use the present case to extract even *more* money from a matter that has already been resolved. In doing so, Plaintiff's counsel seeks to have its cake and eat it too—resolving a matter via a settlement agreement, then using the settled case as a springboard to extract additional payments from BDO. Defendants sincerely hope that the Court will not continue to allow Plaintiff's counsel to travel down this meritless path.

### III.    Conclusion

As Your Honor succinctly advised, but as Plaintiff evidently neglected to heed, "[t]his isn't the Sweeney case." Transcript of July 19, 2023 Court Conference, at 48:22. Defendants respectfully request that the Court grant Defendants' motion to quash.

Respectfully,

*Lindsay F. Ditlow*

Lindsay F. Ditlow

cc: All counsel (via ECF)

McDermott Will & Emery