

mwe.com

Lindsay F. Ditlow
Attorney at Law
lditlow@mwe.com
+1 212 547 5425

September 12, 2023

**VIA ECF**

Magistrate Judge Lehrburger
The Honorable Robert W. Lehrburger
United States District Court Southern District of New York
500 Pearl Street, Courtroom 18D
New York, NY 10007

**Re:**   *Hafizov v. BDO USA, LLP, et al.*; **Case No.: 1:22-cv-08853 (JPC) (RWL)**

Dear Magistrate Judge Lehrburger:

Pursuant to the Court's Individual Rules of Practice, Defendants BDO USA, P.C. ("BDO"), Janet Bernier, and Matthew Dyment (together, the "Defendants") respectfully submit this response to Plaintiff Rinat Hafizov's ("Plaintiff") letter, dated September 7, 2023 (the "Letter").

Well over a year prior to Plaintiff's termination, he outlined his intent to bring a meritless lawsuit against Defendants: **"I wanna fuck these people over . . . If I get fired, I will seriously sue [Ms. Bernier] just for fun . . ."**[1]  Plaintiff followed through on this plan on October 17, 2022, filing a frivolous complaint that lacks factual or legal merit of any kind.  *See* Defendants' Rule 11 Notice, Dkt. No. 106-2.  While Plaintiff continuously seeks to disparage Defendants in his court filings by using such terms as "wrongdoers" without a shred of evidence, it is abundantly clear that the only "wrongdoer" here is Plaintiff himself.

Indeed, the present matter arises from Plaintiff's egregiously overbroad discovery requests which were, in Your Honor's words, "not proportional at all to the needs of this litigation and what's at stake."  *See* July 19, 2023 Transcript at 49:14–15 (Dkt. No. 102–1).  During the July 19, 2023 conference, this Court prudently tailored Plaintiff's grossly overbroad and disproportionate discovery requests.  Plaintiff now, for the second time, attempts to impermissibly broaden the scope of discovery in a flagrant effort to rewrite the Court's Orders.

    **I.**   **Complaints of Retaliation**

Plaintiff claims in the Letter that Defendants are impermissibly withholding evidence regarding prior complaints of retaliation.  This is false.  On August 30, 2023, Defendants clearly outlined in a letter to

---

[1] In an entirely separate communication, Plaintiff reiterated this plan: **"I hope i get fired, so I can sue [BDO] . . . [SHAYNA: Why are you suing them]** . . . **Why the fuck not? . . . If I get fired, I'm suing them."**



One Vanderbilt Avenue   New York NY 10017-3852   Tel +1 212 547 5400   Fax +1 212 547 5444

*US practice conducted through McDermott Will & Emery LLP.*

Magistrate Judge Lehrburger
September 12, 2023
Page 2

Plaintiff's counsel that Defendants had conducted a good faith search for documents related to complaints made by BDO employees regarding retaliatory conduct on the part of Ms. Bernier, Mr. Dyment, and Mr. Montorio—which was the full scope of the Court's directive here. As Defendants explained to Plaintiff's counsel:

> Defendants state that apart from the baseless allegations made by former BDO employee Dennis Sweeney, which were unsupported by any documentary evidence whatsoever, no BDO employee has lodged allegations of retaliation against any of these individuals.

*See* Dkt. No. 105–2. Defendants are not impermissibly withholding documents related to the Sweeney matter on the grounds that those allegations were baseless. Instead, there are no non-privileged documents responsive to these requests *because* those allegations were baseless—i.e., the allegations were entirely unsupported by documentary evidence of any kind and, thus, BDO does not have any non-privileged documents.

As has become Plaintiff's usual practice, Plaintiff accuses Defendants of engaging in bad faith when they do not possess evidence to support his claims. However, Defendants cannot produce what they do not possess. Plaintiff's disappointment that he has failed to uncover even a shred of evidence to support his baseless claims does not mean that Defendants have failed to meet their discovery obligations.

Plaintiff's counsel, who represented Sweeney, would be well served in heeding Your Honor's directive that the present matter "isn't the Sweeney case." *See* July 19, 2023 Transcript at 48:22 (Dkt. No. 102–1). Plaintiff's counsel seeks to relitigate the merits of that prior matter, turning the present action into a mini trial for Dennis Sweeney. However, the Sweeney matter was already resolved outside of the courtroom, without any admission of liability by any party, over three years in the past.

   II.      **Scope and Document Production of "Similarly Situated" Employees**

         a. **Scope of Discovery for Four Identified Comparators**

Pursuant to the Court's July 19, 2023 Order, Defendants conducted a good faith search for documents and information related to the four identified employees who worked in the Northeast Region SALT group, in the New York office at the Senior Manager position and above, and who reported to Ms. Bernier and Mr. Dyment from January 1, 2014 to the present.

