

**David E. Gottlieb**
dgottlieb@wigdorlaw.com

September 18, 2023

**VIA ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York                    ***Oral Argument Requested***
500 Pearl Street, Courtroom 18D
New York, NY 10007

        Re:    Rinat Hafizov v. BDO USA, LLP, *et al.*; Case No.: 1:22-cv-08853 (JPC) (RWL)

Dear Judge Lehrburger,

We represent Plaintiff and write in opposition to Defendants' proposed motion to quash a non-party deposition and document subpoena served on Dennis Sweeney. It is already the law of this case, multiple times over, that Mr. Sweeney's allegations of retaliation against BDO and Ms. Bernier are relevant for purposes of discovery; but Defendants seemingly *refuse* to accept this and *continue* to litigate and *relitigate* this issue in the hope that the Court will change its mind.

The gravamen of this action is that Mr. Hafizov was terminated after he raised protected complaints about Ms. Bernier's engagement in a plethora of discriminatory conduct in the workplace, including her egregious homophobic, anti-Semitic, anti-disability and racist behavior. See Dkt. No. 1, generally. As set forth in the Complaint, the retaliation perpetrated against Mr. Hafizov is part of an *extensive* pattern of retaliatory conduct which includes, but is not limited to, (i) terminating Mr. Sweeney, in response to his protected complaints, followed by post-termination retaliation against him (id. at ¶¶ 110-22), (ii) bad-mouthing Mr. Sweeney and his claims against her in the office including directly to Mr. Hafizov (id. at ¶¶ 42-48), (iii) expressing outrage that another employee ("Employee A" in the Complaint) filed a discrimination complaint with Human Resources and then directing Mr. Hafizov and others not to give that employee additional work and to even file a bogus complaint against her (id. at ¶¶ 51-59), and (iv) rejecting a Jewish job candidate due to an apparent disapproval of religious accommodation requests (id. at ¶¶ 38); see also Dkt. No. 85 at Ex. A (Affidavit of Andrew Greiner). And the above list is what Plaintiff has amassed without Defendants even engaging in *any* legitimate discovery.

As has been set forth throughout this litigation, Plaintiff intends to prove his case at trial by, *inter alia*, showing that Ms. Bernier and BDO's pattern and practice of retaliation against others helps demonstrate and substantiate the retaliation perpetrated against him. Ms. Bernier's retaliation against Mr. Sweeney, at issue in the proposed motion to quash, is one such example.

Case 1:22-cv-08853-JPC-RWL   Document 112   Filed 09/18/23   Page 2 of 3



<div style="text-align:right">
Hon. Robert W. Lehrburger<br>
September 18, 2023<br>
Page 2
</div>

An extensive body of case law going up to the Supreme Court supports Plaintiff's right to use such evidence to prove his case. For the sake of brevity and judicial economy, Plaintiff should not need to keep briefing this issue and keep citing the same cases over and over, it has already been briefed and argued *ad nauseum* in Dkt. Nos. 18, 19, 21, 22, 24, 26, 50, 56, 65, 75, 84—all leading to the same result; namely, that Plaintiff is entitled to take discovery as to Ms. Bernier's other acts of retaliation. See e.g. Dkt. No. 105-1. Defendants first sought to exclude these other acts of retaliation (including specifically the allegations of retaliation against Mr. Sweeney) from this case by filing a motion to strike all allegations regarding Ms. Bernier's retaliatory conduct towards others (including Mr. Sweeney) and that motion was denied. See Dkt. Nos. 18, 19, 24, 26 and the Court's February 8, 2023 Minute Entry. Defendants still refused to engage in discovery on those topics, necessitating a motion to compel before Your Honor. See Dkt. Nos. 63-65, 84-85.[1] Following that briefing, which in many ways repeated the briefing on the motion to strike, the Court ruled that Defendants were required to produce discovery related to, *inter alia*, allegations of retaliation against Ms. Bernier. See Dkt. No. 102-1. *Still* Defendants refused, claiming that it does not need to provide such discovery if Defendants unilaterally decide that such allegations are unsubstantiated (as every defendant would argue in every case if it were that easy to relieve a defendant of discovery obligations), necessitating *yet another* letter motion by Plaintiff which is currently *sub judice*. See Dkt. No. 105.

It is now the "law of the case" that evidence related to Ms. Bernier's retaliation against others, including Mr. Sweeney, is relevant at the very least for the purposes of discovery. DiLaura v. Power Auth. of State of N.Y., 982 F.2d 73, 76 (2d Cir. 1992) ("the law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"). For that reason, Plaintiff has every right to request relevant documents from Mr. Sweeney and take his deposition.[2]

Defendants' letter motion attempts numerous forms of misdirection and is respectfully filled with mistruths. First, Defendants argue "proportionality," but all Plaintiff is seeking is a deposition and documents from a third-party who has not objected on any basis. Second, Defendants claim that they have produced 4,000 documents which, while irrelevant to the issue of Mr. Sweeney's deposition, still ignores that they have *still not produced electronic discovery in which it appears*

---

[1]  In the initial conference on this dispute, which followed pre-motion conference letters, the Court even asked Defendants' counsel, "All right, so Ms. Ditlow, why don't you help me understand why he wouldn't be entitled to discovery on those, which are alleged in the Complaint, and also given Judge Cronan's denial of the motion to strike?" See Dkt. No. 56. Ultimately the Court requested further briefing because Plaintiff was seeking retaliation discovery that went beyond that which was specifically alleged in the Complaint.

[2]  Defendants have no standing to object to the subpoena on the basis of burden. Universitas Educ., LLC v. Nova Grp., Inc., No. 11 Civ. 1590 (LTS) (HBP), 2023 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013) ("A party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden.").



Hon. Robert W. Lehrburger
September 18, 2023
Page 3

*Ms. Bernier has used numerous offensive terms*—discovery Plaintiff has been seeking for many, many months and was part of the initial letter motion Plaintiff brought before Your Honor.  It is all too convenient for Defendants to produce almost nothing material to Plaintiff; yet, they use Plaintiff's full and candid disclosure to them to argue, re-argue, and re-re-argue the same issue over and over without end.  Third, Defendants also misstate that is case has a maximum value of $300,000, citing to a transcript where the Court asked Plaintiff's counsel certain questions in which it was acknowledged that such calculation was informal and did not include punitive damages or attorneys' fees.  Again, these issues are nonetheless all irrelevant to the subpoena at issue.  Plaintiff is entitled to take testimony and seek documents from a relevant witness.

We would be remiss if we did not address Defendants' footnote 2, in which Defendants state that they will be moving for sanctions against Plaintiff and his counsel.  As we have already informed Defendants, such a threat is so wildly improper under the case law that we have served Defendants with a Rule 11 safe harbor letter.  See Ex. A.  As such, any such motion will be met with a cross-motion for Rule 11 sanctions in the strongest possible terms.  It is not our preference to litigate cases in this manner but Defendants' conduct in this litigation has become so outrageous that sanctions are necessary if they continue to flout the law.  We note as we have before that Defendants have not needed to move to compel *anything* from Plaintiff.  We have been an open book, producing all relevant documents "warts and all" and have simply been seeking to litigate this case through discovery.  In contrast, Defendants are stymying discovery at every point, wasting time litigating issues related to confidentiality designations in a blatant attempt to try to "embarrass" Plaintiff, attempting to halt discovery further by relitigating resolved issues and filing baseless Rule 11 motions.

Plaintiff respectfully requests nothing other than to proceed with an extremely basic subpoena served upon a relevant witness who has not objected.

Respectfully submitted,

David E. Gottlieb

Cc:     All counsel of record (*via* ECF)