

**David E. Gottlieb**
dgottlieb@wigdorlaw.com

September 18, 2023

**VIA ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18D
New York, NY 10007

***Filed Under Seal***

Re: Rinat Hafizov v. BDO USA, LLP, *et al.*; Case No.: 1:22-cv-08853 (JPC) (RWL)

Dear Judge Lehrburger:

We represent Plaintiff Rinat Hafizov and respectfully write in response to Defendants BDO USA, LLP, Janet Bernier, and Matthew Dyment's (together, the "Defendants") letter motion dated September 11, 2023 (the "Letter Motion") regarding the confidential designation of 25 pages of documents produced during discovery.

## I. Factual Background

As we brief the issue of confidentiality designations yet again, the reason for which is entirely transparent that Defendants are looking for a way to try to embarrass Mr. Hafizov, Defendants *still* have not produced electronic discovery in which Ms. Bernier's emails contain likely offensive terms. In contrast, Plaintiff has been extraordinarily forthcoming and responsive in his discovery responses. As previously detailed in the Parties' July 13, 2023 Joint Letter, Defendants requested all private communications without any regard for the subject matter between the Plaintiff and several former colleagues of his at BDO. See Dkt. No. 83. In the spirit of transparency and cooperation, Plaintiff agreed to provide all such communications—a level of discovery cooperation that has never been reciprocated.

Initially, Plaintiff designated the approximately 2,750 pages of production as "Confidential" under the Protective Order. Plaintiff did so on the basis that the Protective Order permits the parties to designate as "Confidential" documents that are "personal or intimate" in nature and constitute "previously non-disclosed sensitive information." See Dkt. No. 29 at § 2(a), (c). Plaintiff's designations did not in any way interfere with Defendants' use of such documents—and Plaintiff even voluntarily consented to Defendants' request for a limited variance from the designation for Defendants to use the documents in connection with an internal investigation. Plaintiff labeled these documents as "Confidential" because he and those he communicated with are entitled, under the Protective Order, to some degree of privacy in their private and sensitive





communications and, equally as importantly, protection from Defendants' repeated harassment and intimidation, including previously violating the Protective Order.

On numerous occasions, Defendants have substantively described Confidentially designated documents in public filings. Defendants know this is wrong because we have pointed it out to them several times. The Protective Order expressly states, "[t]his Order binds the Parties and certain others to treat as Confidential any Discovery materials so classified" and "[e]ach person who has access to the Discovery material designated as Confidential pursuant to this Order must take all precautions to prevent the unauthorized or inadvertent disclosure of such material." See Dkt. No. 28. Defendants have repeatedly failed to fulfill their obligations pursuant to the Protective Order.

Pursuant to this Court's July 12, 2023 and August 11, 2023 Orders (see Dkt Nos. 88 and 101), Plaintiff then reviewed every single communication produced and either fully de-designated or redacted and de-designated the vast majority of the communications. Specifically, Plaintiff fully de-designated 2,572 of the 2,743 documents at issue. Of the 171 documents for which Plaintiff maintained the Confidentiality designation, Plaintiff then further agreed to redact and de-designate 87 additional documents. Plaintiff did so in yet another effort to move discovery forward with the sincere hope that the Court's intervention would not be required. In the end, out of approximately 2,750 pages, Defendants are now only disputing 25 pages of designations. Again, there is nothing restricting Defendants' use of the documents in any way, they just simply need to be filed under seal in connection with any filing.

Defendants are laser-focused on the designation of 25 pages of documents while repeatedly refusing to produce numerous categories of obviously relevant documents. It is, for all intents and purposes, a red herring to distract from Defendants' own failure to abide by their discovery obligations. Indeed, the enormous amount of time and effort that Plaintiff has expended to try to get the discovery to which Plaintiff is entitled is particularly outrageous given that Defendants have, by way of example only, openly taken the position that although there are responsive documents to Plaintiff's request—and the Court's Order—for production of prior complaints of retaliation made against Ms. Bernier, they have the right to *unilaterally* determine that they do not have merit and are not required to be produced. See Dkt. No. 105. There is a vast discrepancy between Plaintiff's and Defendants' approach to producing discovery—Plaintiff has been overly candid in his production while Defendants' have continually refused to meet their obligations.

Defendants' complaints regarding the process of this dispute being submitted to the Court are entirely mischaracterized. Plaintiff offered to work with Defendants on the timing for submission of a joint letter (as was done last time) and Defendants chose to impose a unilateral deadline. Defendants were (and remain) unable to articulate a reason or urgency. Plaintiff attempted to cooperate with respect to timing, but Defendants just imposed their own timeline.





WIGDOR.

## II. Argument

As an initial matter, Defendants' description of the communications in dispute, *which are currently designated confidential regardless of Defendants' disagreement with the designation*, is wildly improper. As Defendants certainly know, describing communications that are designated as Confidential under a Protective Order in a publicly filed Letter Motion violates the Protective Order. This is not the first time Defendants have done so. See supra at n. 1. The fact that Defendants again violated the Protective Order further confirms that there is no actual basis on which they seek to de-designate the documents. Instead, they are seeking to de-designate the documents for the same reason they filed the underlying Letter Motion—to attempt to publicly humiliate and intimidate the Plaintiff. However, Defendants continue to be unable to articulate good cause to disturb the current designations. Indeed, they have again failed to articulate any actual impediment caused by the confidentiality designation, and there is no current request to file any particular document on the public docket. There is, thus, still no legitimate dispute in need of or even ripe for resolution with respect to the confidentiality designations.

Defendants' motivations aside, Plaintiff's designations are appropriate under the Protective Order, which permits Confidential treatment of documents that are "personal or intimate" in nature and constitute "previously non-disclosed sensitive information." See Dkt. No. 29 at § 2(a), (c). REDACTED [redacted]

Finally, Plaintiff again implores Your Honor to see what is actually happening here: Defendants are attempting to use private, sensitive information to ridicule, harass, and intimidate Plaintiff. They have now violated the Protective Order in multiple public filings, and they are doing so while at the same time refusing to abide by their own discovery obligations. It should not be

---

1 See e.g. Hakulinen C., Jokela M. (2018), "Alcohol use and personality trait change: Pooled Analysis of Six Cohort Studies," Psychological Medicine.

2 Plaintiff previously disclosed both to Defendants and the Court that he was seeking garden variety damages. See Dkt. No. 105-1 at 3:18-20. The Court agreed that garden variety damages do not require Plaintiff to produce additional discovery sought by Defendants. See Dkt. No. 56 at 10-23.





tolerated, particularly when Defendants have been unable to articulate any legitimate reason for seeking the de-designation of these documents. As Plaintiff has already stated, to the extent that Defendants intend to file a document into the public record and want a particular document not to be subjected to sealing, the parties can confer regarding those documents and if a dispute remains, the applicable standard for sealing can be addressed at that time.

## III. Conclusion

Plaintiff has reviewed the documents in question in detail on multiple occasions, has engaged in multiple meet and confers with the Defendants about the documents and has properly designated them under the Protective Order. Wherefore, Plaintiff respectfully requests that Defendants' application be denied.

Respectfully submitted,

David E. Gottlieb

Cc: All counsel of record (*via* ECF)