

mwe.com

Lindsay F. Ditlow
Attorney at Law
lditlow@mwe.com
+1 212 547 5425

September 19, 2023

**VIA ECF**

Magistrate Judge Lehrburger
The Honorable Robert W. Lehrburger
United States District Court Southern District of New York
500 Pearl Street, Courtroom 18D
New York, NY 10007

Re:   *Hafizov v. BDO USA, LLP, et al.*; Case No.: 1:22-cv-08853 (JPC) (RWL)

Dear Magistrate Judge Lehrburger:

Defendants BDO USA, P.C. ("BDO"), Janet Bernier and Matthew Dyment (together, the "Defendants") respectfully submit this letter pertaining to Plaintiff Rinat Hafizov's ("Plaintiff" or "Hafizov") and his counsel's egregious filing of privileged settlement communications within a document exhibit filed on the public docket on September 18, 2023.  *See* Dkt. No. 113-1.

Defendants respectfully request that the Court: (1) immediately seal Docket No. 113-1; and (2) impose sanctions upon Plaintiff's counsel pursuant to Federal Rule of Civil Procedure 11 for their brazen disregard of professional conduct relating to the dissemination of privileged communications.

### I.  Communications and Monetary Figures from Confidential Settlement Negotiations are Privileged and Do Not Belong on the Public Docket

Federal Rule of Evidence 408 prohibits the admission of "conduct or a statement made during compromise negotiations about the claim."  Fed. R. Evid. 408(a).  The rationale behind this evidentiary rule is to encourage the free discussion of parties' claims during settlement discussions and negotiations, without fear that these statements will later be used against a party.  *See Am. Soc. of Composers, Authors & Publishers v. Showtime/The Movie Channel Inc.*, 912 F.2d 563, 580 (2d Cir. 1990) ("[T]he most commonly accepted rationale for Rule 408 is that it encourages settlement by protecting parties to a settlement agreement or negotiation from having their good-faith efforts to settle a dispute used against them in subsequent litigation.").  Indeed, parties who are unable to rely upon the confidentiality of settlement negotiations would be hamstrung in their ability to candidly discuss the case, the respective merits of the parties' positions, or the potential resolution of the matter outside of the courtroom.  Fed. R. Evid. 408, 1975 Advisory Committee Note (citation omitted) (noting that the absence of Rule 408's prohibition on the admissibility of settlement conduct or statements would "inhibit freedom of communication with respect to compromise").



One Vanderbilt Avenue   New York NY 10017-3852   Tel +1 212 547 5400   Fax +1 212 547 5444

*US practice conducted through McDermott Will & Emery LLP.*

Courts within this Circuit have found the rationale behind Rule 408's prohibition on the disclosure of settlement communications to be no less compelling outside of the context of evidentiary issues. *See, e.g.*, *Rein v. Socialist People's Libyan Arab Jamahiriya*, 568 F.3d 345 (2d Cir. 2009) (noting that the "fundamental policy [concerns]" underlying Rule 408 operate to exclude consideration of settlement communications even when the Federal Rules of Evidence do not apply).

It is also settled law within this Circuit that there is no presumptive public right of access to confidential settlement discussions. *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857–58 (2d Cir. 1998). As such, courts have not hesitated to seal publicly filed documents containing information from those discussions. *See Perez v. Beres Bar & Pub, Inc.*, No. 16-CV-1729 (ILG), 2016 WL 8711057, at *3 (E.D.N.Y. Nov. 4, 2016) (sealing publicly filed documents in case in which party had "improperly disclosed information concerning the parties' confidential settlement communications in his response to plaintiff's motion to compel."); *cf. My Mavens, LLC v. Grubhub, Inc.*, No. 20 CIV. 4657 (PGG), 2023 WL 5237519, at *17 (S.D.N.Y. Aug. 14, 2023) (striking allegations premised on facts that plaintiff learned of in context of settlement negotiations).

Here, a document filed by Plaintiff on the public record contains references to Defendants' positions, precise monetary figures, and direct quotes from Defendants' counsel, <u>all of which arose in the context of confidential settlement negotiations</u>. *See* [Dkt. No. 113-1](). This information has absolutely no place residing on the public docket, and Defendants respectfully request that the Court seal this document as soon as practicable.

## II.     Defendant is Entitled to Sanctions based on Plaintiff's Counsel's Brazen Misconduct

"[Federal Rule of Civil Procedure 11(b)] is violated when an attorney submits a pleading, motion or other paper for an improper purpose, or knowingly presents a frivolous claim or legal argument." *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 70 (2d Cir. 2006). The improper filing of confidential information provides a colorable claim for monetary sanctions against the offending party. *See Offor v. Mercy Med. Ctr.*, No. 21-2115-CV, 2023 WL 2579040, at *2–3 (2d Cir. Mar. 21, 2023).

