WIGDOR.

**David E. Gottlieb**
dgottlieb@wigdorlaw.com

October 10, 2023

**VIA ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18D
New York, NY 10007

***Oral Argument Requested***

Re: Rinat Hafizov v. BDO USA, LLP, *et al.*; Case No.: 1:22-cv-08853 (JPC) (RWL)

Dear Judge Lehrburger,

We represent Plaintiff Rinat Hafizov and write pursuant to the Court's Individual Rules of Practice to respectfully request an order quashing subpoenas Defendants are serving on non-party Dennis Sweeney's former employers. See Ex. A. Plaintiff's counsel advised Defendants promptly after notice of these subpoenas that a motion to quash would be filed and asked for service of the subpoenas to be held in abeyance until the motion is decided, but Defendants refused to hold off on service. See Ex. B. As such, Plaintiff also respectfully requests an order directing Defendants not to serve the challenged subpoenas until this motion is decided.

As set forth the Plaintiff's Complaint, Mr. Hafizov alleges that he was terminated after he raised complaints regarding Defendant Janet Bernier's engagement in discriminatory conduct. As also set forth in the Complaint, another employee named Dennis Sweeney also claimed to have experienced discrimination and retaliation by Ms. Bernier. See Dkt. No. 60 at ¶¶110-127. As the Court is aware, Plaintiff served a subpoena to depose Mr. Sweeney about, *inter alia*, Ms. Bernier's discriminatory and retaliatory conduct.[1] Earlier today, Defendants served notice that they intend to serve subpoenas on three of Mr. Sweeney's former employers going back to 2010 – KPMG, EisnerAmper and Ryan. See Ex. A. These subpoenas seek documents related to, *inter alia*, Mr. Sweeney's performance at these other employers and complaints about Mr. Sweeney at these employers. None of the information requested has any bearing on whether BDO discriminated against and/or retaliated against Mr. Sweeney.

Courts routinely prohibit defendants from subpoenaing former employers—even where the subject is a party to the litigation—because it is irrelevant, harassing, damaging, and prejudicial.

[1] Mr. Sweeney's deposition is currently in the process of being scheduled on a date convenient for the non-party witness. Mr. Sweeney's deposition was already adjourned once at the request of Defendants' counsel has Ms. Ditlow was unavailable on the originally scheduled date.

See e.g. Vuona v. Merril Lynch & Co., No. 10 Civ. 6529 (PAE), 2011 WL 5553709 (S.D.N.Y. Nov. 15 2011) (employment dispute, quashing subpoena seeking records on former employers); Henry v. Morgan's Hotel Grp., Inc., No. 15 Civ. 1789 (ER) (JLC), 2016 WL 303114 (S.D.N.Y. Jan. 25, 2016) (quashing former employer subpoenas in employment dispute); Gambale v. Deutsche Bank, AG, No. 02 Civ. 4791 (HB) (DFE), 2003 WL 115221 (S.D.N.Y. Jan 10, 2003) (quashing subpoena seeking records from employment search firm related to former employers); Guercia v. Equinox Holdings, Inc., No. 11 Civ. 6775 (TPG), 2013 WL 2156496 (S.D.N.Y. May 20, 2013) (quashing former employer subpoenas); Peddy v. L'Oreal USA, Inc., No. 18 Civ. 7499 (RA) (JLC), 2019 WL 3926984 (S.D.N.Y. Aug. 20, 2019) (quashing former employer subpoenas and noting the "damaging effect" on an employee); Walker v. H&M Henner & Mauritz, L.P., No. 16 Civ. 3818 (JLC), 2016 WL 4742334 (S.D.N.Y. Sept. 12, 2016) (quashing subpoena seeking records on former employers); Rodriguez v. NNR Global Logistics USA, Inc., No. 14 Civ. 1766 (JFB) (AKT), 2016 WL 11673310 (E.D.N.Y. Mar. 31, 2016) (same); Conrod v. Bank of New York, No. 97 Civ. 6347 (RPP), 1998 WL 430546 (S.D.N.Y. July 30, 1998) (same); Warnke v. CVS Corp., 265 F.R.D. 64 (E.D.N.Y. 2010) (same).

