

**mwe.com**

Lindsay F. Ditlow
Attorney at Law
lditlow@mwe.com
+1 212 547 5425

October 30, 2023

**<u>VIA ECF</u>**

Magistrate Judge Lehrburger
The Honorable Robert W. Lehrburger
United States District Court Southern District of New York
500 Pearl Street, Courtroom 18D
New York, NY 10007

**Re:    *Hafizov v. BDO USA, LLP, et al.*; Case No.: 1:22-cv-08853 (JPC) (RWL)**

Dear Magistrate Judge Lehrburger:

Pursuant to Local Rule 6.3, Defendants BDO USA, P.C. ("BDO"), Janet Bernier and Matthew Dyment (together, the "Defendants") respectfully submit this letter memorandum of law in support of their motion for reconsideration of the Court's October 16, 2023 Order (the "Order", <u>Dkt. No. 125</u>) quashing Defendants' subpoena as to Ryan, LLC, a former employer of nonparty Dennis Sweeney ("Sweeney"), who Plaintiff is deposing in this action.

Defendants seek reconsideration because Plaintiff unambiguously lacked standing to challenge the subpoena in the first instance, the information sought is relevant to Defendants' defenses and undermining Sweeney's credibility, and respectfully, the instant Order is inconsistent with the Court's July 19, 2023 Order denying Plaintiff's motion to quash subpoenas issued to Plaintiff's former employers. *See* Transcript of July 19, 2023 Court Conference, attached at <u>Dkt. No. 102-1</u>, at 29:22–30:4.

## I.    Legal Standard

A motion for reconsideration should be granted when the movant "identifies . . . the need to correct a clear error or prevent manifest injustice." *See Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). Reconsideration should therefore be granted when a party can "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Kumaran v. Nat'l Futures Ass'n*, No. 1:20-CV-3668-GHW, 2023 WL 3160116, at *1 (S.D.N.Y. Apr. 28, 2023) (quoting *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Furthermore, in the context of a motion for reconsideration, courts have an obligation to ensure that the challenged decision was "fair to the litigants on both sides of the case." *Romero v. United States*, No. 00 CIV. 3513(RPP), 2003 WL 1483558, at *2 (S.D.N.Y. Mar. 21, 2003). "The decision to grant or deny a motion for reconsideration rests within 'the sound discretion of the district court.'" *Coventry Capital US*



One Vanderbilt Avenue   New York NY 10017-3852   Tel +1 212 547 5400   Fax +1 212 547 5444
*US practice conducted through McDermott Will & Emery LLP.*

Magistrate Judge Lehrburger
October 30, 2023
Page 2

*LLC v. EEA Life Settlements Inc.*, 439 F. Supp. 3d 169, 175 (S.D.N.Y. 2020) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

## II.    The Order is Inconsistent with the Court's July 19, 2023 Order

On July 5, 2023, Plaintiff Rinat Hafizov ("Plaintiff" or "Hafizov") filed a pre-motion letter to quash subpoenas that were to be served upon Plaintiff's former employers.  *See* Dkt. No. 74.  Within this letter, Plaintiff argued that Defendants' attempt to serve subpoenas upon his former employers was harassing, prejudicial, was being used as a "tactical weapon" by Defendants, and sought information that was wholly irrelevant to Plaintiff's claims or Defendants' defenses.  *Id.*

During the July 19, 2023 Court conference, Plaintiff's counsel repeated many of these same arguments.  *See* Dkt. No. 102-1, at 26:5–27:2.  In response, Defendants' counsel argued:

> To the extent [at] deposition, trial, [Plaintiff] would get on the stand and say, look, I have this long history, I'm a top performer at these three prior firms, there's no way that they could really have conjured up performance issues against me, it must be pretext for the discrimination and retaliation that I've suffered – we need to be able to test that credibility and impeach that testimony. And the way we can do so is through these prior performance records and information from his prior employers.

The Court ultimately agreed with Defendants' reasoning and denied Plaintiff's motion to quash.  Dkt. No. 102-1, at 29:22–30:4.

