

**Monica Hincken**
mhincken@wigdorlaw.com

November 10, 2023

**VIA ECF**

The Honorable Robert W. Lehrburger
Southern District of New York
500 Pearl Street, Courtroom 18D
New York, NY 10007

      Re:    Hafizov v. BDO USA, LLP, *et al.*; Case No.: 1:22-cv-08853 (JPC) (RWL)

Dear Judge Lehrburger:

We represent Plaintiff Rinat Hafizov and write pursuant to Section II(D) of the Court's Individual Rules in anticipation of a proposed motion to compel Defendants BDO USA, LLP ("BDO"), Janet Bernier and Matthew Dyment's (together, the "Defendants") to produce relevant documents and communications in compliance with the Court's previous orders.

**I.**    **Background**

On June 6, 2023, the Court held a conference to address an array of discovery disputes including, *inter alia*, (i) the scope of Defendants' obligation to produce documents related to other acts of discrimination and retaliation by Defendants and complaints of the same, and (ii) Defendants' obligation to search electronically stored information ("ESI") of employee email accounts using search terms. Among the disputes, Defendants argued that they should not be obligated to search email addresses using search terms reflecting discrimination/use protected characteristics terms (i.e., slurs, etc.), and terms related to retaliation. See e.g. Dkt. No. 56 at 37:22-38:3.

During the conference, the Court ordered Defendants to provide an ESI hit report using Plaintiff's proposed search terms for the parties to use for their ongoing dialogue on discovery. Id. at 39:9-14; 40:2-13. However, the Court recognized that "there is the large looming issue of really what is going to be relevant here. I'm going to take a little further look into that." Id. at 41:8-10. From there, the Court ordered full motion briefing on the issue of other acts of discrimination and retaliation by Defendants and complaints of the same.[1]

Following such briefing (Dkt. Nos. 56, 58, 65, 73, 102), an oral argument (Dkt. No. 102-1), and an oral order (id.), followed by a supplemental order clarifying the verbal order (Dkt. No. 104), the scope of such discovery was defined as "Communications sent by Ms. Bernier, Mr. Dyment, or Mr. Montorio to other BDO employees that refer to one or more discriminatory protected

---

[1]    The Court also instructed that a timeframe of five years before Plaintiff's employment with BDO (i.e., 2014) was relevant for purposes of discovery. Id. at 27:24-28:3.



characteristics related to nationality, ethnicity, race, or religion." See Dkt. No. 104. The Court also ordered the production of documents related to Bernier, Dyment and Montorio's engagement in retaliatory conduct and/or complaints about same. See Dkt. No. 92 at 44:8-49:25.

Despite the Court's order, Defendants have refused to conduct an ESI search of relevant custodians' emails using the terms targeted to reveal these categories of documents. As such, no such documents have been produced. If Defendants refuse to use search terms aimed at finding these documents, the above-described litigation was an exercise in futility.

## II.    Defendants Refuse to Conduct an ESI Search with Relevant Terms

Defendants' ESI hit report with Plaintiff's proposed search terms, which Defendants refused to search while the parties were litigating the issues described above, yielded the following results with respect to the following terms and custodians:

- **Bernier**:  Animus (84 hits), Bias (939), Complain* (7,638), Discriminat* (2,869), Ethnic* (453), Gay (681), Harass* (1,416), Homo* (377), Hostil* (481), Jew* (4,528),[2] Offensive* (311), Racial (640), Racist (171), Retaliate* (275), Shabbat* (28), South Asian (82), Stereotyp* (172).[3]
- **Dyment**: Discriminat* (1,037), Ethnic* (282), Hostil* (142), Racial (633), Racist (86), Retaliate* (49). To further narrow the searches, Plaintiff applied connectors (Rinat OR Hafizov OR "RH" or "RXH") to the terms Aggressive* (1), Complain* (61), Offensive* (8).
- **Montorio**: Discriminat* (1,176), Ethnic* (125), Gay (291), Harass* (267), Hot dog* (98), Italian* (1,124), Jew* (1,986), Racial (246), Racist (33), Retaliate* (23), South Asian (8), Stereotyp* (21). To further narrow the searches, Plaintiff applied connectors (Rinat OR Hafizov OR "RH" or "RXH") to the terms Aggressive* (7) and Complain* (1).

