# Exhibit A

| | |
|---|---|
| **From:** | Meyer, Nicholas <Nmeyer@mwe.com> |
| **Sent:** | Thursday, November 2, 2023 12:05 PM |
| **To:** | Monica Hincken |
| **Cc:** | David Gottlieb; Christina Sabato; Ditlow, Lindsay |
| **Subject:** | RE: Hafizov v. BDO USA, LLP, et al; Case No.: 1:22-cv-08853-JPC-RWL |

Monica,

On October 5, we confirmed that our ESI production was not part of a rolling production. In other words, this production represented the entirety of the production related to the non-controversial terms, and no additional documents were being produced pursuant to these searches. Nowhere did we represent or imply that this was a full production that included documents related to every ESI search term proposed by Plaintiff.

As previously mentioned, Judge Lehrburger's August 25, 2023 Order did not address ESI search terms or contain any suggestion that Defendants were required to run searches for every one of Plaintiff's proposed search terms contained within the ESI protocol. However, to the extent that you believe additional search terms would assist in obtaining relevant documentation, we request, for a second time, that you send us a revised ESI protocol that contains Plaintiff's proposed search terms. We are not able to perform guesswork as to which search terms Plaintiff deems relevant and proportionate to his allegations and which you contend are properly within the scope of the Court's discovery orders.

However, as noted below, and consistent with Judge Lehrburger's permitted discovery scope, Defendants will only consent to search terms that are likely to lead to the production of relevant evidence and that are proportionate to the needs of this case. Defendants' hit reports demonstrate that Plaintiff's currently-proposed searches for Ms. Bernier, Comerford, Turcotte, and Mr. Dyment and Montorio would result in hits for well over 100,000 documents, likely requiring the production of millions of pages of documentation. It would take several months to search for, redact, and review such an enormous document production, to say nothing of the exorbitant fees and costs associated with such an endeavor. Furthermore, as should be plainly obvious to you from our initial ESI production, nearly the entirety of the supposed "hits" have returned nothing more than the names of BDO clients rather than relevant, responsive information.

As you know, "[s]earch terms, while helpful, must be carefully crafted." *Raine Grp. LLC v. Reign Cap., LLC*, No. 21CV1898JPCKHP, 2022 WL 538336, at *3 (S.D.N.Y. Feb. 22, 2022). Courts will not enforce proposed search terms that are overbroad and not sufficiently tailored to obtain relevant information. *Emanuel v. Gap, Inc.*, No. 19-CV-3617 (PMH), 2020 WL 5995134, at *2 (S.D.N.Y. Oct. 9, 2020). The currently proposed search terms are overly broad and require significant tailoring and modification. We trust that you will keep these directives in mind when drafting your revised proposed ESI protocol.

Best,
Nick

NICHOLAS MEYER
Associate
**McDermott Will & Emery LLP**  One Vanderbilt Avenue, New York, NY 10017-3852
**Tel** +1 929 566 8358      **Email** nmeyer@mwe.com
Website | vCard | Twitter | LinkedIn

**From:** Monica Hincken <mhincken@wigdorlaw.com>
**Sent:** Tuesday, October 31, 2023 10:34 AM

**To:** Meyer, Nicholas <Nmeyer@mwe.com>; David Gottlieb <dgottlieb@wigdorlaw.com>; Christina Sabato <csabato@wigdorlaw.com>
**Cc:** Ditlow, Lindsay <Lditlow@mwe.com>
**Subject:** RE: Hafizov v. BDO USA, LLP, et al; Case No.: 1:22-cv-08853-JPC-RWL

**[ External Email ]**
Nick,

We agree that the parties agreed that Defendants would get started on searches for ESI terms that were viewed as non-controversial. However, that is not what you represented the production to be – we specifically asked whether it was part of a rolling production and you replied that it was not, indicating that it comprised Defendants' full production. If that understanding is incorrect, please let us know.  In addition, your reference to 20,000 pages' worth of documentation is not reflective of the documents produced given that of the 20,000 pages Defendants produced, 60% of those pages were marked as non-responsive. Of the 40% remaining, around half were fully redacted.  In terms of the revised ESI protocol that you claim Defendants are owed, I am sure you recall during that call that we agreed that the Court's decisions on the scope of the discovery issues would dictate the ESI protocol moving forward. The Court's subsequent order clearly indicated that race, ethnicity, national origin, and religion are relevant to this matter.  We have already provided Defendants with search terms that fall within each of those categories in addition to search terms related to retaliation – and Defendants admittedly did not use any of those search terms.  Defendants should have already searched and produced documents related to the categories identified by the Court months ago as relevant to this litigation.  This should not even be controversial.

