

**mwe.com**

Lindsay F. Ditlow
Attorney at Law
lditlow@mwe.com
+1 212 547 5425

November 13, 2023

**VIA ECF**

Magistrate Judge Lehrburger
The Honorable Robert W. Lehrburger
United States District Court Southern District of New York
500 Pearl Street, Courtroom 18D
New York, NY 10007

**Re:** *Hafizov v. BDO USA, LLP, et al.*; Case No.: **1:22-cv-08853 (JPC) (RWL)**

Dear Magistrate Judge Lehrburger:

Defendants BDO USA, P.C. ("BDO"), Janet Bernier, and Matthew Dyment (together, the "Defendants") respectfully submit this pre-motion conference letter pursuant to Section III(D) of the Your Honor's Individual Rules in anticipation of a proposed motion to preclude or strike the Declaration of Andrew Greiner (the "Declaration"), submitted to the Court by Plaintiff Rinat Hafizov ("Plaintiff" or "Hafizov") on July 13, 2023. *See* Dkt. No. 85-1.

In the Declaration, Mr. Greiner levels several baseless allegations against Ms. Bernier, asserting that Ms. Bernier "created a difficult and toxic environment, in part due to her offensive and discriminatory treatment of employees," that Ms. Bernier made derogatory comments regarding an employee's observance of Shabbat, and that Ms. Bernier failed to hire a Jewish candidate on the basis of the applicant's religion. *Id.* Despite throwing these defamatory and false accusations into the public forum, Plaintiff has steadfastly refused to provide valid contact information for Mr. Greiner and, as such, Defendants have been unable to serve a subpoena upon Mr. Greiner. Accordingly, Defendants respectfully request that the Declaration be precluded from any future submissions by Plaintiff or stricken in its entirety.

    **I.    Plaintiff Refuses to Provide Valid Contact Information for Mr. Greiner, and Mr. Greiner is Otherwise Unavailable**

Plaintiff's Complaint alleges that "Ms. Bernier rejected a highly qualified [Jewish] candidate who had also been recommended by a colleague, Andrew Greiner (former Senior Associate, SALT)." *See* Dkt. No 60, ¶ 38; *see also id.* ¶ 63 (Mr. Nicholas Montorio compiled a list stating that Ms. Bernier "[f]latly reject[ed] a highly qualified and regarded candidate because she was Jewish. The candidate was recommended by Andrew Greiner, as he was resigning.").

In Defendant's First Set of Interrogatories directed to Plaintiff, Defendants requested that Plaintiff "identify any individual with knowledge or information regarding the allegations in your Complaint." *See* Defendants' First Set of Interrogatories to Plaintiff, Interrogatory No. 3, attached hereto at Exhibit A. The term "identify" is defined within the interrogatories to mean "to give, to the extent known, the person's full name, <u>present or last known address</u>, and when referring to a natural person, additionally, the present or last known place of employment." *Id.* at Definition No. 9 (emphasis added). Despite the fact that this is a standard interrogatory in employment discrimination litigations, and despite the fact that Plaintiff himself submitted an identical interrogatory to all three



One Vanderbilt Avenue  New York NY 10017-3852  Tel +1 212 547 5400  Fax +1 212 547 5444

*US practice conducted through McDermott Will & Emery LLP.*

Defendants, who responded substantively with the requested information, Plaintiff refused to respond to this interrogatory outright. Instead, Plaintiff responded that "he cannot speculate as to the observations and knowledge of third parties." *See* Plaintiff's Response to Defendants' First Set of Interrogatories, Response No. 3, attached hereto at Exhibit B. Furthermore, Plaintiff failed to identify Mr. Greiner as an individual likely to have discoverable information within his Rule 26 disclosures. *See* Plaintiff's Rule 26 Disclosures, attached hereto at Exhibit C. In other words, Plaintiff specifically referred to Mr. Greiner, by name, within his Complaint, yet refused to identify him as an individual who possessed knowledge of the allegations within his Complaint.

