# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

RINAT HAFIZOV,
*Plaintiff*.

v.

BDO USA, LLP, JANET BERNIER and MATTHEW DYMENT, in their individual and professional capacities,
*Defendants*.

Case No. 1:22-cv-08853

**DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF RINAT HAFIZOV**

Defendants BDO USA, LLP, Janet Bernier, and Matthew Dyment (together, the "Defendants"), by and through their attorneys, McDermott Will & Emery LLP, hereby request, pursuant to Federal Rules of Civil Procedure 26 and 34, that Plaintiff Rinat Hafizov ("Plaintiff" or "you" or "your") responds to the interrogatories below, in accordance with said Rules, within thirty (30) days from the date of service of this request. Plaintiff's responses to Defendants' First Set of Interrogatories to Plaintiff are due within thirty (30) days of the service of these requests upon Plaintiff. These requests should be read, interpreted and responded to in accordance with the instructions and definitions below, in addition to the Federal Rules of Civil Procedure and the Local Civil Rules of New York. Defendants reserve the right to serve supplemental interrogatories at a later date.

**DEFINITIONS**

1. **Plaintiff**," "**Hafizov**," "**you**," or "**your**" shall refer to the Plaintiff Rinat Hafizov.

2. "**BDO**" shall refer to Defendant BDO USA, LLP.

3. "**Ms. Bernier**" shall refer to Defendant Janet Bernier.

4. “**Mr. Dyment**” shall refer to Defendant Matthew Dyment.

5. The term “**Complaint**” refers to the Complaint filed by you on October 17, 2022, in the United States District Court for the Southern District of New York.

6. The term **“Answer”** refers to the Answer filed by Defendants in this action on or around November 7, 2022.

7. The term “**communication**” means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

8. The term “**document**” is defined to be synonymous in meaning and equal in scope to the usage of the term “documents or electronically stored information” in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

9. When referring to a person, “**to identify**” means to give, to the extent known, the person’s full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

10. When referring to documents, “**to identify**” means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

11. The term “**person**” is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

12. The term “**concerning**” means relating to, referring to, describing, evidencing or constituting.

13. The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

14. The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope

15. The use of the singular form of any word includes the plural and vice versa.

**INSTRUCTIONS**

1. Unless otherwise indicated, the time period covered by these Requests is from May 1, 2019, to and including the date of Hafizov's response, subject to Hafizov's continuing obligations to further respond to these Requests.

2. These Requests shall be deemed continuing in nature to require Hafizov's further and supplemental responses to the full extent permitted by Fed. R. Civ. P. 26(e). Hafizov must correct or supplement his responses as Hafizov acquires and/or learns of information responsive to any Request.

3. In responding to these Interrogatories, Hafizov must provide all information which is available, including information in the possession, custody or control of Hafizov's attorneys or anyone else acting on Hafizov's behalf. Each answer must be made separately and fully.

4. Each Interrogatory should be answered by specifying specific documents that will allow Defendants to locate and identify the documents and ascertain the answer as readily as Hafizov.

5. If any information is withheld under claim of privilege or for any other reason, Hafizov must provide a statement of the nature of the privilege or immunity and any information

required by Local Rules. Should any Interrogatory call for information subject to privilege, Plaintiff must also set forth the basis for Hafizov's claim of privilege or immunity with respect to the information that Hafizov refuses to provide.

6. The foregoing definitions and instructions are not intended to limit Hafizov's obligations under the Federal Rules of Civil Procedure or any other applicable rule, regulation or law. As such, if any of the foregoing definitions or instructions are deemed to require the provision of less information than otherwise would be required by the Federal Rules of Civil Procedure or any other applicable rule, regulation or law, than such other rule, regulation or law is to govern in relevant part.

7. If Plaintiff cannot answer any of the following Interrogatories in full, after exercising due diligence to secure the information necessary to do so, so state and answer to the fullest extent possible, specifying Plaintiff's inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

8. Each Interrogatory not only calls for information known to Plaintiff, but also calls for all information available to Plaintiff through reasonable inquiry, including inquiry of plaintiff's representatives and agents.

## INTERROGATORIES

**INTERROGATORY NO. 1**

Please identify each and every individual whom you believe witnessed any of the allegations in your Complaint, including but not limited to, discrimination against you on the basis of your Russian national origin, or retaliation for engaging in protected activity, under § 1981, NYSHRL, or NYCHRL

**ANSWER**

**INTERROGATORY NO. 2**

Please identify each and every individual you have spoken with regarding the allegations in your Complaint.

