# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RINAT HAFIZOV,

                                   Plaintiff,

v.

BDO USA, LLP, JANET BERNIER and
MATTHEW DYMENT, in their individual and
professional capacities,

                                   Defendants.
------------------------------------------------------------X

Civil Action No.: 1:22-cv-08853
(JPC)

## PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and the Local Civil Rules of the United States District Court, Southern District of New York ("Local Civil Rules"), and all other relevant provisions thereof, Plaintiff Rinat Hafizov ("Plaintiff" or "Mr. Hafizov"), by and through his undersigned counsel, Wigdor LLP, hereby responds to Defendants BDO USA, LLP ("BDO" or the "Company"), Janet Bernier and Matthew Dyment's First Set of Interrogatories ("Interrogatories") in accordance with the numbered requests as set forth below. These responses and objections reflect Plaintiff's current knowledge and the results of his investigation to date. Plaintiff reserves the right to amend or supplement these responses in the future in accordance with FRCP 26(e)(1) as may be necessary or appropriate.

## OBJECTIONS TO "DEFINITIONS" AND "INSTRUCTIONS"

Plaintiff objects to Defendants' "Definitions" and "Instructions" to the extent that Defendants seek to impose obligations that go beyond the provisions and requirements of the FRCP and the Local Civil Rules.

## GENERAL OBJECTIONS

Plaintiff objects to Defendants' Interrogatories on the following general grounds, which are also to be applied specifically to each Interrogatory:

1. The Interrogatory seeks information that is irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence.

2. The Interrogatory is overly broad, oppressive and/or unduly burdensome.

3. The Interrogatory seeks the disclosure of confidential personal, medical and/or business information concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff.

4. The Interrogatory seeks the disclosure of information or materials that concern individuals or corporations other than Plaintiff who are not parties to this action, the disclosure of which would violate the privacy or proprietary interests of such individuals or corporations.

5. The Interrogatory is vague, ambiguous and/or lacks sufficient particularity so that Plaintiff cannot understand what information Defendants are seeking and is unable to formulate a responsive answer.

6. The Interrogatory seeks the disclosure of information that is protected from disclosure under attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle. Inadvertent identification or production of any such information shall not constitute a waiver of any privilege with respect to the subject matter therein and shall not waive Plaintiff's right to object to the use of any such information during any subsequent proceeding.

7. The Interrogatory is not reasonably limited in time or seeks the disclosure of information outside the time period relevant to the present litigation.

8.  The Interrogatory exceeds the permissible scope of interrogatory requests as set forth in the FRCP and/or Local Civil Rules.

9.  The Interrogatory seeks the disclosure of information already known or available to Defendants that is more readily obtained by Defendants without subjecting Plaintiff to unreasonable burden and expense.

10. The Interrogatory is duplicative and cumulative of other Interrogatories.

11. The Interrogatory is premature, and Plaintiff cannot provide a full response until after further discovery is conducted.

12. The Interrogatory requires a legal conclusion, assessment or determination, which will be adjudicated only by a Judge and/or Jury.

13. The Interrogatory exceeds the permissible number of interrogatory requests as set forth in the FRCP and/or Local Civil Rules.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify each and every individual whom you believe witnessed any of the allegations in your Complaint, including but not limited to, discrimination against you on the basis of your Russian national origin, or retaliation for engaging in protected activity, under § 1981, NYSHRL, or NYCHRL.

### RESPONSE:

Plaintiff objects on the basis of the following General Objections: 1, 2, 4, 5, 7, 9 and 10. Plaintiff further objects on the basis that the Interrogatory is requesting identification of individuals as to such a broad scope of information and allegations that it cannot be reasonably answered. Plaintiff further objects on the basis that he cannot speculate as to the observations and knowledge of third parties.

3

**INTERROGATORY NO. 2:**

Please identify each and every individual you have spoken with regarding the allegations in your Complaint.

**RESPONSE:**

Plaintiff objects on the basis of the following General Objections: 1, 2, 3, 4, 5, 6, 7, 9 and 10. Plaintiff further objects on the basis that the Interrogatory is requesting identification of individuals as to such a broad scope of information and allegations that it cannot be reasonably answered. Plaintiff further objects on the basis of marital and/or spousal privilege. Subject to and without waiving the foregoing objections, Plaintiff states that in addition to the individuals identified in the Complaint, he may have spoken to Shayna Becker regarding allegations contained within the Complaint.

**INTERROGATORY NO. 3:**

Please identify any individual with knowledge or information regarding the allegations in your Complaint.

**RESPONSE:**

Plaintiff objects on the basis of the following General Objections: 1, 2, 3, 4, 5, 6, 7, 9 and 10. Plaintiff further objects on the basis that the Interrogatory is requesting identification of individuals as to such a broad scope of information and allegations that it cannot be reasonably answered. Plaintiff further objects on the basis of marital and/or spousal privilege. Plaintiff further objects on the basis that he cannot speculate as to the observations and knowledge of third parties.

