# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
RINAT HAFIZOV,

                             Plaintiff,

        v.

BDO USA, LLP, JANET BERNIER and
MATTHEW DYMENT, in their individual and
professional capacities,

                             Defendants.
-----------------------------------------------------------------X

Civil Action No.: 1:22-cv-08853 (JPC)

## PLAINTIFF'S RULE 26(a) INITIAL DISCLOSURES

Plaintiff Rinat Hafizov ("Plaintiff"), by and through his undersigned counsel, hereby submits the following disclosures pursuant to Fed. R. Civ. P. 26(a)(1) to Defendants BDO USA, LLP ("BDO" or the "Company"), Janet Bernier and Matthew Dyment (collectively, "Defendants").

**Disclosure A:** The name and, if known, the address and telephone number of each individual likely to have discoverable information that may support Plaintiff's claims, identifying the subjects of the information.

**Response to Disclosure A:**

Plaintiff has yet to engage in discovery and, therefore, is not fully aware of information possessed by certain individuals, and/or the identity of all relevant individuals. Subject to the foregoing, and in an effort to comply with Fed. R. Civ. P. 26(a)(1), as well as reserving Plaintiff's right to supplement this disclosure and/or to rely on any individuals disclosed by Defendants, Plaintiff identifies the following individuals:

1. <u>Rinat Hafizov</u>
   c/o Wigdor LLP

1

2. Janet Bernier. Ms. Bernier, as a Defendant, has knowledge and information regarding Plaintiff's employment, the allegations in the Complaint and Defendants' defenses.

3. Matthew Dyment. Mr. Dyment, as a Defendant, has knowledge and information regarding Plaintiff's employment, the allegations in the Complaint and Defendants' defenses.

4. Nicholas Montorio. Mr. Montorio has information regarding the allegations in the Complaint and Defendants' stated defenses.

5. Tenielle Comerford. Ms. Comerford has information regarding the allegations in the Complaint and Defendants' stated defenses.

6. Amanda Turcott. Ms. Turcott has information regarding the allegations in the Complaint and Defendants' stated defenses.

7. Shannon Ford. Ms. Ford has information regarding the allegations in the Complaint and Defendants' stated defenses.

8. Katrina Maranan. Ms. Maranan has information regarding the allegations in the Complaint and Defendants' stated defenses.

9. Kristen Fasano. Ms. Fasano has information regarding the allegations in the Complaint and Defendants' stated defenses.

10. Tracy Ejerkhile. Ms. Ejerkhile has information regarding the allegations in the Complaint and Defendants' stated defenses.

11. Steve Oldroyd. Mr. Oldroyd has information regarding the allegations in the Complaint and Defendants' stated defenses.

12. Rocky Cummings. Mr. Cummings has information regarding the allegations in the Complaint and Defendants' stated defenses.

13. Dennis Sweeney. Mr. Sweeney has information regarding the allegations in the Complaint and Defendants' stated defenses.

14. Eleni Lagos. Ms. Lagos has information regarding the allegations in the Complaint and Defendants' stated defenses.

15. Other employees of BDO to be determined.

**Disclosure B:** A copy of, or description by category and location, of all documents, electronically stored information, and tangible things that are in Plaintiff's possession, custody, or control that Plaintiff may use to support his claims.

**Response to Disclosure B:**

Plaintiff has yet to engage in discovery and, therefore, is not in possession of all documents, data compilations, and tangible things that may be used to support his claims. Many of the documents pertaining to Plaintiff's claims are in the possession of Defendant BDO. Subject to the foregoing, and reserving Plaintiff's right to supplement this disclosure, and to rely upon documents, data compilations, and other tangible things disclosed by Defendants, and in an effort to comply with Fed. R. Civ. P. 26(a)(1), Plaintiff identifies the following documents:

1. Documents concerning the terms and conditions of Plaintiff's employment;

2. Documents concerning the Defendant BDO's employment-related records policies and/or practices;

3. Documents concerning employment actions by Defendants regarding Plaintiff and/or other BDO employees;

4. Communications regarding Plaintiff's employment with BDO;

5. Performance reviews, job evaluations, and/or feedback;

6. Documents related to other employees who have been discriminated and/or retaliated against by BDO and/or Ms. Bernier;

7. Documents concerning Plaintiff's efforts to mitigate his damages;

8. Documents regarding Janet Bernier's treatment of other employees, including but not limited to Denis Sweeney,

9. Documents regarding BDO's post-termination retaliatory treatment of Plaintiff and others, and

10. Other documents regarding the allegations in the Complaint.

Plaintiff reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) and to rely on documents identified and/or produced by Defendants.

3

**Disclosure C:** A computation of any category of damages claimed by Plaintiff, making available for inspection and copying as under Fed. R. Civ. P. 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**Response to Disclosure C:**

Plaintiff has yet to engage in discovery and, therefore, is not fully aware of information responsive to this disclosure. In addition, Plaintiff is not in possession of all documents required to calculate economic damages and such damages will change over the course of discovery and the litigation. Subject to the foregoing, and in an effort to comply with Fed. R. Civ. P. 26(a)(1), the following are the categories of damages that Plaintiff will be seeking:

1. Back wages in an amount to be determined at trial.

2. Front pay in an amount to be determined at trial.

3. An amount to be determined at trial to compensate Plaintiff for compensatory damages, including but not limited to, compensation for emotional distress and emotional pain and suffering.

4. An award of punitive damages in an amount to be determined at trial.

5. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law.

**Disclosure D:**  For inspection and copying as under Fed. R. Civ. P. 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**Response to Disclosure D:**

    Not applicable.

Dated: February 9, 2023
       New York, New York                        **WIGDOR LLP**

                                                            By: _____/s/_____
                                                                        David E. Gottlieb

                                               85 Fifth Avenue
                                               New York, NY 10003
                                               Telephone: (212) 257-6800
                                               Facsimile: (212) 257-6845
                                               dgottlieb@wigdorlaw.com

                                               *Counsel for Plaintiff*