```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  11/14/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
RINAT HAFIZOV,                                     :
                                                   :
                              Plaintiff,           :
                                                   :
            - against -                            :
                                                   :
BDO USA, LLP, et al,                               :
                                                   :
                              Defendants.  :
---------------------------------------------------------------X

22-CV-8853 (JPC) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves Defendants' motions at Dkts. 128, 132, and 133 for reconsideration of this Court's October 16, 2023 order at Dkt. 125 quashing subpoenas to former and current employers of non-party Sweeney.  With one exception, Defendants do not raise any new arguments, law, or facts that were not or could not have been presented earlier and thus do not provide a basis for reconsideration.  The exception is that the Court agrees that there is a seeming inconsistency with respect to the statement that "the parties and the Court have an interest in not expending resources on material, such as the documents sought, that would be off limits even if Sweeney were the Plaintiff" (Dkt. 125) and this Court's earlier order permitting limited discovery of information from Plaintiff's former employers.  If Sweeney were Plaintiff, limited discovery from his former employers would not **necessarily** be off limits.  Accordingly, the categorial statement to the contrary in Dkt. 125 is withdrawn.

Nonetheless, Sweeney is not the Plaintiff, and the discovery sought from former employers with respect to Sweeney as a non-party, as things stand, is not proportional to the needs of the litigation, and the potential relevance to Sweeney's credibility is outweighed by the prejudice, recognized by courts, that may ensue from the mere act of

1

seeking discovery from former employers.  The order to quash thus stands but with one modification:   The decision is **_without prejudice_** to a later application following Sweeney's deposition in the event that his testimony materially alters the balance of factors.  To be clear, Defendants may ask Sweeney questions about the issues raised by Defendants, including Sweeney's employment at Ryan LLC and alleged solicitation of clients and adherence to his agreements with BDO.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 128, 132, and 133.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: November 14, 2023
         New York, New York

Copies transmitted this date to all counsel of record.