Andrew Greiner

███████████
███████████████████████

November 30, 2023

<u>Via Email to Temporary_Pro_Se_Filing@nysd.uscourts.gov</u>

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18D
New York, NY 10007

   Re: Hafizov v. BDO USA, LLP, et al.; Case No.: 1:22-cv-08853 (JPC)(RWL)

<u>**WITNESS'S MOTION TO SEAL CERTAIN DOCUMENTS**</u>

Dear Judge Lehrburger:

 I am a witness in the above-referenced matter. I am writing to respectfully submit this Motion to Seal Certain Documents.

**I.** <u>**Specific Documents to Seal**</u>

 I respectfully request that the Court order the following documents be permanently sealed in their entirety from public access only and with CM/ECF access permitted to the litigants' counsel:

- Document 89, "Affidavit of Janet Bernier in Support of Defendant's Surreply to Plaintiff's Motion to Compel", filed July 18, 2023, by Defendants BDO USA, P.C. ("BDO"), Janet Bernier, and Matthew Dyment (together, the "Defendants"); and

- This Motion.

 I also respectfully request that the Court order that, if any party wishes to file any future documents that address the same subject matter of this Motion, such party must either (1) file such documents under seal or (2) if filing without sealing, obtain my consent prior to filing.

**II.** <u>**Facts**</u>

████████████████████████████████████
███████████████████

 I am a tax attorney and a CPA. I was employed by BDO during 2018. During my employment, I disclosed my disability to my supervisor, Janet Bernier, and requested certain accommodations under the ADA.

I was also previously employed by the Defendants' attorneys, McDermott Will & Emery LLP ("McDermott"), from 2015 to 2017. During that employment, ███████████████████████████████████████████████████

Document 89, which was filed by McDermott and consists of a declaration by Ms. Bernier, contains the following statements (emphasis added):

- ███████████████████████████████████████████████████

- ███████████████████████████████████████████████████

Neither Document 89 nor this Motion involve dispositive issues in this matter, and I am not a party to this matter.

### III.   Law

####   i.   Legal Standard – Nonparty Witness Requests to Seal

"In considering whether to grant a motion to seal, there is a 'presumption in favor of the public's access to judicial records,' and the decision whether to order judicial records sealed is committed to the sound discretion of the district court, which must 'balance the public's common-law right of access against the interests favoring nondisclosure.'" *Equal Employment Opportunity Commission v. Faurecia Automotive Seating, LLC*, No. 4:16-CV-00199-DMBJMV, 2017 WL 564051, at *1 (N.D. Miss. Feb. 10, 2017) (quoting *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848-49 (5th Cir. 1993)). "However, 'because the public's interest in nondispositive matters is relatively low, a party seeking to seal a document attached to a nondispositive motion or outcome need only demonstrate good cause.'" *Faurecia Automotive Seating, LLC*, 2017 WL 564051, at *1 (quoting *360 Mortg. Grp., LLC v. Bivona-Truman*, No. 1:14-cv-847, 2016 WL 7616575, at *1 (W.D. Tex. May 24, 2016) (collecting cases)).

… [T]he interest in protecting the sensitive, personal information pertaining to the health of [a] nonparty … witness outweighs the public's interest in access to … records filed in connection with [a] nondispositive procedural motion.

… [When] requiring [partial] redactions would only result in additional disputes requiring court intervention to decide which portions should and should not be redacted, … the subject documents [should] be sealed in their entirety.

… [When a] requested sealing [is] limited to sealing from public access only and with CM/ECF access permitted to the litigants' counsel, [such sealing is sufficiently] narrowly tailored … .

*Sensory Path Inc. v. Fit and Fun Playscapes LLC, et al.*, No. 3:19CV219-GHD-RP, Doc. 202 (N.D. Miss. Jul. 18, 2022) (Order Granting Motion to Seal Certain Documents).

### ii. Sealing of Sensitive Medical Information

"The need to protect sensitive personal and medical information is among those that courts have found to justify nondisclosure." *Williams v. Luminator Holdings, LP*, No. 3:12-CV-2975-M, 2012 WL 5878370, at *2 (N.D. Tex. Nov. 21, 2012), citing *Abbey v. Hawaii Employers Mut. Ins. Co. (HEMIC)*, 760 F.Supp.2d 1005 (D.Haw.2010), *on reconsideration in part* (Feb. 7, 2011) (finding that protecting medical privacy satisfied the "compelling" reason standard governing motions to seal in the Ninth Circuit); *Lombardi v. TriWest Healthcare Alliance Corp.*, CV 08–02381, 2009 WL 1212170, at *1 (D.Ariz. May 4, 2009) (same); *USA v. Pella*, No. 2:06–mj06RJJ, 2012 WL 5287898, at *1 (D.Nev. Oct. 24, 2012) (same); *see also*, *Lima v. Wagner*, No. 3:16-CV- 00074, 2018 WL 11198080, at *2 (S.D. Tex. Oct. 24, 2018) ("The public has no need for access to documents that describe Lima's mental health condition and he possesses a strong privacy interest in keeping the details of his mental health condition confidential.").

### iii. Confidentiality Requirement Under the ADA and the Rehabilitation Act

The Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq., "was amended to provide that the standards used to determine whether nonaffirmative action employment discrimination has occurred shall be the standards applied under Title I of the ADA." *Bennett v. Potter*, EEOC Appeal No. 0120073097 (Jan. 11, 2011) (citing *Valle*, EEOC Request No. 05960585).

