

mwe.com

Lindsay F. Ditlow
Attorney at Law
lditlow@mwe.com
+1 212 547 5425

December 13, 2023

**VIA ECF**

Magistrate Judge Lehrburger
The Honorable Robert W. Lehrburger
United States District Court Southern District of New York
500 Pearl Street, Courtroom 18D
New York, NY 10007

**Re:**   *Hafizov v. BDO USA, LLP, et al.*; Case No.: 1:22-cv-08853 (JPC) (RWL)

Dear Magistrate Judge Lehrburger:

Defendants BDO USA, P.C. ("BDO"), Janet Bernier, and Matthew Dyment (together, the "Defendants") respectfully submit this pre-motion conference letter pursuant to Section III(D) of Your Honor's Individual Rules in anticipation of a proposed motion to extend the discovery deadlines set forth below. Defendants propose the following revised dates:

|  | **Current Deadline[1]** | **Proposed Deadline** |
|---|---|---|
| Selected Fact Discovery | 11/15/2023 | 1/31/2024 |
| Any Affirmative Expert Disclosures | 11/29/2023 | 2/14/2024 |
| Any Responsive Expert Disclosures | 12/15/2023 | 2/28/2024 |
| All Expert Discovery | 1/2/2024 | 3/13/2024 |
| Joint Status Letter to the Court | 1/9/2024 | 3/20/2024 |

As Your Honor knows, counsel for the Parties have been conferring on proposed ESI search terms pursuant to Plaintiff Rinat Hafizov's ("Plaintiff" or "Hafizov") discovery requests to BDO.  *See* Dkt. No. 146.  Even based on those terms the Parties have agreed to, notwithstanding the ones the parties continue to dispute,[2] these electronic document searches will require Defendants and their counsel to review thousands of pages of documents prior to production and further to appropriately designate or redact the documents, depending on the confidential nature of the documents or the inclusion of client sensitive information.  This discovery task alone will take about a month to complete, if not longer.

Additionally, as Your Honor knows, the Parties have been involved in numerous discovery disputes

---

[1] The deadlines are based on the Court's July 31, 2023 Scheduling Order.  *See* Dkt. No. 97.

[2] Counsel for the Parties plan to file a joint submission outlining any terms to which the parties have not agreed, along with the terms to which the parties have agreed, pursuant to the Court's November 21, 2023 Order today.  *See* Dkt. No. 146.



One Vanderbilt Avenue  New York NY 10017-3852  Tel +1 212 547 5400  Fax +1 212 547 5444

US practice conducted through McDermott Will & Emery LLP.

throughout the course of discovery. Most recently, Your Honor ruled on Defendants' pre-motion letter to compel the discovery of Plaintiff's medical and psychiatric documentation, documentation that Defendants believed would be crucial to both impeaching Plaintiff's credibility and as a witness and rebutting several of Plaintiff's claims, including his counsel's argument that Plaintiff's racist, homophobic, and anti-Semitic behavior was caused by his mental health and/or substance abuse issues. *See* Dkt. No. 121. Defendants hoped to secure this material prior to Plaintiff's deposition, as much of this information and documentation could be directly relevant to cross-examining Plaintiff regarding several of his allegations as well as his aggressive and erratic behavior that formed a partial basis for his termination. In their opposition to this motion, Plaintiff's counsel specifically requested oral argument on the matter. *See* Dkt. No. 123.

On October 19, 2023, the Court set a discovery hearing date regarding Defendants' motion to compel discovery for November 3, 2023. *See* Dkt. No. 126. Notably, this was *before* the existing fact discovery end date. However, due to a medical procedure by Plaintiff's lead counsel, Plaintiff requested to adjourn the discovery hearing on October 31, 2023, which Defendants consented to. *See* Dkt. No. 130. The Court granted the adjournment in accordance with Plaintiff's request. *See* Dkt. No. 134.[3] As such, the discovery hearing resolving Defendants' motion to compel discovery of Plaintiff's medical documentation did not take place until one week ago on December 5, 2023 (i.e., *after* the November 15, 2023 fact discovery date). *See* Dkt. No. 150.

Defendants could not and would not have deposed Plaintiff prior to the conclusion of the medical documentation issue, the resolution of which was understandably delayed as a result of Plaintiff's adjournment request. Now armed with the understanding that Plaintiff does not intend to bring his mental health into issue during his deposition or at trial, Defendants would like to move forward with deposing Plaintiff. Because Plaintiff is "the crucial witness" to his claim of discrimination, it is crucial that Defendants be afforded the opportunity to depose Plaintiff prior to the resolution of discovery in this matter. *See Vichare v. AMBAC Inc.*, 106 F.3d 457, 468 (2d Cir. 1996).

Defendants intended to meet and confer in good faith with Plaintiff's counsel on the issue of additional fact discovery following the December 5, 2023 hearing and during the ESI meet and confer, as the permitted scope of the ESI searches would also further dictate the amount of time needed to complete fact discovery. However, despite Plaintiff's clear attempts to obtain additional discovery from Defendants beyond November 15, 2023, they refused to reach an agreement on such an extension. Notwithstanding Plaintiff's obstinance, there is clear outstanding fact discovery being sought by both Parties. Accordingly, Defendants respectfully request an extension of the discovery periods as set forth above.[4]

Moreover, Defendants request is narrowly tailored and only for the limited purposes of: (i) Defendants'

---

[3] Defendants did not request a discovery extension at this time, because it was not yet known whether Defendants would be permitted to discover relevant medical documentation from Plaintiff and/or serve subpoenas upon Plaintiff's medical providers, which would affect the timeframe of the anticipated requested extension.

[4] Plaintiff's refusal to consent to an extension of discovery, which was first necessitated by Plaintiff's adjournment request, while simultaneously requesting that Defendants search thousands of documents in response to their ESI search proposal, is the height of hypocrisy.



Magistrate Judge Lehrburger
December 13, 2023
Page 3

production of the ESI related documents as agreed upon by the Parties' search terms or otherwise ordered by the Court; and (ii) for the deposition Plaintiff Rinat Hafizov. Plaintiff's counsel has represented that they do not intend to seek any additional fact discovery or depositions. Accordingly, we believe an extension is only needed through January 31, 2024, which will in no way prejudice either party or unduly delay the proceedings in this matter. *See Polidora v. D'Agostino & Assocs.*, No. 19CV1290AJNBCM, 2021 WL 11705833, at *3 (S.D.N.Y. Sept. 16, 2021) (granting party's request to reopen fact discovery over opposing party's objection, where trial was not imminent, opposing party would not be unduly prejudiced by the delay, and the discovery sought would likely lead to relevant evidence).

Federal Rule of Civil Procedure 16(b)(4) permits the Court to modify a scheduling order upon a showing of "good cause." *Id.* In the present matter, "good cause" exists to extend fact discovery in order to allow the parties the time to complete the additional discovery outlined herein and for the reasons set forth herein.

Respectfully,

Lindsay F. Ditlow

cc: All counsel (via ECF)

