

**Monica Hincken**
mhincken@wigdorlaw.com

December 13, 2023

**VIA ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18D
New York, NY 10007

  Re: Rinat Hafizov v. BDO USA, LLP, *et al.*; Case No.: 1:22-cv-08853 (JPC) (RWL)

Dear Judge Lehrburger:

We represent Plaintiff Rinat Hafizov and write in response to Defendants' pre-motion conference letter to extend the discovery deadlines.  See Dkt. No. 154.  Defendants engaged in "law office failure" by completely disregarding the discovery end date, and have failed to establish any good cause.  Defendants' misrepresentation to the Court about their mistake should also not be permitted.

**I. Defendants' Attempt to Create a Post-Hoc Rationale for Law Office Failure Misrepresents the Facts**

Last week, on December 8, 2023, during the Parties' first Court-ordered meet and confer regarding the Electronically Stored Information ("ESI") protocol, Plaintiff's counsel asked when Defendants were available to have an in-person meeting to discuss the possibility of settlement pursuant to the Case Management Plan and Scheduling Order ("CMP").  See Dkt. No. 43.  This conversation is required under § 11 of the CMP.  Defendants were completely unaware that discovery closed on November 15, 2023.  Defense counsel **admitted on the call that they were unaware** and stated that they believed that fact discovery closed on January 2, 2024 (which is actually the close of expert discovery).  This law office failure is astounding given the active docket in this matter and the sheer number of discovery disputes in which the Parties have engaged.

During the second meet and confer, on December 11, 2023, Defendants' counsel took a new position—they claimed that because discovery closed, they are not required to produce any additional documents, nor discuss the ESI protocol even though there was a Court Order in place.  Plaintiff's counsel pointed out that the Parties were under Court Order to submit a joint letter about the ESI protocol and attempted to continue discussing the search terms at issue.  Defendants' counsel continued to argue that they would not spend the time they should be



spending on summary judgment reviewing documents and handling discovery. Plaintiff's counsel explained that the ESI dispute was raised long before the close of fact discovery and had only been delayed because Plaintiff's counsel were forced to repeatedly seek Court intervention.[1]

Despite Defendants' admission to Plaintiff's counsel, Defendants have nonetheless represented to this Court that they did not request a discovery extension prior to the close of fact discovery because they did not yet know whether they would be permitted to obtain Plaintiff's medical documentation. Defendants also contend that they intended to meet and confer in good faith on the issue of additional fact discovery after the December 5, 2023 hearing. Both of these assertions are unsupportable. *Defendants did not seek an extension of discovery because they were unaware of the discovery deadline*.

Further, the argument that Defendants were waiting until the Court ruled on Defendants' motion to compel Plaintiff's medical records before filing a motion to extend discovery is also unavailing given that the Court made its ruling on December 5, 2023 and Defendants failed to file a motion to extend discovery until December 13, 2023. Finally, Defendants altogether failed to serve a notice of deposition for Plaintiff Rinat Hafizov at any time, either before or after the Court's ruling on his medical records.

## II.     Defendants' Request for a Discovery Extension Fails to Meet the "Good Cause" Standard

The Honorable John P. Cronan's So-Ordered Case Management Plan states: "This Order may not be modified or the dates herein extended, except by further Order of this Court for **good cause shown**. Any application to modify or extend the dates herein (except as provided in paragraph 6(f) and 7(d)) shall be made in a written application in accordance with Court's Individual Rules and Practices in Civil Cases and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended." (emphasis added); see also Fed. R. Civ. P. 16(b)(4). "The Rule 16(b)(4) 'good cause' inquiry is primarily focused upon the diligence of the movant in attempting to comply with the existing Scheduling Order and the reasons advanced as justifying that Order's amendment. Ramchandani v. CitiBank Nat'l Ass'n, 616 F. Supp. 3d 353, 357 (S.D.N.Y. 2022). The burden of demonstrating good cause rests with the movant. Id. "In determining whether a party has been diligent, courts consider what

---

[1]     As the record reflects, Plaintiff's counsel has actively pursued the discovery at all points. Indeed, Plaintiff's first ESI discovery motion was filed on May 19, 2023. See Dkt. No. 50. As this Court undoubtedly knows, Plaintiff has filed multiple letter motions seeking the Court's assistance in requiring Defendants to comply with discovery. See Dkt. No. 96 (explaining that Defendants' refusal to use Plaintiff's proposed search terms and provide a hit report resulted in motion practice related to the scope of discovery, and therefore, the conversation concerning the ESI protocol had to be held in abeyance while the parties awaited a ruling on the motions to compel); see also Dkt Nos. 102, 105, 136.



information the party knew, or should have known, in advance of the deadline sought to be extended." Smith v. Bradt, 329 F.R.D. 500, 505 (W.D.N.Y. 2019), quoting Lopez v. Ramos, 2013 WL 6912692, at *3 (S.D.N.Y. 2013).

In addition to being unable to demonstrate a valid reason to extend discovery, Defendants' failure to seek Court intervention until one month after the close of fact discovery further demonstrates a lack of diligence.  See Tatintsian v. Vorotyntsev, No. 1:16 Civ. 7203 (GHW), 2021 WL 780139, at *5 (S.D.N.Y. Jan. 27, 2021) (holding that failure to seek court intervention until six weeks after the close of discovery demonstrates a lack of diligence).  Defendants also waited almost a full week after they were on notice of the deadline being missed, apparently using that time to craft a false narrative about why the deadline was ignored.

It is clear that Defendants cannot meet their burden to demonstrate good cause.  Indeed, under the law, "law office failure does not constitute good cause."  See e.g. Benites v. New York Dep't of Corr. & Cmty. Supervision, No. 21 Civ. 06863 (CM), 2023 WL 1966181, at *3 (S.D.N.Y. Feb. 13, 2023) (citing Ping Chen ex rel. U.S. v. EMSL Analytical, Inc., 966 F. Supp. 2d 282, 306 (S.D.N.Y. 2013); see also Carl v. City of Yonkers, No. 04 Civ. 7031 (SCR), 2008 WL 5272722, at *6 (S.D.N.Y. Dec. 18, 2008), aff'd, 348 F. App'x 599 (2d Cir. 2009).  "An attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause." Ping Chen ex rel. U.S., 966 F. Supp. 2d at 306.

Finally, Defendants completely misrepresent that Plaintiff does not desire to take depositions.  Contrary to Defendants' neglect, Plaintiff's counsel made a deliberate and calculated decision to refrain from taking depositions if and only if Defendants chose not to take depositions.  However, if Defendants are granted an extension to take Plaintiff's deposition—which they should not be—Plaintiff should be permitted an opportunity to take depositions as well.  Plaintiff anticipates taking at least six depositions.  Therefore, if an extension is granted, it should build in sufficient time for those depositions, which would be through the end of February 2024.

### III.   Conclusion

Defendants' late request is the result of law office failure—plain and simple.  Defendants' attempt to create a post-hoc rationale and justification for their requested extension almost one month after discovery closed should not be granted.

Respectfully submitted,

*Monica Hincken*
Monica Hincken

Cc:     All counsel of record (*via* ECF)