

**David E. Gottlieb**
dgottlieb@wigdorlaw.com

February 14, 2024

**VIA ECF**

The Honorable Robert W. Lehrburger
Southern District of New York
500 Pearl Street, Courtroom 18D
New York, NY 10007

    Re:    Rinat Hafizov v. BDO USA, LLP, *et al.*; Case No.: 1:22-cv-08853 (JPC) (RWL)

Dear Judge Lehrburger:

We represent Plaintiff Rinat Hafizov with respect to his claims against Defendants BDO USA, LLP, Janet Bernier and Matthew Dyment. We write to respectfully request a 60-day extension of fact discovery from Thursday, February 29, 2024 to Monday, April 29, 2024 for the limited purposes of reviewing Defendants' latest document production and taking outstanding depositions. Defendants do not consent to Plaintiff's application. The reason for this request is that just last week, with only three weeks left in discovery and numerous depositions about to begin, Defendants gave us a "document dump" of 75,000 pages.

On December 18, 2023, the Court ordered Defendants to produce documents pursuant to specific ESI search terms. See Dkt. No. 160. In the interim, while we were waiting for the documents, we began to coordinate with Defendants to schedule an array of depositions, including parties and non-parties. However, we flagged for Defendants that the deposition dates were placeholders because Plaintiff was still waiting for Defendants' additional document production. Weeks went by and no document production came. We still tried to create a deposition schedule (for the nine likely deponents) because based on Defendants' previous representations that there would not be a high volume of relevant or responsive documents from the ESI search terms, we were hopeful any such eventual production would be modest and could be reviewed quickly. Late in the day on Wednesday, February 7, 2024, Plaintiff received Defendants' document production which appeared to be extremely large—we promptly engaged a vendor to upload the documents into an e-discovery platform which would help us determine the total volume of the production. A supplemental production was then made to us later last week. By Monday, February 12, 2024, we had the material fully uploaded onto our e-discovery platform and we were able to determine it consisted of approximately 70,000 documents, 5,000 "withheld" documents (which are fully redacted) and a lengthy privilege log.

As depositions were scheduled to begin as soon as next week and Defendants never informed us that the volume would be anything resembling this when we were scheduling depositions, we



Hon. Robert W. Lehrburger
February 14, 2024
Page 2

asked Defendants if they would consent to a discovery extension.  Defendants refused.  That is, despite the fact that it took Defendants approximately two months to review and produce this volume of documents, they refused to consent to anything resembling a reciprocal time for us to review these materials in advance of depositions.  Moreover, Defendants acknowledged in their email to us that they knowingly produced thousands of documents that are "plainly irrelevant"—meaning the documents were seemingly produced without regard to relevance or responsiveness.  This is what is classically called a "document dump" which is tactically intended to create difficulty for an adversary.[1]  Also, even though Defendants' review took approximately two months, Defendants flippantly told us that in their opinion the documents "should not take significant time to review."

Due to the recent large production that requires Plaintiff's review prior to taking depositions (as well as the need to coordinate convenient deposition dates for party and non-party witnesses, and to accommodate any personal and/or religious accommodations),[2] Plaintiff requests a 60-day extension of fact discovery.  This request is reasonable given that it provides Plaintiff with a comparable amount of time to review discovery that Defendants had to review the same quantity of documents.  Moreover, we respectfully note that Defendants were given additional time to complete discovery when they previously disregarded the Court-ordered deadline.  At the time, Plaintiff sought to ensure that whatever extension was provided, that it was sufficient for Plaintiff to have time to review the eventual document production and take depositions—and Plaintiff estimated that extending discovery to the end of February would suffice.  For the reasons stated above, the 11 business days remaining in February are insufficient and Plaintiff respectfully requests an extension to April 29, 2024.  This is the third request for a discovery extension in this action.[3]

We thank the Court for its consideration and attention to this matter.

Respectfully submitted,

David E. Gottlieb

Cc:    All counsel of record (*via* ECF)

---

[1]    As defined by Wikipedia, a "document dump" is:

is the act of responding to an adversary's request for information by presenting the adversary with a large quantity of data that is transferred in a manner that indicates unfriendliness, hostility, or a legal conflict between the transmitter and the receiver of the information. The shipment of *dumped* documents is unsorted, or contains a large quantity of information that is extraneous to the issue under inquiry, or is presented in an untimely manner, or some combination of these three characteristics.

See https://en.wikipedia.org/wiki/Document_dump.

[2]    The Passover and Easter holidays will take place during the period of this requested extension.

[3]    The first extension was a joint request by the parties, the second request was submitted by Defendants.