```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/21/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

RINAT HAFIZOV,                                    :
                                                  :          22-CV-8853 (JPC) (RWL)
                                Plaintiff,        :
                                                  :
              - against -                         :          **ORDER**
                                                  :
BDO USA, LLP, et al,                              :
                                                  :
                                Defendants.  :

--------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves Plaintiff's request at Dkt. 169 for a 60-day extension of the fact

discovery deadline in light of Defendants' production of approximately 75,000 pages of

ESI discovery two weeks before the expiration of the fact discovery deadline.  Defendants

oppose the request at Dkt. 170 claiming that they repeatedly warned Plaintiff that the

search terms he insisted on would generate thousands of irrelevant hits.

Neither party can claim pristine conduct here.   Plaintiff's letter application

references previous extensions of discovery granted by the Court but does not mention

that the last such extension clearly warned that "[t]here shall be no further extensions

absent extraordinary circumstances." (*See* Dkt 156.)  That is a significant omission, and

Plaintiff has not argued, at least not explicitly so, that extraordinary circumstances now

exist.

At the same time, Defendants' argument that Plaintiff got what he asked for is

disingenuous.  Despite acknowledging that Defendants carefully reviewed every single

document produced, they nonetheless produced every document with a "hit" regardless

of whether the document was responsive.  Defendants have not cited to any agreement

by the parties to produce every document with a "hit" rather than to use search terms to

1

collect documents, which then are to be reviewed for responsiveness so that only responsive documents are produced.  To the contrary, the ESI Protocol to which the parties agreed suggests just the opposite as it provides that "[e]ach party shall retain the sole right and ***responsibility*** to conduct the searches of its data and files for relevant and/or responsive ESI."  (Dkt. 159-1 at III(2) (emphasis added).)   It thus appears that, as Plaintiff asserts, Defendants produced a large "document dump" without regard to responsiveness or relevance.  Having done so is hardly trivial; according to Defendants, the vast majority of "hit" documents they produced are irrelevant and nonresponsive "false hits."  (Dkt. 170 at 3.)

It would be highly inequitable for Defendants to take advantage of the Court's firm discovery deadline while having taken approximately two months to collect and review documents, determining that most of the documents are nonresponsive and irrelevant, dumping the entire production on Plaintiff with only two weeks remaining in discovery, and leaving Plaintiff to sift through the documents for the few that are responsive. Defendants complain that they should not have to incur further delay; but, as just described, they could have avoided the problem by culling out the nonresponsive documents.

Accordingly, having considered all the circumstances, the previous extensions of discovery, and the arguments of the parties, the Court finds good cause and hereby extends fact discovery for the final time until April 5, 2024.

The Clerk of Court is directed to terminate the letter motion at Dkt. 169.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: February 21, 2024
         New York, New York

Copies transmitted this date to all counsel of record.