Specifically, Defendants searched for documents related to allegations of their discrimination, retaliation, other complaints regarding their treatment, and/or their termination (if applicable) since 2014. Plaintiff asserts that this response is deficient, because Defendants did not also search for documents related to performance issues and/or documents related to those employees' discipline.

However, during the conference itself, after Plaintiff's counsel stated that Plaintiff was "seeking a wider range of performance issues that arose because [Defendants] have claimed he was terminated for everything from missed deadlines, sloppy work, his unprofessional communications," Your Honor



Magistrate Judge Lehrburger
September 12, 2023
Page 3

stated: "I didn't include it, but **that would include all documents related to the termination** of these five employees and what the reasons were." *See* Dkt. No. 102–1, at 11:22–12:3.

In accordance with the Court's Order, Defendants searched for documents related to those employees' performance issues and discipline insofar as it related to their termination. As Defendants explained to Plaintiff, only one of those employees was involuntarily terminated, but there are no non-privileged, responsive documents relevant to that employee's termination.

Moreover, as Defendants have already represented, they performed a reasonable, good faith search for documents and information relevant to "information about how these comparators were treated when they engaged in similar supposed misconduct or performance deficiencies," which was in fact the original discovery sought by Plaintiff. *See* Dkt. No. 50; 78. However, because none of the identified comparators engaged in a level of unprofessional behavior and workplace misconduct as Plaintiff, there were no responsive documents to produce. Dkt. No. 78.

As is his *modus operandi*, Plaintiff attempts to rewrite this Court's Orders and then accuse Defendants of failing to abide by an Order that was never issued. As set forth in correspondence with Plaintiff's counsel (Dkt. No. 105–2) and herein, Defendants have already provided Plaintiff with a response to his requests—there is nothing left to produce.

    b. **Additional Comparators**

Finally, Plaintiff seeks to impermissibly expand the number of purported comparators beyond those who reported to Ms. Bernier and Mr. Dyment in the New York office.

In order to establish another BDO employee as a valid comparator, Plaintiff is required to demonstrate that the "selected comparators [are] similarly situated in all material respects." *Cooper v. Templeton*, 629 F. Supp. 3d 223, 231 (S.D.N.Y. 2022), *aff'd sub nom. Cooper v. Franklin Templeton Invs.*, No. 22-2763-CV, 2023 WL 3882977 (2d Cir. June 8, 2023). Plaintiff alleges, without support, that the additional 8 current and former Senior Managers in the Northeast Region's SALT group serve as valid comparators.

As explained during the July 19, 2023 Court conference, Mr. Dyment became head of the entire SALT Northeast Region in May 2022, meaning that every Senior Manager in the Region would have reported to him in some capacity after this point. *See* July 19, 2023 Transcript at 15:2–6 (Dkt. No. 102–1). However, employees who worked out of BDO's Boston or Woodbridge, New Jersey offices, who had different employment policies, worked with different coworkers and clients, and under entirely separate reporting structures are clearly not similarly situated in all material respects to Plaintiff. In addition, some Senior Managers, such as those who worked in BDO's Woodbridge, New Jersey office prior to May 2022, may not have been supervised by *either* of the named Defendants.

Importantly, Plaintiff's Complaint identifies Ms. Bernier as the primary wrongdoer and perpetrator of alleged unlawful discriminatory and retaliatory actions. Mr. Dyment did not even directly oversee Plaintiff until Mr. Dyment became head of the Northeast Region in May 2022, the final month of



Plaintiff's employment at BDO. *Id.* at 16:7–10. Ms. Bernier exclusively oversaw Senior Managers in BDO's <u>New York office</u>. *Id.* at 14:9–13. Expanding the scope of discovery to the entire Northeast Region would offer no probative value relevant to Plaintiff's claims. *See Akinyemi v. Chertoff*, No. 07-CV-4048 (AJP), 2008 WL 1849002, at *5 (S.D.N.Y. Apr. 25, 2008) ("Whether or not a plaintiff reports to the same supervisor as her comparator is an important factor in finding that plaintiff and the comparator are similarly situated."); *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997) (holding that comparators were not similarly situated because, among other things, they reported to different supervisors).

Again, the fact that Plaintiff failed to uncover the information or documentation that he was seeking does not entitle him to unilaterally expand discovery and mount baseless fishing expeditions into the personnel-related materials of unrelated BDO employees.

### III.     Conclusion

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's proposed motion to compel on all issues.

Respectfully,

*Lindsay F. Ditlow*

Lindsay F. Ditlow

cc: All counsel (via ECF)