Here, Plaintiff's counsel's publication of statements and monetary figures shared in the context of confidential settlement negotiations was plainly motivated by bad faith. This information, including monetary amounts and direct quotations from Defendants' counsel, serve no purpose whatsoever except to prejudice the Court and the public against Defendants in a shameless attempt to bolster Plaintiff's baseless claims.[1] Nor can Plaintiff's counsel claim that this public filing was inadvertent or mistaken, as

---

[1] Defendants note that Plaintiff has attempted to bolster his claims based on the monetary figures discussed during settlement negotiations. Of course, parties have numerous reasons to seek settlement unrelated to the factual strength of a plaintiff's claims, including avoiding disruptions to business operations and the costs of litigation. Although ultimately outside of the scope of this Letter, Defendants note that the Court is permitted to draw its own conclusions regarding the fact that Plaintiff's settlement demands have dropped approximately $775,000 during the course of the present litigation, while Defendants' have remained steadfast in the nuisance value of this case. Indeed, despite the absurd claims regarding the strength of Plaintiff's case, the information adduced during the discovery process has provided Plaintiff with absolutely no evidence whatsoever to support his claims, and in fact has only further demonstrated that Plaintiff was terminated for aggressive, erratic behavior and unprofessional conduct. Plaintiff's diminishing settlement offers in fact demonstrate the factual and legal weakness of his claims.



Magistrate Judge Lehrburger
September 19, 2023
Page 3

they took specific care to file a separate document with the Court under seal on the same day. *See* Dkt. No. 115.

Plaintiff's counsel's shameless publishing of the Parties' confidential settlement discussions in a public forum has greatly impaired the ability of the Parties to have any confidential discussions in the future. Without an appropriate sanction from this Court, Defendants have absolutely no faith that Plaintiff will not simply use additional confidential communications to bolster his plainly groundless case. Defendants are simply unable to have candid and frank conversations with Plaintiff's counsel under such circumstances and such sanctions are further warranted to deter this type of egregious behavior by Plaintiff counsel in future litigations.

As Defendants have repeatedly stated, Plaintiff's lawsuit was brought for frivolous purposes[2] and is premised on, at most, one or two alleged comments regarding geography. Indeed, Defendants, believing that Plaintiff and his counsel's conduct had entered the domain of sanctionable conduct, felt compelled to issue a Rule 11 notice just two weeks ago. *See* Dkt. No. 107–1. The brazen conduct of Plaintiff's counsel here has done nothing except provide additional evidence of Plaintiff's and his counsel's bad faith in pursuing this litigation.

### III. Conclusion

While Plaintiff and his counsel have busied themselves filing baseless discovery motions and publishing confidential information on the public record, Defendants have remained committed to engaging in good faith discovery. To this end, Defendants are preparing the production of nearly 6,000 documents in response to Plaintiff's ESI requests.[3] Defendants earnestly hope that Plaintiff and his counsel will cease their frivolous litigation activity to enable the Parties to address the merits of Plaintiff's claims.

---

[2] Well over a year prior to Plaintiff's termination, he outlined his intent to bring a meritless lawsuit against Defendants, stating: **"I wanna fuck these people over . . . If I get fired, I will seriously sue [Ms. Bernier] just for fun . . ."** On a separate occasion, Plaintiff stated: **"I hope i get fired, so I can sue [BDO]** . . . [SHAYNA: Why are you suing them] . . . **Why the fuck not? . . . If I get fired, I'm suing them."**

[3] In multiple filings, Plaintiff has accused Defendants of being dilatory in its submission of ESI documentation. For the Court's reference, it has taken a team of five attorneys several weeks to scour the documents for responsive information, redact sensitive BDO client information, and designate documents as privileged and/or confidential, where necessary. This is quite simply an enormous undertaking, compounded by the fact that the vast majority of the documentation requested is wholly irrelevant to Plaintiff's claims. Finally, Defendants note that it is ironic that Plaintiff is accusing Defendants of dilatory conduct, when Plaintiff took over six months to produce responsive text message and have additionally taken over four months to send a revised ESI protocol to Defendants. Indeed, to date, Plaintiff has still failed to produce a revised ESI protocol in response to Defendants' revised version, which was transmitted to Plaintiff on May 12, 2023.



Magistrate Judge Lehrburger
September 19, 2023
Page 4

Respectfully,

*Lindsay F. Ditlow*

Lindsay F. Ditlow

cc: All counsel (via ECF)

McDermott
Will & Emery