In Vuona, the employer-defendant subpoenaed the plaintiffs' former employer on the basis that the plaintiffs had "asserted they were successful at other financial institutions." Vuona, 2011 WL 5553709, at *8. Even there, the court stated:

> The Court is completely unconvinced that these documents are relevant to this dispute . . . An employee's performance evaluations at one job and work environment may, or may not, bear on his or her success at a future job. Simply put, the issue here is whether [defendant's] decision-making as to Plaintiffs was based on valid considerations o r was influenced by gender bias. On the record before the Court, Plaintiffs' work histories have nothing to do with that. And any peripheral relevance the requested documents might conceivably have is decisively outweighed by the potential for harassment or reputational injury presented by a subpoena to such a former employer. [Defendant's] request to subpoena documents from Plaintiffs' prior employers is, therefore, denied in its entirety.

In Henry, 2016 WL 303114, at *2, the defendant served subpoenas on plaintiff's former employers seeking a wide array of documents. The court quashed the subpoenas and noted that:

> [plaintiff] has been prejudiced by the issuance of these subpoenas to the three former employers. . . If [he] were to seek employment at any of these [employers] his application to any of them. . . might well be adversely affected by the fact that his records had been subpoenaed in this lawsuit. While Defendant makes light of this argument, it is a legitimate concern. Indeed, the Court would be hardly surprised that, if Defendant (or any other [employer]) knew that an applicant for employment had brought a lawsuit against another [employer], it might take that into account in the hiring process.

WIGDOR.



In Gambale, the plaintiff-employee moved to preclude subpoenas issued on an executive search firm used for previous job searches. The court quashed the subpoenas, finding that search firms would be "less inclined to work with [plaintiff] if they are dragged into this litigation" and expressing a concern that "I cannot lightly dismiss [plaintiff's] worry" as to how this would impact her job search. Gambale, 2003 WL 115221, at *1. The court noted the "weakness of the defendants' claims as to relevance" and found that the subpoenas "would subject plaintiff to unnecessary annoyance and embarrassment." Id. at *2.

In Walker, the defendant subpoenaed records from plaintiff's former employer in search of evidence that might provide information related to an after-acquired evidence defense. The court quashed and stated that, "the concern that employers might as a routine matter undertake extensive discovery into an employee's background or performance on the job to resist claims under [anti-discrimination laws] is not an insubstantial one," and found that the plaintiff's "prior work history" had "nothing to do with" the claims in that action. 2016 WL 4742334, at *1-2.

In Guercia, 2013 WL 2156496, at *4, the employer-defendant served subpoenas on an employee's former employer. The court quashed and held:

> The court agrees with [plaintiff] that to permit these subpoenas to be served could be seriously detrimental to her business reputation and career. No employer relishes the experience of responding to a subpoena for an employee's records. And the stigma associated with the service of a subpoena and the revelation that [plaintiff] is participating in a lawsuit against her former employer could, if these facts were to become widely known in the construction industry, clearly interfere with [her] ability to engage in that line of work.

In Conrod, 1998 WL 430546, at *2, the court *sanctioned* the defendant-employer for issuing a subpoena on a plaintiff's employer. The court held:

> By issuing a subpoena to plaintiff's current employer, [defendants] caused plaintiff to worry about her continued employment relationship, in a manner amounting to harassment. Because of the direct negative effect that disclosures of disputes with past employers can have on present employment, subpoenas in this context, if warranted at all, should be used only as a last resort. The spirit of [FRCP 26(g)] is violated when discovery is used as a tactical weapon rather than to explore a party's claims and the facts connected therewith. The same is true with respect to third-party subpoenas issued in the early discovery phase of a discrimination litigation.

Here, the concerns are even more pronounced where the target of the subpoenas is a non-party. A subpoena "invokes the power of the court, and can disrupt the lives of non-parties." In re Circle K Corp., 199 B.R. 92, 102 (Bankr. S.D.N.Y. 1996), aff'd, No. 96 CIV. 5801 (JFK), 1997 WL 31197 (S.D.N.Y. Jan. 28, 1997). BDO should not be permitted to interfere with Mr. Sweeney's life and livelihood because they are upset the Court is permitting him to be deposed.

WIGDOR.



Finally, Defendants can provide no good reason or need to serve the subpoenas when Plaintiff promptly stated upon notice that a motion to quash would be filed. That only further demonstrates Defendants' ill-intent which has pervaded this litigation.

Respectfully submitted,

David E. Gottlieb