Respectfully, the Court's October 16, 2023 Order is inconsistent with its July 19, 2023 Order.  When Plaintiff moved to quash subpoenas issued to his former employers, the Court correctly balanced Defendants' legitimate interest in seeking relevant information against Plaintiff's privacy interest in the documents sought from his former employers.  *Mirkin v. Winston Res., LLC*, No. 07CIV02734(JGK)(DF), 2008 WL 4861840, at *1 (S.D.N.Y. Nov. 10, 2008) ("Even where the discovery sought is relevant, [] this Court must weigh a party's right to obtain that discovery against the burden imposed on the opposing party.").  Here, however, Plaintiff has **no privacy interest** in documents sought from Sweeney's former employers.  *See* Dkt. No. 125 ("The Court also agrees with Defendants that Plaintiff has no privacy interest in the documents sought since they concern Sweeney, not Plaintiff.").[1]

---

[1] It thus goes without saying that Plaintiff unambiguously lacked standing to bring his motion to quash in the first instance. *United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 545 (S.D.N.Y. 2016) (denying motion to quash, because quashing party had "cite[d] no authority for the proposition that a party may move to quash a nonparty subpoena in order to protect the privacy interests of [] non-parties."); *Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*, 2023 WL 163256, at *2 (S.D.N.Y. Jan. 12, 2023) ("Because Silverstone is not the recipient of the subpoena, it does not have standing to challenge the subpoena on the independent grounds of undue burden or relevance."); *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11 Civ. 1590 (LTS) (HBP), 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013) (a non-recipient "lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden").



Magistrate Judge Lehrburger
October 30, 2023
Page 3

Without a countervailing privacy interest, the Court is only left with Defendants' legitimate interest in the information from Ryan LLC to consider.

Accordingly, the Court's statement that the documents sought "would be off limits even if Sweeney were the Plaintiff," is respectfully incorrect. *See* Dkt. No. 125. The Court found that information and documentation from Plaintiff's employers was discoverable under circumstances in which Plaintiff had a *far* stronger justification in quashing the subpoenas than exist here. If information from Plaintiff's former employers could potentially be relevant to impeaching his credibility as a witness, information from Ryan LLC, Sweeney's prior employer, must surely be relevant for this same purpose.

The Court should accordingly grant Defendants' motion for reconsideration in order to avoid two inconsistent Orders. *Am. Home Assur. v. A.P. Moller-Maersk*, No. 07 CIV. 10947 BSJ, 2013 WL 8558970, at *1 (S.D.N.Y. Mar. 12, 2013) (granting motion for reconsideration where order at issue was inconsistent with an earlier order); *Sicurelli v. Jeneric/Pentron Inc.*, No. 03CV4934SLTKAM, 2005 WL 8156861, at *5 (E.D.N.Y. June 16, 2005) (same). The Court should also grant Defendants' motion for reconsideration because the information is relevant to the deposition and credibility of Sweeney, who Plaintiff has repeatedly made a star actor in the Compliant, discovery, and this litigation as a whole.

## III.  Insofar as Sweeney's Allegations of Retaliation are Relevant, the Subpoena Seeks Relevant Information regarding Sweeney's Credibility

Defendants have maintained a consistent posture regarding Sweeney's baseless allegations of retaliation—these allegations are entirely unconnected to Plaintiff, bear no relation to any of the claims or defenses in this matter, and would be inadmissible at trial. However, the Court has permitted Plaintiff to seek Sweeney's deposition testimony, over Defendants' objection. *See* Dkt. No. 116. To the extent that Mr. Sweeney's allegations are relevant at all, Defendants must be permitted to seek information that would disprove or otherwise cast doubt on the validity of his deposition or trial testimony. Indeed, allowing Sweeney to be deposed, without also allowing Defendants a meaningful opportunity to challenge his credibility during his deposition or set forth undisputed facts within a motion for summary judgment, can surely not be a decision that is "fair to the litigants on both sides of the case." *Romero*, 2003 WL 1483558, at *2.