Following the Court's order at Dkt. No. 104 (Aug. 25, 2023), weeks went by, and Plaintiff received no production.[4] This issue was mentioned tangentially in connection with other Court filings, and Defendants represented that "Defendants are preparing to produce 6,000 additional documents using certain terms within Plaintiff's ESI protocol, which will likely result in an additional production of tens of thousands of pages of additional documentation." See Dkt. No. 106 at 1 (Sept. 11, 2023). With the understanding that Defendants were searching Plaintiff's proposed search terms and reviewing documents, we waited for this production. On October 2, 2023, Defendants produced files that ostensibly constituted 20,000 pages. However, of the 20,000 pages, approximately 60% were redacted/fully withheld as non-responsive. Of the remaining 40%, approximately half were fully redacted. Moreover, from our review, it appeared that virtually none of the search terms we had requested appeared to have been used, as none of

---

[2]    Defendants have previously stated that the term Jew* yields irrelevant words such as "jewelry." Plaintiff agrees to modify the term to "Jewish" for Bernier and Montorio.

[3]    Many of these terms overlap on the same documents. For instance, the term Discriminat* has 2,869 hits but only 591 unique documents; gay has 681 hits but only 99 unique documents; and so forth.

[4]    Plaintiff had previously asked the Court to impose a deadline for ESI production but that was not granted. See Dkt. No. 56.



the terms showed up in the documents. We twice requested what search terms, custodians and timeframes had been applied.

On October 23, 2023, Defendants responded. With respect to the ESI searches, Defendants stated that they conducted a search based on "agreed-upon parameters from the Parties' meet and confer." This was entirely unclear, so we pressed for a specific answer. Eventually, Defendants revealed the terms they unilaterally chose to search. See Ex. A. Defendants searched *none* of the terms set forth above and instead for Bernier, Dyment and Montorio only searched: For Bernier: Russia! /s Rinat, Siberia!, Russki!, and Ruski!; For Dyment: "Siberia"; For Montorio: Russia! /s Rinat, Siberia!. That is, Defendants unilaterally searched only the scope of documents they wanted to search notwithstanding the extensive litigation over this issue and Court's orders.[5]

The entire reason the parties engaged in motion practice was to aid the parties in conducting ESI searches. Plaintiff respectfully requests that the Court order Defendants to apply the relevant search terms described above and review the yield for documents covered by the Court's orders.

### III.     Complaints Against Bernier, et al.

In addition to the above, the Court ordered Defendants to produce documents concerning Human Resources complaints about discriminatory/retaliatory conduct, and complaints from former employee Sweeney. See Dkt. No. 104. None have been produced. Defendants told us that "apart from the documents already produced related to Plaintiff's allegations of discriminatory treatment, there are no additional responsive, non-privileged documents."

However, it is clear from the ESI search terms disclosed that Defendants have refused to even search for such documents—so it is hardly surprising no responsive documents have been located. For instance, for the two HR professionals in the ESI protocol (Comerford and Turcotte), Defendants only searched using variations of *Plaintiff's* name/initials. See Ex. A. This was very clearly *only* looking for documents related to Plaintiff's complaints. None of the other logical terms Plaintiff previously proposed were applied. For the sake of ease and compromise, Plaintiff simply requests an order compelling Defendants to search the HR professionals' emails using the following terms: Bernier OR Janet OR Dyment OR Montorio.

With respect to Sweeney's complaints against Bernier (see Dkt. No. 116), Defendants informed Plaintiff that BDO does not retain documents from that time period in the regular course of business and they no longer have any responsive documents.[6] Thus, we are left to believe that Defendants vigorously fought against having to produce documents related to Sweeney,

---

[5]     Defendants also continue to refuse to include the following custodians in ESI searches despite acknowledging their relevance in their 26(a) disclosures: (1) Shannon Ford; (2) Tracy Ejerekhile; (3) Katrina Maranan; (4) Steve Oldroyd and Rocky Cummings. These custodians are relevant, as they are included in Plaintiff's Complaint and identified in Defendants' Rule 26(a) initial disclosures.

[6]     Of course, Defendants' counsel, which is BDO's agent and has files which belong to BDO, has such documents from their representation of BDO in the Sweeney matter.



engaging in multiple rounds of such motion practice, consuming the time and resources of the Court, only to inform us that they have no responsive documents. This is simply not credible.

## IV.     Conclusion

For the reasons stated above, Plaintiff respectfully requests an order compelling the relief requested herein and/or leave to file a more formal motion to compel discovery.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Monica Hincken

Cc:    All counsel of record (*via* ECF)