Best,
Monica

**From:** Meyer, Nicholas <Nmeyer@mwe.com>
**Sent:** Tuesday, October 24, 2023 4:56 PM
**To:** Monica Hincken <mhincken@wigdorlaw.com>; David Gottlieb <dgottlieb@wigdorlaw.com>; Christina Sabato <csabato@wigdorlaw.com>
**Cc:** Ditlow, Lindsay <Lditlow@mwe.com>
**Subject:** RE: Hafizov v. BDO USA, LLP, et al; Case No.: 1:22-cv-08853-JPC-RWL

Monica,

During the August 17, 2023 meet and confer, we agreed to get started on searches for ESI terms that we viewed as noncontroversial and consented to based on the Court's Orders and the hit reports that BDO ran.  The search terms referenced below reflect those terms that Defendants agreed upon within the latest ESI proposal.  Defendants provided Plaintiff with 20,000 pages' worth of documentation as a result of this effort.

During this same meeting, you informed us that you would be sending a revised ESI protocol that would include proposed search term connectors and more limited search terms to narrow the scope of the egregiously broad ESI terms—you never sent this revised document to us.  In fact, Defendants have not received any substantive response to our proposed ESI protocol that we sent to you on May 12, 2023 (i.e., **over five months ago**).  You accuse Defendants of making "unilateral decisions" related to ESI, but it should hardly come as a surprise that Defendants are making efforts to move discovery in this matter forward after nearly half a year of inaction on your part.

Your email further conflates agreed-upon ESI discovery with the Court's August 25, 2023 Order.  The Court's Order did not address the Parties' ESI Protocol, nor was a proposed ESI Protocol even submitted with Plaintiff's filings related to this motion.  The Court's Order required Defendants to perform a good faith search for any documents or communications outlined within the Order.  Defendants did so, and informed you on August 30, 2023 that apart from

2

the documents already produced related to Plaintiff's allegations of discriminatory treatment, there are no additional responsive, non-privileged documents related to these requests.

Nowhere within the Court's Order did Judge Lehrburger instruct Defendants to perform ESI searches into any term involving or relating to every single race, ethnicity, national origin, or religion imaginable. Furthermore, as should hopefully be plainly apparent from even a cursory review of the ESI documentation produced thus far, the vast majority of the search terms that we did run triggered "hits" on documents that are entirely unrelated to this litigation, returning nothing more than names of BDO clients.

Defendants continue to engage in the discovery process in good faith despite Plaintiff's repeated and unfounded accusations to the contrary. Indeed, at every turn, discovery unequivocally demonstrates a lack of factual support for Mr. Hafizov's claims and that his repeated requests are disproportionate to the case and amount to nothing more than a fishing expedition.

Accordingly, while Defendants will consider any proposed ESI searches that are relevant to this litigation and proportionate to the needs of this case, you should be advised that based on the October 2, 2023 production, Defendants are only willing to consider search terms that are narrowly tailored to return actual, responsive information rather than the names of irrelevant BDO clients.

Best,
Nick

NICHOLAS MEYER
Associate
**McDermott Will & Emery LLP**  One Vanderbilt Avenue, New York, NY 10017-3852
**Tel** +1 929 566 8358      **Email** nmeyer@mwe.com
**Website** | **vCard** | **Twitter** | **LinkedIn**

---

**From:** Monica Hincken <mhincken@wigdorlaw.com>
**Sent:** Monday, October 23, 2023 7:27 PM
**To:** Meyer, Nicholas <Nmeyer@mwe.com>; David Gottlieb <dgottlieb@wigdorlaw.com>; Christina Sabato <csabato@wigdorlaw.com>
**Cc:** Ditlow, Lindsay <Lditlow@mwe.com>
**Subject:** Re: Hafizov v. BDO USA, LLP, et al; Case No.: 1:22-cv-08853-JPC-RWL

**[ External Email ]**
Nick,

That is a complete misrepresentation of the meet and confer. We never agreed with these limited search terms. In fact, the search terms you've provided below do not even encompass what you agreed to produce during that call. As you undoubtedly remember, Defendants' position during the call was that they were only required to search and produce documents that were related to what Hafizov witnessed or experienced directly. Putting aside our disagreement with that general proposition for a moment, Defendants' search terms do not even encompass the key words that cover those allegations – for example, Plaintiff alleged that he witnessed Ms. Bernier make disparaging comments about the sexual orientation and religion of colleagues, and that he was directly told by Ms. Bernier to retaliate against a colleague. You also clearly recognize that there is an active retaliation claim in this lawsuit, including claims against both Ms. Bernier and Mr. Dyment – and yet you did not include search terms related to retaliation? How is that even explainable?