On July 13, 2023, Plaintiff publicly filed Mr. Greiner's Declaration, in which Mr. Greiner repeated and made further baseless allegations about Ms. Bernier. *See* Dkt. No. 85-1. Thereafter, on September 29, 2023, Defendants provided notice to Plaintiff's counsel that Defendants intended to serve a subpoena upon Mr. Greiner, seeking documentation and deposition testimony regarding the allegations within the Complaint and the Declaration. Defendants were able to ascertain what they believed to be Mr. Greiner's residential address in Oakland, California from a public records search. On October 3, 2023, Defendants' agent attempted to serve Mr. Greiner with a subpoena at this address but were unable to enter the apartment building and were unable to contact the building manager. On October 5, 2023, Defendants' agent made another unsuccessful attempt to serve Mr. Greiner at this address. Defendants' agent made yet another attempt to serve Mr. Greiner on the evening of October 10, 2023, and two more unsuccessful attempts on October 11, 2023. On the agent's final attempt to serve Mr. Greiner at the Oakland, California address, the building's property manager informed Defendants' agent that Mr. Greiner had moved.

As a result of these five unsuccessful attempts to serve Mr. Greiner with a subpoena, Defendants contacted Plaintiff's counsel on October 13, 2023 to request that Plaintiff provide Mr. Greiner's residential address pursuant to his discovery obligations under Federal Rule of Civil Procedure 26(a). *See* Email Correspondence Defendants' Correspondence to Plaintiff's Counsel, attached hereto at Exhibit D.[1] After nearly two weeks, on October 25, 2023, Plaintiff's counsel provided Mr. Greiner's phone number, but stated that they did not have his residential address. *Id.*

On October 31, 2023, Defendants' agent made one last attempt to serve Mr. Greiner at another potential address found via public record search in Montclair, New Jersey, but was informed that Mr. Greiner did not reside at that address either. On November 6, 2023, Defendants' counsel attempted to contact Mr. Greiner at the phone number provided by Plaintiff's counsel and another phone number found via public record search. Both phone numbers returned error messages stating that the calls could not be completed. As a result, Defendants' counsel wrote an email to Plaintiff's counsel to see if Plaintiff's counsel would be willing to either provide Mr. Greiner's address, as they have clearly been in contact with him recently, or accept service on Mr. Greiner's behalf. Plaintiff's counsel represented that they were unaware of Mr. Greiner's address and refused to accept service on his behalf. *See* Email Correspondence, attached hereto at Exhibit E.

    **II.**    **Mr. Greiner's Declaration Must be Precluded or Stricken**

In short, Defendants have made six separate attempts to serve Mr. Greiner with a subpoena, have attempted to contact Mr. Greiner via two separate telephone numbers, have contacted Plaintiff's counsel multiple times to request Mr. Greiner's residential address, and requested that Plaintiff's counsel accept service on Mr. Greiner's behalf given their prior submission of Mr. Greiner's testimony. Defendants' efforts have proven to be fruitless, and they have been unable to serve Mr. Greiner or even to establish contact with him. Accordingly, Mr. Greiner's Declaration

---

[1] Plaintiff's counsel ignored the email correspondence, requiring Defendants' counsel to follow-up with a second email on October 17, 2023. *See* Exhibit C.



Magistrate Judge Lehrburger
November 13, 2023
Page 3

must be precluded or stricken pursuant to either Federal Rule of Civil Procedure 37(c)(1) or 56(c)(4), and the Declaration should not be permitted to be used in connection with future Court filings or any future motion for summary judgment.

Federal Rule of Civil Procedure 26 requires a party to identify "the name and, if known, the address and telephone number of each individual likely to have discoverable information," and further requires a party supplement their Rule 26(a) disclosure or any interrogatory responses in a timely manner "if the party learns that in some material respect the disclosure or response is incomplete." Fed. R. Civ. P. 26(a)(1)(A)(i); *id.* 26(e). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Notably, precluding evidence pursuant to Rule 37(c)(1) does *not* require a showing of bad faith. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006). A party is thus not permitted to rely upon a declaration of a witness who is completely unavailable during the discovery process. *See New World Solutions, Inc. v. NameMedia Inc.*, 150 F.Supp.3d 287, 305–09 (S.D.N.Y. 2015) (granting defendant's motion to strike witness' declaration pursuant to Rule 37 where witness was entirely unavailable for deposition during discovery).