**ANSWER**

**INTERROGATORY NO. 3**

Please identify any individual with knowledge or information regarding the allegations in your Complaint.

**ANSWER**

**INTERROGATORY NO. 4**

Please identify any individual with knowledge or information regarding the allegations, admissions, and denials in Defendants' Answer.

**ANSWER**

**INTERROGATORY NO. 5**

Please identify each and every person who you may call as a witness at trial.

**ANSWER**

**INTERROGATORY NO. 6**

Please identify any individual who provided you with feedback, whether positive or negative, regarding your work performance while you were employed at BDO.

**ANSWER**

**INTERROGATORY NO. 7**

Please identify any individual who referred to your office as "Siberia," as alleged in Paragraph 30 of your Complaint.

**ANSWER**

**INTERROGATORY NO. 8**

Please identify the "10 to 15 clients" who you purportedly developed new business with, as alleged in Paragraph 25 of your Complaint.

**ANSWER**

**INTERROGATORY NO. 9**

Please identify the "other employees" who discussed Ms. Bernier's behavior of "inject[ing] protected characteristics of all kinds into the workplace," as alleged in Paragraph 39 of your Complaint.

**ANSWER**

**INTERROGATORY NO. 10**

Please identify any individual who you believe has been harassed, mistreated, or in any other way discriminated against on the basis of their protected classes by Ms. Bernier or any other BDO employee.

**ANSWER**

**INTERROGATORY NO. 11**

In connection with Interrogatory No. **10**, please identify any individual about whose treatment you expressed concern to Mr. Nicholas Montorio, Ms. Tenielle Comerford, or any other BDO employee, as alleged in Paragraphs 62, 64, 65, and 70–78 of your Complaint.

**ANSWER**

**INTERROGATORY NO. 12**

Please identify any individual who you interviewed for open roles at BDO, as alleged in Paragraph 97 of your Complaint.

**ANSWER**

**INTERROGATORY NO. 13**

Please identify any individual who you believe has retaliated against you in connection with the allegations described in your Complaint.

**ANSWER**

**INTERROGATORY NO. 14**

Please list all documents and communications that support any of your allegations in the Complaint.

**ANSWER**

**INTERROGATORY NO. 15**

Please itemize the dollar amounts of all of your alleged damages that you believe you are entitled to from Defendants as alleged in your Complaint, including the basis for each calculation and all off-sets as follows:

(a) Monetary and/or Economic Damages

(b) Harm to your professional and professional reputation and loss of career fulfillment

(c) Pain and Suffering and Emotional Distress

(d) Punitive Damages

(e) Fees and Costs

**ANSWER**

**INTERROGATORY NO. 16**

Please list all documents that support your alleged damages.

**ANSWER**

**INTERROGATORY NO. 17**

Please list all individuals with information supporting your alleged damages.

**ANSWER**

**INTERROGATORY NO. 18**

Please identify all medical practitioners (for purposes of this Interrogatory, an as used herein, the term "medical practitioners" includes physicians, physician's assistants, nurses, physical therapists, acupuncturists, dentists, psychiatrists, psychologists, therapists, and others who provide healing services of a physical nature, mental nature, and/or emotional nature) who have treated you regarding your behavioral, emotional, and psychological health for the last ten (10) years.

**ANSWER**

**INTERROGATORY NO. 19**

Please identify all individuals from whom you have sought and/or obtained a statement and/or recording concerning the allegations in the Complaint and produce a copy of such statement and/or recording.

**ANSWER**

**INTERROGATORY NO. 20**

Please identify all individuals who provided information used or relied upon in responding to these Interrogatories.

**ANSWER**

**INTERROGATORY NO. 21**

Please identify all of the employers for whom you have been employed or worked, in any capacity, in the last ten (10) years.

**ANSWER**

**INTERROGATORY NO. 22**

Please identify all occasions in which you confided in Mr. Nicholas Montorio, as alleged in Paragraph 61 of your Complaint.

**ANSWER**

Dated: December 15, 2022

Respectfully submitted,

/s/ *Lindsay F. Ditlow*
Lindsay F. Ditlow
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue, Suite 6700
New York, New York 10017
Phone: (212) 547-5400
lditlow@mwe.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2022, I electronically served the foregoing **Defendants' First Set of Interrogatories to Plaintiff Rinat Hafizov** to Plaintiff Rinat Hafizov's counsel of record at dgottlieb@wigdorlaw.com.

/s/ *Lindsay F. Ditlow*
Lindsay F. Ditlow