**INTERROGATORY NO. 4:**

Please identify any individual with knowledge or information regarding the allegations, admissions, and denials in Defendants' Answer.

4

**RESPONSE:**

Plaintiff objects on the basis of the following General Objections: 1, 2, 3, 4, 5, 6, 7, 9 and 10. Plaintiff further objects on the basis that the Interrogatory is requesting identification of individuals as to such a broad scope of information and allegations that it cannot be reasonably answered. Plaintiff further objects on the basis of marital and/or spousal privilege. Plaintiff further objects on the basis that he cannot speculate as to the observations and knowledge of third parties.

**INTERROGATORY NO. 5:**

Please identify each and every person who you may call as a witness at trial.

**RESPONSE:**

Plaintiff objects on the basis of the following General Objections: 11. Plaintiff further objects to this Interrogatory to the extent that it is premature as he has not yet made any such determinations, and Plaintiff cannot provide a full response until after discovery is conducted.

**INTERROGATORY NO. 6:**

Please identify any individual who provided you with feedback, whether positive or negative, regarding your work performance while you were employed at BDO.

**RESPONSE:**

Plaintiff objects on the basis of the following General Objections: 1, 2, 4, 7, 9 and 10. Plaintiff further objects on the basis that the term "feedback" is overly broad, vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff states that he recalls being given feedback from numerous people at BDO including but not limited to, Nick Montorio, Matt Dyment, Janet Bernier, Andrea Collins, Anke Kruger, Nick Dulo, Tony Manners, Natalia Shapel and Paul McGovern.

**INTERROGATORY NO. 7:**

Please identify any individual who referred to your office as "Siberia," as alleged in Paragraph 30 of your Complaint.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff states that the following people at BDO used the word "Siberia" in his recollection: Janet Bernier, Kristen Fasano, Trudy Sinton and Nick Montorio.

**INTERROGATORY NO. 8:**

Please identify the "10 to 15 clients" who you purportedly developed new business with, as alleged in Paragraph 25 of your Complaint.

**RESPONSE:**

Plaintiff objects on the basis of the following General Objections: 1, 2, 3, 4, 5, 7 and 9. Subject to and without waiving the foregoing objections, Plaintiff states that these clients included but were not limited to Jura, Kano Computing, Pavana, Deferit, Cover Genius, Invivo, Zetland Capital, Pirate.com, Tectrade and Infucare.

**INTERROGATORY NO. 9:**

Please identify the "other employees" who discussed Ms. Bernier's behavior of "inject[ing] protected characteristics of all kinds into the workplace," as alleged in Paragraph 39 of your Complaint.

**RESPONSE:**

Plaintiff objects on the basis of the following General Objections: 4 and 6. Subject to and without waiving the foregoing objections, Plaintiff identifies Nick Montorio.

**INTERROGATORY NO. 10:**

Please identify any individual who you believe has been harassed, mistreated, or in any other way discriminated against on the basis of their protected classes by Ms. Bernier or any other BDO employee.

**RESPONSE:**

Plaintiff objects on the basis of the following General Objections: 4, 6 and 9. Subject to and without waiving the foregoing objections, Plaintiff states that all such individuals are identified in the Complaint.

**INTERROGATORY NO. 11:**

In connection with Interrogatory No. 10, please identify any individual about whose treatment you expressed concern to Mr. Nicholas Montorio, Ms. Tenielle Comerford, or any other BDO employee, as alleged in Paragraphs 62, 64, 65, and 70–78 of your Complaint.

**RESPONSE:**

Plaintiff objects on the basis of the following General Objections: 4, 6 and 9. Subject to and without waiving the foregoing objections, Plaintiff states that all such individuals are identified in the Complaint.

**INTERROGATORY NO. 12:**

Please identify any individual who you interviewed for open roles at BDO, as alleged in Paragraph 97 of your Complaint.

**RESPONSE:**

Plaintiff objects on the basis of the following General Objections: 1, 4 and 9. Subject to and without waiving the foregoing objections, Plaintiff identifies Zachary Mike, Michael Paladino, Channon Giere, Kiran Ahman and others.

**INTERROGATORY NO. 13:**

Please identify any individual who you believe has retaliated against you in connection with the allegations described in your Complaint.

**RESPONSE:**

Plaintiff objects on the basis of the following General Objections: 9 and 11. Subject to and without waiving the foregoing objections, Plaintiff identifies Janet Bernier and Matt Dyment and potentially others involved in his termination.

**INTERROGATORY NO. 14:**

Please list all documents and communications that support any of your allegations in the Complaint.

**RESPONSE:**

Plaintiff objects on the basis of the following General Objections: 5 and 8. Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged responsive documents related to his employment at BDO.