> …[Title I of the ADA] requires that all information obtained regarding the medical condition or history of an applicant or employee must be maintained on separate forms and in separate files and must be treated as confidential medical records. 42 U.S.C. §§ 12112(d)(3)(B), (4)(C); 29 C.F.R. § 1630.14. These requirements also extend to medical information that an individual voluntarily discloses to an employer. *See* EEOC Enforcement Guidance on Disability-Related Inquiries and Medical Examinations of Employees under the Americans with Disabilities Act (ADA), No. 915.002, at 4 (July 26, 2000) (Guidance I). The confidentiality obligation imposed on an employer by the ADA remains regardless of whether an applicant is eventually hired or the employment relationship ends. *See* ADA Enforcement Guidance: Preemployment Disability-Related Questions and Medical Examinations, at 18 (October 10, 1995) (Guidance II). These requirements apply to confidential medical information from any applicant or employee and are not limited to individuals with disabilities. *See Higgins v. Dep't of the Air Force*, EEOC Appeal No. 01A13571 (May 27, 2003); *Hampton v. U.S. Postal Serv.*, EEOC Appeal No. 01A00132 (Apr. 13, 2000).
>
> The ADA and its implementing regulations list the following limited exceptions to the confidentiality requirement: supervisors and managers may be informed regarding necessary restrictions on the work or duties of the employee and necessary accommodations; first aid and safety personnel may be informed, when appropriate, if the disability might require emergency treatment; and government officials investigating compliance with this part shall be provided relevant

information on request. 42 U.S.C. §§ 12112(d)(3)(B), (4)(C); 29 C.F.R. § 1630.14; Guidance I at 4. The Commission has also interpreted the ADA to allow employers to disclose medical information to state workers' compensation offices, state second injury funds, workers' compensation insurance carriers, and to health care professionals when seeking advice in making reasonable accommodation determinations. Guidance I at 4 n.10. Additionally, employers may use medical information for insurance purposes. *Id.*

[Under this standard, it is] imprope[r for an employer to disclose an employee's] … confidential medical information [pursuant to a discovery request in a civil action, even if] in response to [a] subpoena issued by [a federal district court]. Although not all medically-related information falls within the confidentiality provision, "documentation or information concerning an individual's diagnosis is without question medical information that must be treated as confidential except in those circumstances described in 29 C.F.R. Part 1630." *Lampkins v. U.S. Postal Serv.*, EEOC Appeal No. 0720080017 (Dec. 8, 2009) (citations omitted). As noted above, the ADA only allows for the release of an applicant or employee's medical information in limited circumstances. A request for an employee's medical records pursuant to a discovery request in a civil action would not fit into one of the exceptions to the ADA's confidentiality requirement. Therefore, we find that the Agency's release of Complainant's confidential medical information constituted a violation of the Rehabilitation Act. *See also Griffin v. Dep't of Homeland Sec.*, EEOC Appeal No. 0120073832 (May 15, 2009) (finding that the Agency violated the Rehabilitation Act when management officials discussed Complainant's medical information in a public chat forum); *Higgins*, EEOC Appeal No. 01A13571 (finding a violation of the Rehabilitation Act when the Agency placed confidential medical information from a physician documenting Complainant's diagnosis in a non-medical work file).

[The fact that] the release of [an employee's] medical information was required by legal compulsion [is not sufficient]. … [A]lthough the ADA allows an employer to comply with the requirements of another federal statute or rule, even if that statute or rule conflicts with the requirements of the ADA, 29 C.F.R. § 1630.15(e), it is not a valid defense to argue that [disclosures] were required by … law, unless the challenged confidentiality breach falls within one of the exceptions enumerated above or is otherwise permitted by the ADA. … [T]he Privacy Act allows for disclosure of an individual's records "pursuant to the order of a court of competent jurisdiction," 5 U.S.C. § 552a(b)(11), but this exception does not apply [if] the … subpoena … did not qualify as an "order" for purposes of the Act. *See also Doe v. DiGenova*, 779 F.2d 74, 85 (D.C. Cir. 1985) (holding that subpoenas "do not qualify as 'order[s] of a court of competent jurisdiction' under 5 U.S.C. § 552a(b)(11), unless they are specifically approved by a court"). … [T]he fact that [a party] was not aware that [it] was precluded under the Rehabilitation Act from providing … medical information in [in the course of discovery] does not excuse the [party] from liability for a violation.

*Id.*

IV. **Analysis**

Sealing of the requested documents is necessary to protect against the public disclosure of my sensitive personal and medical information. Document 89 and this Motion contain references to my sensitive medical information. ███████████████████████████████, this information is extremely sensitive and should not subject to public access. Moreover, I am not a party to this action, and my personal medical information is not a dispositive issue in this case, requiring only a showing of good cause to merit protection. As demonstrated by the above-quoted authorities, my medical information clearly meets the standard for good cause and should be protected from public scrutiny.

V. **Conclusion**

For the foregoing reasons, I respectfully request that the Court enter an order placing Document 89 and this Motion under seal from public view, inspection, and disclosure, and that the contents of these filings only be made available to the Court, the Clerk of the Court, Counsel of Record, and the parties hereto.

**RESPECTFULLY SUBMITTED**, this the 30th day of November, 2023.

*/s/ Andrew J. Greiner*
_____
Andrew Greiner

█████████
████████████████
████████████