Parties to a litigation are permitted to impeach a witness' credibility. *See generally* Fed. R. Evid. 607; 608. Sweeney's complaint, cited directly by Plaintiff within his own Complaint, alleges that by the time Sweeney had joined BDO, "Mr. Sweeney had spent decades working in high-level positions at some of the largest firms in the country" and that throughout his employment, "Mr. Sweeney's performance was nothing short of outstanding." *Sweeney v. BDO and Bernier*, No. 19 Civ. 07389 (GHW) (S.D.N.Y.), Dkt. No. 18, ¶¶ 11–12. Upon information and belief, this is untrue. Documentary evidence tending to show that Sweeney's performance at prior and subsequent employers was subpar may be used to cast doubt upon these assertions and thus diminish Sweeney's credibility as a witness.

While Plaintiff has attempted to project the impression that courts within this Circuit never permit the subpoena of former or subsequent employers, this Court has in fact often permitted the discovery and admission of this type of evidence, including in this case. For instance, in *Smith v. Tuckahoe Union Free Sch. Dist.*, the plaintiff had been employed by defendant Tuckahoe School District. No. 03 CIV.



7951 PGG, 2010 WL 3733938, at *5 (S.D.N.Y. Sept. 22, 2010). This Court found that the defendant employer had appropriately utilized evidence of the plaintiff's prior employment at West Islip School District for the purposes of undermining his credibility:

> This case turned on witness credibility and, in particular, on whether the termination of Smith was based on his poor performance or on racial or retaliatory animus. Smith's credibility was undermined by a host of factors, including evidence (1) of his poor performance in Tuckahoe; (2) that he had lied on his Tuckahoe employment application about the circumstances of his departure from West Islip; and (3) that his performance in West Islip—in connection with duties similar to those he was assigned in Tuckahoe— was seriously deficient. In sum, there was ample evidence—indeed overwhelming evidence—from which a jury could conclude that Smith's termination was not due to racial animus or retaliatory intent.

*Id.*; *see also Alexander v. New York City Dep't of Educ.*, No. 119CV07023JMFSDA, 2022 WL 1125582, at *3 (S.D.N.Y. Apr. 15, 2022) (granting defendant's motion to reconsider and denying motion to quash subpoena directed to one of plaintiff's former employers, because circumstances surrounding plaintiff's separation from prior employer "could provide relevant evidence").

Similarly, in *Mirkin v. Winston Res., LLC*, this Court denied a motion to quash a deposition subpoena directed to one of the plaintiff's subsequent employers, because the supervisor may have been "able to testify as to Plaintiff's lack of certain job skills, providing evidence that would be relevant to a defense that Plaintiff was terminated for legitimate, non-discriminatory reasons." 2008 WL 4861840, at *1.[2]

Finally, even evidence that is normally inadmissible "may be admitted to impeach the testimony of a witness who 'open[s] the door' to the subject." *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 266 (2d Cir. 1999). Sweeney, who alleged in his settled lawsuit that he "had spent decades working in high-level positions at some of the largest firms in the country," will doubtlessly rely on his experience and purportedly strong performance with other employers to bolster his own credibility at his deposition in this case. *See Sweeney v. BDO and Bernier*, No. 19 Civ. 07389 (GHW) (S.D.N.Y.), Dkt. No. 18, ¶ 11.

Defendants must be permitted to adduce evidence to rebut these claims and to challenge Sweeney's credibility. Indeed, to strip Defendants of the opportunity to lawfully discover information necessary for the defense of this matter, including the potential mini trial of Sweeney's settled claims that Plaintiff seems determined to present despite Rule 403's clear preclusion of such "evidence," would be unfairly prejudicial to Defendants. *See Laureano v. City of New York*, No. 17-CV-181 (LAP), 2021 WL 3272002, at *2 (S.D.N.Y. July 30, 2021) (finding that the common-law rule of "impeachment by contradiction" allows for the "introduction of extrinsic evidence to contradict facts a witness puts at issue on his direct [examination,]" where doing so is probative of witness' credibility and truthfulness).