Further, Judge Lehrburger very clearly ordered Defendants to produce:

3

1. All communications sent by Bernier, Dyment or Montorio to other BDO employees that refer to one or more discriminatory protected characteristics related to nationality, ethnicity, race or religion.
2. Documents comprising or referencing complaints made by BDO employees to Human Resources about discriminatory conduct of, or hostile work environment contributed to by, Ms. Bernier, Mr. Dyment, or Mr. Montorio with respect to nationality, ethnicity, race, or religion.

See Dkt. No. 104.

Yet, these search terms reflect a failure to search for the documents ordered for production. This shows a flagrant disregard for Judge Lehrburger's order in terms of both the search terms used and the time period searched. This is supposed to be a cooperative process between the parties and you seem to have just made unilateral decisions yet again. These search terms were not run in good faith and are not in compliance with the Court's order.

---

**From:** Meyer, Nicholas <Nmeyer@mwe.com>
**Sent:** Monday, October 23, 2023 2:28 PM
**To:** Monica Hincken <mhincken@wigdorlaw.com>; David Gottlieb <dgottlieb@wigdorlaw.com>; Christina Sabato <csabato@wigdorlaw.com>
**Cc:** Ditlow, Lindsay <Lditlow@mwe.com>
**Subject:** RE: Hafizov v. BDO USA, LLP, et al; Case No.: 1:22-cv-08853-JPC-RWL

Hi Monica,

Defendants have performed a good faith search into documents relating to Mr. Sweeney's complaints of retaliation against Ms. Bernier.  Please note that you requested documents related to Mr. Sweeney's complaints of retaliation *and* discrimination, but this request exceeds the scope of the Court's September 19, 2023 Order.

Following a good faith search into BDO's records, we have ascertained that Defendants no longer maintain any documents responsive to this request.  There was no ongoing litigation hold placed on any applicable documents following the conclusion of Mr. Sweeney's lawsuit against BDO several years ago, and BDO does not currently retain documents from that time period in the regular course of business.  Accordingly, Defendants respond that they do not possess responsive documents.

As to your question regarding the ESI searches, Defendants searched BDO's records utilizing the following agreed-upon parameters from the Parties' meet and confer:

4

| # | Custodian | Time Period | Keywords |
|---|---|---|---|
| 1 | Janet Bernier | May 1, 2019 to May 18, 2022 | • Russia! /s Rinat<br>• Siberia!<br>• Russki!<br>• Ruski! |
| 2 | Matthew Dyment | May 1, 2019 to May 18, 2022 | • Siberia! |
| 3 | Nicholas Montorio | May 1, 2019 to May 18, 2022 | • Siberia!<br>• Russia! /s Rinat |
| 4 | Tenielle Comerford Amanda Turcotte | May 1, 2019 to May 18, 2022 | • Rinat OR Hafizov OR "RH" OR "RXH" |
| 5 | Kristen Fasano | May 1, 2019 to May 18, 2022 | • Siberia! |
| 6 | Rinat Hafizov | May 1, 2019 to the present | • discriminat!<br>• retaliat!<br>• mistreat!<br>• harass!<br>• racist<br>• racial<br>• hostil!<br>• bias<br>• animus<br>• stereotyp!<br>• complain!<br>• unprofessional!<br>• ethnic!<br>• Russia!<br>• Siberia! |

We remind you that we are also currently still waiting on Mr. Greiner's contact information. Please provide this without further delay.

Best,
Nick

NICHOLAS MEYER
Associate
**McDermott Will & Emery LLP**  One Vanderbilt Avenue, New York, NY 10017-3852
**Tel** +1 929 566 8358     **Email** nmeyer@mwe.com
Website | vCard | Twitter | LinkedIn

---

**From:** Monica Hincken <mhincken@wigdorlaw.com>
**Sent:** Wednesday, October 18, 2023 11:33 AM
**To:** Ditlow, Lindsay <Lditlow@mwe.com>; Meyer, Nicholas <Nmeyer@mwe.com>
**Cc:** David Gottlieb <dgottlieb@wigdorlaw.com>; Christina Sabato <csabato@wigdorlaw.com>
**Subject:** RE: Hafizov v. BDO USA, LLP, et al; Case No.: 1:22-cv-08853-JPC-RWL

**[ External Email ]**

5

Hi Lindsay,

We never said anything was contingent on anything else – and it is not. We were simply acknowledging that we would provide the information requested.