In addition, Federal Rule of Civil Procedure 56(c)(4) requires that an "affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is *competent to testify* on the matters stated." Fed. R. Civ. P. 56(c)(4) (emphasis added). As such, a party introducing an affidavit must make "an implicit or explicit showing that the affiant *is prepared to testify in a manner consistent with [the] affidavit*." *Santos v. Murdock*, 243 F.3d 681, 684 (2d Cir. 2001) (emphasis added). This Court has accordingly struck the affidavit of a nonparty witness where the parties were unable to ascertain the witness' address or contact information:

> [W]ith respect to M. Williams's affidavit, Noval has not established, in the affidavit or in its briefs, that M. Williams is prepared to testify . . . . M. Williams has not been reachable . . . . After appropriate, reasonable search, Executors could not find M. Williams. Noval has not been able to cure that either. If M. Williams cannot be reached with reasonable diligence, the Court cannot find that M. Williams is prepared to testify. Accordingly, the Court grants the motion to strike the affidavit[.]

*Noval Williams Films LLC v. Branca*, No. 14 CIV. 4711 (PAC), 2018 WL 389092, at *3 (S.D.N.Y. Jan. 11, 2018); *see also Mid Atlantic Framing, LLC v. AVA Realty Ithaca, LLC*, 2018 WL 1605567, at *5 (N.D.N.Y. March 29, 2018) (striking affidavit where party had "been able to procure from Varish several statements that are prejudicial to [opposing party's] position, yet [opposing party] has been denied any opportunity to depose Varish testing the veracity of these claims.").

Here, Plaintiff is either unable or unwilling to provide Defendants with Mr. Greiner's address information that would allow Defendants to request relevant documents and deposition testimony to rebut Mr. Greiner's baseless allegations. Mr. Greiner is clearly an individual who possesses knowledge regarding the allegations in Plaintiff's Complaint; indeed, he is mentioned by name within certain allegations. *See* Dkt. No 60, ¶¶ 38, 63. Plaintiff has used this Declaration in support of one of his motions in the past (*see* Dkt. No. 84; 85; 85-1) and will doubtless continue to use this Declaration in the future filings including, though not limited to, in connection with a motion for summary judgment. Defendants would be unequivocally and irreparably prejudiced if the Court were to allow Plaintiff to continue to use the Declaration for his own purposes, without Defendants having an opportunity to obtain documents that could rebut Mr. Greiner's baseless allegations or to cross examine Mr. Greiner regarding



Magistrate Judge Lehrburger
November 13, 2023
Page 4

those allegations. *Compare Preuss v. Kolmar Labs., Inc.*, 970 F. Supp. 2d 171, 175 (S.D.N.Y. 2013) (failure to comply with Rule 37(c)(1) is considered harmless where "there is no prejudice to the party entitled to the disclosure.").

Plaintiff may argue that Defendants' motion is premature, and that they have not yet been prejudiced by their inability to depose Mr. Greiner. However, Mr. Greiner is clearly unavailable as a witness. Defendants have already spent considerable time and resources in attempting to serve a subpoena upon him and should not be required to expend additional resources to continue attempting to locate him or opposing his testimony in further court proceedings. Moreover, Plaintiff's counsel has represented that they too are unaware of Mr. Greiner's address and are unwilling to accept service on his behalf.[2] Nothing will change in this regard from the present moment in time to the time of any dispositive motion.

### III.     Conclusion

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' motion to strike or preclude the Declaration, and for any other relief that the Court deems proper.

Respectfully,

Lindsay F. Ditlow

cc: All counsel (via ECF)

---

[2] To the extent that Plaintiff represents that he has now serendipitously been able to locate Mr. Greiner's address information, after repeatedly refusing to provide this information to Defendants, Defendants intend to move for sanctions pursuant to Rule 37(c)(1) to recover reasonable attorney's fees, costs, and other relief that the Court deems proper. *See Tse v. UBS Fin. Servs., Inc.*, 568 F. Supp. 2d 274, 323–24 (S.D.N.Y. 2008) ("defendant is entitled to a reasonable portion of its attorneys' fees and costs incurred in searching for Getz, as it was plaintiff's inadequate initial disclosure that first created the situation, and as plaintiff was aware that defendant was having trouble locating Getz and did nothing to cure her previously inadequate disclosure, even though she was provided with that opportunity several times prior to October 2005, when that information was finally provided after the Court's intervention.").