**INTERROGATORY NO. 15:**

Please itemize the dollar amounts of all of your alleged damages that you believe you are entitled to from Defendants as alleged in your Complaint, including the basis for each calculation and all off-sets as follows:

1. Monetary and/or Economic Damages
2. Harm to your professional and professional reputation and loss of career fulfillment
3. Pain and Suffering and Emotional Distress
4. Punitive Damages
5. Fees and Costs

**RESPONSE:**

Plaintiff objects on the basis of the following General Objections: 5, 6, 8 and 11. Plaintiff further objects to this Interrogatory to the extent that it is premature as he has not yet made any such determinations, and Plaintiff cannot provide a full response until after discovery is conducted. Subject to and without waiving the foregoing objections, Plaintiff will seek all available damages to the greatest extent permitted by law, but he has not yet conducted any such calculation and will not do so until the completion of discovery.

**INTERROGATORY NO. 16:**

Please list all documents that support your alleged damages.

8

**RESPONSE:**

Plaintiff objects on the basis of the following General Objections: 5 and 8. Plaintiff further objects to this Interrogatory to the extent that it is premature. Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged responsive documents that he intends to introduce at trial to support his claim for damages.

**INTERROGATORY NO. 17:**

Please list all individuals with information supporting your alleged damages.

**RESPONSE:**

Plaintiff objects on the basis of the following General Objections: 1, 2, 3, 4 and 5. Plaintiff further objects on the basis that the Interrogatory is requesting identification of individuals as to such a broad scope of information and allegations that it cannot be reasonably answered. Plaintiff further objects on the basis that he cannot speculate as to the observations and knowledge of third parties.

**INTERROGATORY NO. 18:**

Please identify all medical practitioners (for purposes of this Interrogatory, an as used herein, the term "medical practitioners" includes physicians, physician's assistants, nurses, physical therapists, acupuncturists, dentists, psychiatrists, psychologists, therapists, and others who provide healing services of a physical nature, mental nature, and/or emotional nature) who have treated you regarding your behavioral, emotional, and psychological health for the last ten (10) years.

**RESPONSE:**

Plaintiff objects on the basis of the following General Objections: 1, 2, 3, 5, 6 and 11. Plaintiff further objects on the basis of doctor-patient privilege. Plaintiff further objects that the Interrogatory is overly broad and unreasonably limited in time or scope. Subject to and without waiving the foregoing objections, Plaintiff will produce all documents he intends to use at trial to substantiate his claim for compensatory damages.

9

### INTERROGATORY NO. 19:

Please identify all individuals from whom you have sought and/or obtained a statement and/or recording concerning the allegations in the Complaint and produce a copy of such statement and/or recording.

### RESPONSE:

Plaintiff objects on the basis of the following General Objections: 4, 5 and 6. Plaintiff further objects on the basis of attorney-client and/or attorney work-product privilege. Subject to, and without waiving the foregoing objections, Plaintiff has not personally obtained any written statements from any witnesses regarding his claims.

### INTERROGATORY NO. 20:

Please identify all individuals who provided information used or relied upon in responding to these Interrogatories.

### RESPONSE:

Plaintiff objects on the basis of the following General Objections: 6. Plaintiff further objects on the basis of attorney-client and/or attorney work-product privilege. Subject to and without waiving the foregoing objections, Plaintiff states no one other than himself.

### INTERROGATORY NO. 21:

Please identify all of the employers for whom you have been employed or worked, in any capacity, in the last ten (10) years.

### RESPONSE:

Plaintiff objects on the basis of the following General Objections: 1, 2, 3, 4, 5, 7, 8 and 9. Plaintiff further objects on the basis that the Interrogatory seeks information which is irrelevant, intrusive, harassing and likely to be used to engage in further retaliation.

### INTERROGATORY NO. 22:

Please identify all occasions in which you confided in Mr. Nicholas Montorio, as alleged in Paragraph 61 of your Complaint.

10

**RESPONSE:**

Plaintiff objects on the basis of the following General Objections: 2. Plaintiff further objects that the request is inappropriate for an Interrogatory and the information requested would be more appropriately obtained at a deposition. Plaintiff further objects that the Interrogatory seeks information that goes beyond that permitted by the Local Civil Rules of the Southern District of New York.

Dated: January 30, 2023
      New York, New York

**WIGDOR LLP**

By: _____
David E. Gottlieb

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dgottlieb@wigdorlaw.com

*Counsel for Plaintiff*

## VERIFICATION

I, Rinat Hafizov, solemnly affirm, pursuant to the laws of the United States and the Commonwealth of New York, and under the penalty of perjury and upon personal knowledge, that the Answers to the foregoing interrogatories are true and complete.

02/02/2023 | 5:45 PM EST
Date

By: *Rinat Hafizov*
DocuSigned by:
2A9D32D35258459