---

[2] In its decision, the *Mirkin* Court found it notable that the plaintiff was no longer employed by the subpoenaed entities. *Mirkin*, 2008 WL 4861840, at *1. Although Plaintiff unambiguously lacked standing to challenge the subpoenas in the present matter on privacy grounds, it should be noted that Sweeney's own potential privacy interest in personnel records requested from Ryan LLC are greatly diminished because he no longer works for the company.



Magistrate Judge Lehrburger
October 30, 2023
Page 5

Accordingly, it is respectfully incorrect that the discovery sought would necessarily "be off limits even if Sweeney were the Plaintiff." *See* Dkt. No. 125. In many cases decided by this Court, this evidence has been found to be both discoverable and, at times, admissible at trial.

## IV.   Insofar as Sweeney's Allegations of Retaliation are Relevant, the Subpoena Directed to Ryan LLC Seeks Information Directly Relevant to those Allegations

In his own Complaint, Plaintiff alleges that "BDO sent Mr. Sweeney a threatening letter stating that following his termination he had engaged in conduct prohibited by a non-solicitation agreement he had signed during his employment" as part of a conspiracy to "prevent [Sweeney] from finding alternative employment." Compl. ¶¶ 119, 121.[3]

The letter referenced in Plaintiff's Complaint referred to Sweeney's potential breach of his non-solicitation agreement while working for a subsequent employer, Ryan LLC. In other words, Sweeney's claims of retaliation were premised, in part, on his post-employment actions at Ryan LLC and BDO's response to those actions.

To permit Plaintiff to elicit baseless deposition testimony from Sweeney that BDO retaliated against him by wrongfully asserting a breach of a non-solicitation agreement, while simultaneously preventing BDO from discovering evidence that Sweeney in fact *did* breach his non-solicitation agreement, would be manifestly unjust. Defendants must be permitted to seek relevant information from Ryan LLC to refute Sweeney's allegations of post-termination retaliation.

## V.   Conclusion

From the outset of this litigation, Defendants have argued that Sweeney's allegations bear no relevance whatsoever to Plaintiff's claims in the present matter. *See* Dkt. No. 19. Lacking any evidence to support his own baseless allegations,[4] Plaintiff has insisted on resurrecting Sweeney's equally meritless claims. Plaintiff has adamantly insisted that Sweeney's allegations are central to his own case, copied entire sections of Sweeney's complaint within his own Complaint, and even conflated his own case with that of Sweeney's at times. *See* Dkt. No. 125 ("The Court . . . agrees with Defendants that Plaintiff sometimes seems confused about whose case he is litigating -- his own case or Sweeney's settled case.").

The Court has permitted Plaintiff to depose Sweeney, and Defendants have accordingly sought documentary evidence that may rebut or cast doubt upon many of Sweeney's allegations or credibility during that deposition. Insofar as Sweeney's testimony is relevant at all, Defendants must have a

---

[3] Plaintiff and his counsel appear to have a unique penchant for conjuring up bogus retaliation claims. On July 24, 2023, this Court denied Plaintiff's motion to amend his Complaint where Plaintiff's counsel, in Your Honor's words, had "taken a routine discovery letter with observations about evidence that the Plaintiff produced and contorted it into an adverse employment action." *See* Dkt. No. 91.

[4] The dearth of factual support for Plaintiff's allegations is hardly surprising given the fact that Plaintiff already outlined the meritless nature of this lawsuit well over a year prior to his termination, stating: **"I wanna fuck these people over . . . If I get fired, I will seriously sue [Ms. Bernier] just for fun[,]"** and, on a separate occasion: **"I hope i get fired, so I can sue [BDO]** . . . [SHAYNA: Why are you suing them] . . . **Why the fuck not? . . . If I get fired, I'm suing them."**



Magistrate Judge Lehrburger
October 30, 2023
Page 6

meaningful opportunity to cross-examine him, challenge his credibility and defend against his allegations.  Plaintiff cannot drag Sweeney into the boxing ring and then demand that Defendants fight him with their arms tied behind their backs.

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' motion for reconsideration and deny Plaintiff's motion to quash.


Respectfully,

Lindsay F. Ditlow

cc: All counsel (via ECF)