We separately asked when we could expect a response to our email which preceded your request and was ignored. The response you've provided below still does not clarify what information you intend to provide and when we can expect it.

Best,
Monica

**From:** Ditlow, Lindsay <Lditlow@mwe.com>
**Sent:** Wednesday, October 18, 2023 10:55 AM
**To:** Monica Hincken <mhincken@wigdorlaw.com>; Meyer, Nicholas <Nmeyer@mwe.com>
**Cc:** David Gottlieb <dgottlieb@wigdorlaw.com>; Christina Sabato <csabato@wigdorlaw.com>
**Subject:** RE: Hafizov v. BDO USA, LLP, et al; Case No.: 1:22-cv-08853-JPC-RWL

Hi Monica,

We are working on a response to each of your items below, but providing Mr. Greiner's contact information shouldn't be contingent on our response. If you have Mr. Greiner's contact information readily available, it should be promptly shared.

LINDSAY DITLOW
Partner
**McDermott Will & Emery LLP**  One Vanderbilt Avenue, New York, NY 10017-3852
**Tel** +1 212 547 5425     **Email** lditlow@mwe.com
Website | vCard | Twitter | LinkedIn

**From:** Monica Hincken <mhincken@wigdorlaw.com>
**Sent:** Tuesday, October 17, 2023 4:49 PM
**To:** Meyer, Nicholas <Nmeyer@mwe.com>; Ditlow, Lindsay <Lditlow@mwe.com>
**Cc:** David Gottlieb <dgottlieb@wigdorlaw.com>; Christina Sabato <csabato@wigdorlaw.com>
**Subject:** RE: Hafizov v. BDO USA, LLP, et al; Case No.: 1:22-cv-08853-JPC-RWL

**[ External Email ]**
Hi Nick,

We will be glad to provide that information. Please let us know when we can expect a response to our request (copied below) sent on October 12 related to Defendants' document production:

Can you confirm what search terms, custodians and timeframes were applied in your production? Also, when can we expect the production of documents related to Sweeney's complaints of discrimination and retaliation?

Best,
Monica

**From:** Meyer, Nicholas <Nmeyer@mwe.com>
**Sent:** Tuesday, October 17, 2023 2:52 PM
**To:** Monica Hincken <mhincken@wigdorlaw.com>; David Gottlieb <dgottlieb@wigdorlaw.com>; Christina Sabato <csabato@wigdorlaw.com>
**Cc:** Ditlow, Lindsay <Lditlow@mwe.com>
**Subject:** RE: Hafizov v. BDO USA, LLP, et al; Case No.: 1:22-cv-08853-JPC-RWL

Monica,

We are following up regarding the below.  Please provide us with Mr. Greiner's current address and contact information.

Thank you,
Nick

NICHOLAS MEYER
Associate
**McDermott Will & Emery LLP**  One Vanderbilt Avenue, New York, NY 10017-3852
**Tel** +1 929 566 8358     **Email** nmeyer@mwe.com
Website | vCard | Twitter | LinkedIn

---

**From:** Meyer, Nicholas
**Sent:** Friday, October 13, 2023 5:24 PM
**To:** Monica Hincken <mhincken@wigdorlaw.com>; David Gottlieb <dgottlieb@wigdorlaw.com>; Christina Sabato <csabato@wigdorlaw.com>
**Cc:** Ditlow, Lindsay <Lditlow@mwe.com>
**Subject:** Hafizov v. BDO USA, LLP, et al; Case No.: 1:22-cv-08853-JPC-RWL

Monica,

Pursuant to FRCP 26(a)(1)(A)(i), we request that you provide the address and telephone number of Andrew Greiner.  As you know, Plaintiff specifically refers to Mr. Greiner within his Complaint.  In addition, Plaintiff filed a signed declaration by Mr. Greiner with the Court on July 13, 2023, which Plaintiff claims to be relevant to his allegations in this matter.

Accordingly, please provide us with the address and telephone number of Mr. Greiner.

Thank you,
Nick

NICHOLAS MEYER
Associate
**McDermott Will & Emery LLP**  One Vanderbilt Avenue, New York, NY 10017-3852
**Tel** +1 929 566 8358     **Email** nmeyer@mwe.com
Website | vCard | Twitter | LinkedIn

************************************************************************************************
This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy Policy explains how we may use your personal information or data and any personal information or data provided or made available to us. Thank you.
************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.